1  Edward Y. Lee (171996)
   edlee@leefieldslaw.com
2  Christopher P. Fields (SBN 174155)
   chrisfields@leefieldslaw.com
3  **LEE & FIELDS, A.P.C.**
   3701 Wilshire Blvd., Ste. 510
4  Los Angeles, CA 90010
   Phone: (213) 380-5858
5
6  Paul R. Kiesel, Esq. (SBN 119854)
   kiesel@kbla.com
7  Patrick DeBlase, Esq. (SBN 167138)
   deblase@kbla.com
8  Michael C. Eyerly, Esq.(SBN 178693)
   eyerly@kbla.com
9  **KIESEL BOUCHER LARSON LLP**
   8648 Wilshire Boulevard
   Beverly Hills, California 90211
10 Phone: (310) 854-4444
   Fax: (310) 854-0812
11

   Jeffrey K. Berns, Esq. (SBN 131351)
   jberns@jeffbernslaw.com
   **LAW OFFICES OF JEFFREY K. BERNS**
   19510 Ventura Boulevard, Suite 200
   Tarzana, California 91356
   Phone: (818) 961-2000; Fax: (818) 867-4820

12 Attorneys for Plaintiff and all Others Similarly Situated

13                                                          *MJJ*

14              **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16

17 DIAN C. LYMBURNER, individually,          CASE NO. **0325**
   and on behalf of others similarly situated  *CV 08*
18                                             **CLASS ACTION COMPLAINT FOR:**
19              Plaintiff,
                                               (1)  **Violations of the Truth in Lending Act, 15 U.S.C. §1601, et seq.;**
20     v.

21 U.S. FINANCIAL FUNDING, INC.,              (2)  **Violation of Bus. & Prof. Code §17200, et seq. – "Unlawful" Business Practices (TILA);**
   a California corporation, and Does 1
22 through 10, inclusive,

23              Defendants.                    (3)  **Violation of Bus. & Prof. Code §17200, et seq. – "Unfair" and "Fraudulent" Business Practices;**
24
25                                             (4)  **Fraudulent Omissions;**
26
27                                             (5)  **Breach of Contract;**
28

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

                                               CLASS ACTION COMPLAINT

                        - 1 -

(6)     **Breach of Covenant of Good Faith and Fair Dealing; and**

(7)     **Violation of Bus. & Prof. Code §17200, et seq. – "Unlawful" Business Practices (Fin. Code §22302)**

**JURY TRIAL DEMANDED**

Plaintiff, DIAN C. LYMBURNER, individually and on behalf of all others similarly situated alleges as follows:

## I.

## INTRODUCTION

1.     This is an action pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, *et seq.*, California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, *et seq.*, and other statutory and common law in effect.  Plaintiff, DIAN C. LYMBURNER, individually, and on behalf of all others similarly situated, bring this action against U.S. FINANCIAL FUNDING, INC., and DOES 1-10 (collectively "Defendants"), based, in part, on Defendant's failure to clearly and conspicuously disclose to Plaintiff and the Class Members, in Defendants Option Adjustable Rate Mortgage ("ARM") loan documents, and in the required disclosure statements, accompanying the loans, (i) the actual interest rate on the note(s) (12 C.F.R. § 226.17); (ii) that payments on the notes at the teaser rate will result in negative amortization and that the principle balance will increase (12 C.F.R. § 226.19); and (iii) that the initial interest rate provided was discounted and does not reflect the actual interest that Plaintiff and the Class members would be paying on the Note(s).

## II.

## THE PARTIES

2.     Plaintiff, DIAN C. LYMBURNER ("Plaintiff") is, and at all times relevant to this Complaint was an individual residing in Rohnert, California.   On or about

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 2 -

November 15, 2006, Plaintiff refinanced her existing home loan and entered into an Option ARM loan agreement with Defendant. The Option ARM loan was secured by Plaintiff's primary residence. Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the Note and Truth and Lending Disclosure Form pertinent to this action.

3.    Defendant, U.S. FINANCIAL FUNDING INC., is and/or was a California corporation licensed to do, and is and/or was doing business in California. At all relevant times hereto U.S. FINANCIAL FUNDING INC., was and is engaged in the business of promoting, marketing, distributing and selling the Option Arm loans that are the subject of this Complaint U.S. FINANCIAL FUNDING INC., transacts business in Sonoma County, California and at all relevant times promoted, marketed, distributed, and sold Option Arm loans throughout the United States, including Sonoma County, California. U.S. FINANCIAL FUNDING INC., has significant contacts with Sonoma County, California, and the activities complained of herein occurred, in whole or in part, in Sonoma County, California.

4.    Defendants, U.S. FINANCIAL FUNDING INC., and DOES 1 through 10, shall hereinafter be referred to collectively as "Defendants."

5.    At all times mentioned herein, Defendants, and each of them, were engaged in the business of promoting, marketing, distributing, and selling the Option ARM loans that are the subject of this Complaint, throughout the United States, including Sonoma County, California.

6.    Plaintiff is informed and believes, and thereon alleges that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

7.    Plaintiff is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein, each of the Defendants (both named and DOE

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 3 -

CLASS ACTION COMPLAINT

1  defendants) sued herein were the agent, servant, employer, joint venturer, partner,
2  division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining
3  Defendants and were at all times acting within the purpose and scope of such agency,
4  servitude, joint venture, division, ownership, subsidiary, alias, assignment, alter-ego,
5  partnership or employment and with the authority, consent, approval and ratification
6  of each remaining Defendant.

7       8.    At all times herein mentioned, each Defendant was the co-conspirator,
8  agent, servant, employee, assignee and/or joint venturer of each of the other
9  Defendants and was acting within the course and scope of said conspiracy, agency,
10  employment, assignment and/or joint venture and with the permission and consent of
11  each of the other Defendants.

12      9.    Plaintiff is informed and believes, and thereon alleges, that Defendants,
13  U.S. FINANCIAL FUNDING INC., and DOES 1-10, and each of them, are, and at all
14  material times relevant to this Complaint, performed the acts alleged herein and/or
15  otherwise conducted business in California.   Defendants, and each of them, are
16  corporations or other business entities, form unknown, have, and are doing business in
17  this judicial district.

18      10.    Plaintiff is informed and believes, and thereon alleges, that DOES 1
19  through 10, inclusive, are securitized trusts, equity funds, collateralized debt
20  obligations (CDO), CDO underwriters, CDO trustees, hedge funds or other entities
21  that acted as additional lenders, loan originators and/or are assignees to the loans
22  which are the subject of this action.   Plaintiff will seek leave of Court to replace the
23  fictitious names of these entities with their true names when they are discovered by
24  Plaintiff herein.

25      11.    The true names and capacities, whether individual, corporate, associate or
26  otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are
27  unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such
28  fictitious names.  Plaintiff alleges, on information and belief, that each Doe defendant

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 4 -

1 is responsible for the actions herein alleged. Plaintiff will seek leave of Court to
2 amend this Complaint when the names of said Doe defendants have been ascertained.

3    12.    Plaintiff is informed and believes, and thereon alleges, that at all times
4 mentioned herein, Defendants, and each of them, including without limitation those
5 Defendants herein sued as DOES, were acting in concert or participation with each
6 other, or were joint participants and collaborators in the acts complained of, and were
7 the agents or employees of the others in doing the acts complained of herein, each and
8 all of them acting within the course and scope of said agency and/or employment by
9 the others, each and all of them acting in concert one with the other and all together.

10

11    **III.**

12    **JURISDICTION AND VENUE**

13    13.    This Court has subject matter jurisdiction pursuant to 15 U.S.C § 1601 *et*
14 *seq*. and 28 U.S.C. § 1331.

15    14.    This Court has personal jurisdiction over the parties in this action by the
16 fact that Defendants are either individuals who reside in this District within California
17 or are corporations duly licensed to do business in California.

18    15.    Venue is proper within this District and Division pursuant to 28 U.S.C.
19 §1391(b) because a substantial part of the events and omissions giving rise to the
20 claims occurred in this district, and because there is personal jurisdiction in this
21 district over the named Defendant because it regularly conducts business in this
22 judicial district.

23

24    **IV.**

25    **FACTS COMMON TO ALL CAUSES OF ACTION**

26    16.    U.S. FINANCIAL FUNDING INC.("Defendant") sells a variety of home
27 loans. The OPTION ARM or adjustable rate mortgages are the loans that are the
28 subject of this Complaint.

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 5 -

CLASS ACTION COMPLAINT

17.    The instant action arises out of residential mortgage loan transactions in which Defendants failed to disclose pertinent information in a clear and conspicuous manner to Plaintiff and the Class members, in writing, as required by law.

18.    This action also concerns Defendants' unlawful, fraudulent and unfair business acts or practices.  Defendants engaged in a campaign of deceptive conduct and concealment aimed at maximizing the number of consumers who would accept this type of loan in order to maximize Defendants' profits, even as Defendants knew their conduct would cause many of these consumers to lose their homes through foreclosure.

19.    Plaintiff, along with thousands of other similarly situated consumers, were sold an Option ARM home loan by Defendants.  The Option ARM loan sold to Plaintiff and the Class is a deceptively devised financial product.  The loan has a variable rate feature with payment caps.  The product was sold based on the promise of a low fixed payment based on a low listed interest rate, when in fact Plaintiff and the Class were charged a different, much greater interest rate than promised.  Further, Defendants failed to disclose, and by omission, failed to inform Plaintiff the fact that Defendant's Option ARM loan was designed to, and did, cause negative amortization to occur.  Further still, once lured into these loans, consumers cannot easily extricate themselves from these loans because Defendants included in these loans a stiff and onerous prepayment penalty making it extremely difficult, if not impossible, for borrowers to extricate themselves from these loans.

20.    The Option ARM loan Defendants sold to Plaintiff and the Class violate the Truth In Lending Act (TILA).  TILA is supposed to protect consumers; it mandates certain disclosures be made by lenders to borrowers concerning the terms and conditions of their home loans.  Defendants failed to make these disclosures in connection with the Option ARM loan sold to Plaintiff and the Class.

21.    At all times relevant, Defendants sold their Option ARM loan product to consumers, including Plaintiff, in a false or deceptive manner.  Defendant's loan

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 6 -

1  documents indicated that the loan would have a very low payment for the first three
2  (3) to five (5) years and there is no indication of negative amortization.  In furtherance
3  of their scheme, Defendants listed a low "teaser" rate in the Note(s) and a low
4  corresponding payment schedule in the TILA Disclosure Statement (hereafter
5  "TILDS") to lure Plaintiff and the Class members into purchasing Defendants' Option
6  ARM loan product.  However, the low "teaser" rate was illusory, a false promise.
7  Plaintiff and others similarly situated did not receive the benefit of the low rate
8  promised to them.  Once signed on to Defendant's loan, the interest rate applied to
9  Plaintiff's and Class members' loans was immediately and significantly increased.

10        22.    Plaintiff and others similarly situated were consumers who applied for a
11  mortgage loan through Defendants.  During the loan application process, in each case,
12  Defendants intended Plaintiff and the Class members to believe that in entering these
13  loan contracts that they would be able to have low mortgage payments.  Defendants
14  initiated this scheme in order to maximize the amount of the loans it sold to
15  consumers and to maximize its profits.

16        23.    Based on the Defendants' representations, and the misconduct alleged
17  herein, Plaintiff and the Class members agreed to finance their primary residence
18  through Defendant's Option ARM loan.  Plaintiff and Class members were sold a
19  home loan with a low interest rate of between 1% and 3% interest rate (the "teaser"
20  rate), and a corresponding payment schedule based on that the interest rate for the first
21  three (3) to five (5) years of the loan.  Defendants also represented to Plaintiff, and
22  Plaintiff reasonably believed, that if she made payments based on the promised low
23  interest rate, which were the payments reflected in the written payment schedule
24  provided to them by Defendant, that the loan would be a no negative amortization
25  home loan and that Plaintiff's payments would be applied to both principal and
26  interest.

27        24.    After, the purported three (3) to five (5) year fixed interest period, Plaintiff
28  and the Class members reasonably believed, based on the representations contained in

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 7 -

the documents Defendant provided to Plaintiff and the Class members, that they would be able to refinance their loan and get a new loan before their scheduled payments increased. However, the payment schedule provided by Defendants failed to disclose, and by omission, failed to inform these consumers that due to the negative amortization that was purposefully built into these loans, Plaintiff and the Class members would be unable to refinance their homes as there would be little or no equity left to refinance.

25. Plaintiff believed these facts to be true because that is what the Defendants intended consumers to believe. Defendants aggressively marketed their product as a fixed, low interest home loan. Defendants knew that if marketed and sold in such a manner, their Option ARM loan product would be a hugely popular and profitable product for them. Defendants also knew, however, that they were selling their product in a false and deceptive manner. While Defendants trumpeted their low rate loans to the public, Defendants knew their promise of a low interest was a mirage.

26. In fact, Defendant's Option ARM loan possessed a low, fixed *payment* but not a low, fixed interest rate. Unbeknownst to Plaintiff and the Class members, the actual interest rate they were charged on their loans was not fixed, was not the low teaser interest rate stated in the loan documentation and was in fact considerably higher than going market rates. And, after purchasing Defendant's Option ARM loan product, Plaintiff and Class members did not actually receive the benefit of the low teaser rate at all, or in some cases, at best, received that teaser rate for only a single month. Immediately, thereafter, Defendants in every instance and for every loan, secretly increased the interest rate they charged consumers. The now-increased interest charges incurred by Plaintiff and the Class members, over and above the fixed interest payment rate, were added to the principal balance on their home loans in ever increasing increments, substantially reducing the equity in these borrowers' homes.

27. In stark contrast to this reality, Defendant, through the standardized loan documents they created and supplied to Plaintiff, stated that negative amortization was

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 8 -

CLASS ACTION COMPLAINT

1    only a mere possibility.  Defendants concealed and failed to disclose the fact that the

2    loan, as presented and designed, in fact, guaranteed negative amortization.

3    Defendants failed to disclose and omitted the objectively material fact that negative

4    amortization was absolutely certain to occur if consumers followed the payment

5    schedule listed by Defendants in the TILDS.    This information was objectively

6    material and necessary for consumers to make an informed decision because this

7    would have revealed that the loan's principal balance would increase if the payment

8    schedule was followed, thereby rendering it impossible to refinance the loan at or

9    around the time the prepayment penalty expired and/or by the time the interest and

10   payment rates re-set.    In this respect, Defendants utterly failed to place any warning

11   on the Truth and Lending Disclosure Form about negative amortization.

12       28.    At all times relevant, once Plaintiff and the Class members accepted

13   Defendant's Option ARM loan contract, they had no viable option by which to

14   extricate themselves because these Option ARM loan agreements included a

15   draconian pre-payment penalty for a period of up to three years.

16       29.    The Option ARM loans sold by Defendants all have the following uniform

17   characteristics:

18           (a)    There is an initial low interest rate or "teaser" rate that was used to

19                  entice the Plaintiff into entering into the loan.    The rate offered was

20                  typically 1%-3%;

21           (b)    The loan has with it a corresponding low payment schedule.    The

22                  documentation provided intended to misleadingly portray to

23                  consumers that the low payments for the first three (3) to five (5) years

24                  were a direct result of the low interest rate being offered;

25           (c)    The initial payments in the required disclosures were equal to the low

26                  interest rate being offered.  The purpose was to assure that if someone

27                  were to calculate what the payment would be at the low offered

28                  interest rate, it corresponded to the payment schedule.  This portrayal

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 9 -

was intended to further mislead consumers into believing that the payments were enough to cover all principal and interest;

(d) The payment has a capped annual increase on the payment amount; and

(e) The loan includes a prepayment penalty preventing consumers from securing a new loan for a period of up to three (3) years.

30.     Defendants uniformly failed to disclose, and by omission, failed to inform consumers, including Plaintiff and the Class members, in a clear and conspicuous manner that the fixed "teaser" rate offered by Defendants was actually never applied to their loans, or, at best, was only applied for thirty (30) days. Thereafter, the true interest charged on the loans was significantly higher than the promised, advertised rate.

31.     Defendants uniformly failed to disclose and by omission failed to inform consumers, including Plaintiff and the Class members, that the payments set forth in Defendants' schedule of payments were insufficient to cover the actual amount they were being charged for the loan, and that this was, in fact, a loan that would cause the Plaintiff and the Class members to lose the equity they have in their home.

32.     Defendants uniformly failed to disclose and by omission failed to inform consumers, including Plaintiff and the Class members, that when the principal balance increased to a certain level, they would no longer have the option of making the fixed interest payment amount.

33.     Disclosing whether a payment will result in negative amortization is of critical importance to consumers. If the disclosed payment rate is insufficient to pay both principal and interest, one of the consequences of negative amortization is a loss of equity. Defendants are and at all times relevant hereto have been aware that clear and conspicuous disclosure of the actual interest rate and a payment rate sufficient to avoid negative amortization and the concomitant loss of equity is extremely important material information.

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 10 -

34.    At all times relevant, Defendants, and each of them, knew or should have known, or were reckless in not knowing, that: (i) the payment rate provided to Plaintiff and the Class members were insufficient to pay both interest and principal; (ii) that negative amortization was certain to occur if Plaintiff and the Class members made payments according to the payment schedule provided by Defendants; and (iii) that loss of equity and/or loss of Plaintiff's and the Class members' residence was substantially certain to occur if Plaintiff and the Class members made payments according to the payment schedule provided by Defendants.

35.    In spite of its knowledge, Defendant sold its Option ARM loans as a product that would provide Plaintiff and the Class members with a low payment and interest rate for the first three (3) to five (5) years of the loan, and at all times relevant, failed to disclose and/or concealed by making partial representations of material facts when Defendants had exclusive knowledge of material facts that negative amortization was certain to occur.  This concealed and omitted information was not known to Plaintiff and the Class members and which, at all times relevant, Defendants failed to disclose and/or actively concealed by making such statements and partial, misleading representations to Plaintiff and all others similarly situated.  Because the ARM loans did not provide a low interest rate for the first three (3) to five (5) years of the Note and the payment disclosed by Defendants was insufficient to pay both principal and interest, negative amortization occurred.

36.    The true facts about Defendants' ARM loans is that they do not provide the low interest rate promised, and are certain to result in negative amortization.

37.    Disclosure of a payment rate that is sufficient to pay both principal and interest on the loans is of critical importance to consumers.  If the disclosed payment rate is insufficient to pay both principal and interest, one of the consequences is that negative amortization or loss of equity will occur.  Defendants are and at all times relevant hereto have been aware that the ability of the disclosed payment rate to pay

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 11 -

1    both principal and interest so as to avoid negative amortization is one of the most

2    important terms of a loan.

3        38.    To this day, Defendants continue to conceal material information from

4    consumers, and the public, that: (i) the payment provided to Plaintiff and the Class

5    members is and was insufficient to pay both principal and interest; (ii) if the disclosed

6    payment schedule is followed, Plaintiff and the Class members will suffer negative

7    amortization; and (ii) loss of equity and/or possession of the property is substantially

8    certain to occur if the disclosed payment schedule is followed.    Nevertheless,

9    Defendants have refused to clearly and conspicuously disclose to Plaintiff and the

10   Class members the existence of this important material information and the injury

11   caused thereby, including but not limited to the loss of equity.

12       39.    In the end, the harm caused by Defendants' failures to disclose and

13   omissions, as alleged herein, grossly outweighs any benefit that could be attributed to

14   them.

15       40.    Knowing the truth and motivated by profit and market share, Defendants

16   has knowingly and willfully engaged in the acts and/or omissions to mislead and/or

17   deceive Plaintiff and others similarly situated.

18       41.    The Option ARM loans have resulted and will continue to result in

19   significant loss and damage to the Class Members, including but not limited to the

20   loss of equity these consumers have or had in their homes.

21       42.    The facts which Defendants misrepresented and concealed, as alleged in

22   the preceding paragraphs, were material to the decisions about whether to purchase

23   the Option ARM loans in that Plaintiff and others similarly situated would not have

24   purchased these loans but for Defendants' unlawful, unfair, fraudulent and/or

25   deceptive acts and/or practices as alleged herein.

26       43.    Defendants engaged in the unlawful, unfair, fraudulent, untrue and/or

27   deceptive marketing scheme to induce consumers to purchase their ARM loans.

28

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 12 -

CLASS ACTION COMPLAINT

44.    Defendants' unlawful, unfair, fraudulent, untrue and/or deceptive acts and/or practices were committed with willful and wanton disregard for whether or not Plaintiff or others similarly situated would receive a home loan that would actually provide the low interest and payment rate for the first three (3) to five (5) years of the loan sufficient to pay both principal and interest.

45.    Upon information and belief, and at all times relevant during the liability period, Defendants possessed full knowledge and information concerning the above facts about the ARM loans, and otherwise marketed and sold these ARM loans throughout the United States, including the State of California.

## V.

## CLASS ACTION ALLEGATIONS

46.    Plaintiff brings this action on behalf of herself, and on behalf of all others similarly situated (the "Class") pursuant to Federal Rule of Civil Procedure, Rules 23(a), and 23(b), and the case law thereunder.  The classes Plaintiff seeks to represent are defined as follows:

> **The California Class**:  All individuals who, within the four year period preceding the filing of Plaintiff's Complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendant on their primary residence located in the State of California.  Excluded from the California Class are Defendant's employees, officers, directors, agents, representatives, and their family members; and

> **The National Class**: All individuals in the United States of America who, within the four year period preceding the filing of Plaintiff's complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendant on their primary residence located in the United States of America.  Excluded from the National Class are Defendant's employees, officers, directors, agents, representatives, and their family members.

> An appropriate sub-Class exists for the following Class Members:

> All individuals in the United States of America who, within the three year period preceding the filing of Plaintiff's

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendant on their primary residence located in the United States of America. Excluded from the National sub-Class are Defendant's employees, officers, directors, agents, representatives, and their family members.

Plaintiff reserves the right to amend or otherwise alter the Class definitions presented to the Court at the appropriate time, or propose or eliminate sub-Classes, in response to facts learned through discovery, legal arguments advanced by Defendants or otherwise.

47.    Numerosity:    The Class is so numerous that the individual joinder of all members is impracticable under the circumstances of this case.    While the exact number of Class members is unknown at this time, Plaintiff is informed and believes that the entire Class or Classes consist of approximately tens of thousands of members.

48.    Commonality: Common questions of law or fact are shared by the Class members.    This action is suitable for class treatment because these common questions of fact and law predominate over any individual issues.    Such common questions include, but are not limited to, the following:

(1)    Whether Defendants' acts and practices violate the Truth in Lending Act, 15 U.S.C. §1601, et seq;

(2)    Whether Defendants' conduct violated 12 C.F.R. § 226.17;

(3)    Whether Defendants' conduct violated 12 C.F.R. § 226.19;

(4)    Whether Defendants engaged in unfair business practices aimed at deceiving Plaintiff and the Class members before and during the loan application process;

(5)    Whether Defendants, by and through their officers, employees, and agents failed to disclose that the interest rate actually charged on these loans was higher than the rate represented and promised to Plaintiff and the Class members;

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 14 -

(6)     Whether Defendants, by and through their officers, employees and agents concealed, omitted and/or otherwise failed to disclose information they were mandated to disclose under TILA;

(7)     Whether Defendants failed to disclose the true variable nature of interest rates on adjustable rate mortgage loans and adjustable rate home equity loans;

(8)     Whether Defendants failed to properly disclose the process by which negative amortization occurs, ultimately resulting in the recasting of the payment structure over the remaining lifetime of the loans;

(9)     Whether Defendants' failure to apply Plaintiff and the Class members' payments to principal as promised in the form Notes constitutes a breach of contract, including a breach of the covenant of good faith and fair dealing;

(10)    Whether Defendants' conduct in immediately raising the interest rate on consumers' loans so that no payments were applied to the principal balance constitutes breach of the covenant of good faith and fair dealing;

(11)    Whether Defendants' marketing plan and scheme misleadingly portrayed or implied that these loans were fixed rate loans, when Defendants knew that only the periodic payments were fixed (for a time) but that interest rates were not, in fact, "fixed;"

(12)    Whether the terms and conditions of Defendant's Option ARM home loan are unconscionable;

(13)    Whether Plaintiff and the Class are entitled to damages;

(14)    Whether Plaintiff and the Class members are entitled to punitive damages; and

(15)    Whether Plaintiff and the Class members are entitled to rescission.

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 15 -

CLASS ACTION COMPLAINT

49.   <u>Typicality</u>:   Plaintiff's claims are typical of the claims of the Class members.  Plaintiff and the other Class members were subjected to the same kind of unlawful conduct and the claims of Plaintiff and the other Class members are based on the same legal theories.

50.   <u>Adequacy</u>:  Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the other members of the Class Plaintiff seeks to represent.   Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends on prosecuting this action vigorously.   The interests of members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

51.   <u>Ascertainable Class</u>:   The proposed Classes are ascertainable in that the members can be identified and located using information contained in Defendant's mortgage lending records.

52.   This case is brought and can be maintained as a class action under Rule 23(b)(1), 23(b)(2), and 23(b)(3):

(a)   <u>Risk of Inconsistent Judgments</u>: The unlawful acts and practices of Defendants, as alleged herein, constitute a course of conduct common to Plaintiff and each Class member.  Prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of individual Class members to protect their interests;

(b)   <u>Injunctive and/or Declaratory Relief to the Class is Appropriate</u>: Defendants, and each of them, have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief with respect to the Class as a whole appropriate; and

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 16 -

(c) <u>Predominant Questions of Law or Fact</u>:  Questions of law or fact common to the Class members, including those identified above, predominate over questions affecting only individual Class members (if any), and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Class action treatment will allow a large number of similarly situated consumers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  Further, an important public interest will be served by addressing the matter as a class action.  The cost to the court system of adjudicating each such individual lawsuit would be substantial.

## VI.

## FIRST CAUSE OF ACTION

### (Violations of Truth in Lending Laws, 15 U.S.C. §1601, *et seq.*,

### (Against All Defendants)

53.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

54.    15 U.S.C. §1601, *et seq.*, is the Federal Truth in Lending Act ("TILA"). The Federal Reserve Board of Governors implements the Federal Truth in Lending Act through Regulation Z (12 C.F.R. §226 ) and its Official Staff Commentary. Compliance by lenders with Regulation Z became mandatory October 1, 1982. Likewise, Official Staff Commentary issued by the Federal Reserve Board is also binding on all lenders.

55.    The purpose of TILA is to protect consumers.  This is stated in 12 C.F.R. § 226.1, which reads:

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 17 -

**§226.1 Authority, purpose, coverage, organization, enforcement and liability. . .**

(b)  Purpose. The purpose of this regulation is to promote the informed use of consumer credit by requiring disclosures about its terms and costs. The regulation also gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling . . .

56.  Reg. Z also mandates very specific disclosure requirements regarding home loans with which lenders, including Defendants, must comply:

**§ 226.17. General disclosure requirements.**

(a)  Form of disclosures. (1) The creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep. The disclosures shall be grouped together, shall be segregated from everything else, and shall not contain any information not directly related to the disclosures required under § 226.18.

57.  The purpose of the TILA is to assure a meaningful disclosure of credit terms so that the borrowers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit and to protect the consumer against inaccurate and unfair credit billing practices.

58.  Defendant's Option ARM loan violates TILA because Defendants failed to comply with the disclosure requirements mandated by Regulation Z and Official Staff Commentary issued by the Federal Reserve Board. Defendants failed in a number of ways to clearly, conspicuously and/or accurately disclose the terms of the Option ARM loan to Plaintiff as Defendants were required to do under TILA. These violations are apparent on the face of the TILA Disclosure Forms.

59.  The TILA violations committed by Defendants are more specifically detailed as follows:

LEE & FIELDS
A Professional Corporation

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 18 -

CLASS ACTION COMPLAINT

A. **Defendants' Failure to Clearly and Conspicuously Disclose The Actual Interest Rate Violates Truth in Lending Laws**

60.    12 C.F.R. § 226.17 and 12 C.F.R. § 226.19 require the lender to make disclosures concerning the interest rate in a clear and conspicuous manner.  Further, a misleading disclosure is as much a violation of TILA as a failure to disclose at all. Defendants failed to meet the disclosure mandates required of them concerning the interest rate Defendants actually applied to Plaintiff and Class members' loans, as well as the interest Defendants actually charged Plaintiff and the Class members.

61.    Defendants' disclosure in the Promissory Note concerning the interest rate is, at best, unclear and inconspicuous.  At worst, it is intentionally deceptive.  In either instance, it is certainly different than the interest rate set forth by Defendants in the TILDS.  The interest rate information set forth by Defendants in the Note conflicts with the interest rate information set forth by Defendants in the TILDS.

62.    The interest rate set forth in the Note is the teaser rate that Defendant, in fact, applied to the loan for a single month.  However, at all times relevant during the liability period, Defendants did not make it clear in the Note(s) or TILDS that this low promised rate (the same rate upon which Defendant base the written payment schedule provided to Plaintiff) is only offered for the first thirty (30) days of the loan.   In furtherance of their scheme, Defendants employed the most convoluted, confusing and circuitous methodology in describing the interest rate.  In particular, Defendants used terms like "may" when discussing potential interest rate increases, when in fact it was an absolute certainty the interest rate listed would only be provided for the first thirty days of the loan, and would be raised when the first payment was due.  In one part of the Note, Defendant states that the promised low interest rate is the rate until the "change date."  A description of the change date is found in another part of the Note. The convoluted and disjointed method employed by Defendants to provide this information to consumers makes it extremely difficult, if not impossible, for anyone to

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 19 -

CLASS ACTION COMPLAINT

1    determine that, in fact, that the change date corresponds to the very first monthly
2    payment Plaintiff and the Class members made on their loans.

3        63.    The convoluted language used by Defendants to disclose the interest rate
4    on Plaintiff and the Class members' loans is not clear and conspicuous.    Rather, the
5    disclosures used by Defendants were purposefully unclear and meant to mislead and
6    confuse Plaintiff and the Class members.    In particular, it is virtually impossible to
7    discern when Plaintiff and the Class members would receive the low interest rate they
8    were promised, if, in fact, it can be determined at all.    And, the truth is that Plaintiff
9    and the Class members never received the low interest rate, or in some cases received
10    it for only thirty days.    Defendants' promise of a low interest rate is and was wholly
11    illusory and the deception, as alleged herein, was uniformly practiced on Plaintiff and
12    Class members by Defendants to facilitate sales of their loans to consumers.

13        64.    The Note also sets forth the amount of Plaintiff's and Class members'
14    initial monthly payments.    That monthly payment amount is equal to what the
15    payment would be if the listed low interest rate promised to Plaintiff by Defendants
16    was true and was, in fact, applied to the principal balance on the loans.    This is a
17    further deception committed by Defendants, because the real interest rate charged on
18    the loans by Defendant is much higher than the low interest rate promised to Plaintiff
19    and Class members.    Thus, the payment amount provided by Defendant was intended
20    to and did deceive consumers into falsely believing that they would, in fact, receive
21    the teaser interest rate promised to them.

22        65.    The TILDS is also confusing and deceptive for much the same reason.    It
23    shows the scheduled payments for the first three (3) to five (5) years of the loan as
24    being based on the low "teaser" rate Plaintiff and Class members were promised, with
25    the agreed 7.5% annual increase in the payment amount.    In truth, however, this
26    payment schedule has no real relation to the interest rate Defendants actually charged
27    Plaintiff and the Class members on their loans.

28

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 20 -

CLASS ACTION COMPLAINT

66.   At all times relevant during the liability period, Defendants failed to clearly, conspicuously and accurately disclose the actual interest rate applied to Plaintiff and Class members' loans.   Defendants also failed to disclose, and by omission, failed to inform Plaintiff and the Class members that the payment amounts listed in the payment schedule did not include any amount towards the principal on the loan and were, in fact, insufficient to pay all of the interest accruing.   Based on the payment schedule listed in the Note and TILDS, Plaintiff and the Class members reasonably believed that the payments would be sufficient to meet the loan obligations in the Note(s). Thus, Plaintiff and the Class members reasonably believed that the low rate promised to them would be applied to their loans.   However, the true fact is that the payment schedule provided by Defendants did not pay any principal on the loan at all and only included a partial payment towards the interest Defendants charged Plaintiff and the Class members for these loans.

67.   At all times relevant during the liability period, Defendants failed to clearly, conspicuously and accurately disclose in the Note and TILDS a payment amount that was sufficient to pay both principle and interest.   In particular, the Note(s) state that the payments will be applied to "principal and interest" and Plaintiff reasonably believed that if they made the payments according to Defendants' payment schedule, the payments would, in fact, be paying off both principal and interest. However, the true fact is that the payment amounts stated in Defendant's payment schedule did not include any principal on the loans at all and were only a partial payment of the interest Defendants were charging on these loans.

68.   At all times relevant during the liability period, Defendants failed to disclose, and by omission, failed to inform consumers that if they followed the payment schedule provided by Defendants, their payments will not be applied to principal at all and were not sufficient enough to cover all of the interest Defendants charged on the loan(s).

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 21 -

**B.    Defendants' Failure to Clearly and Conspicuously Disclose Negative Amortization Violates the Truth in Lending Laws**

69.    12 C.F.R. § 226.19 sets forth additional specific disclosure requirements for residential home loans:

> **§ 226.19.  Certain residential mortgage and variable-rate transactions. . . .**
>
> (b) Certain variable-rate transactions. If the annual percentage rate may increase after consummation in a transaction secured by the consumer's principal dwelling with a term greater than one year, the following disclosures must be provided at the time an application form is provided or before the consumer pays a non-refundable fee, whichever is earlier. . . (vii) *Any rules relating to changes in the index, interest rate, payment amount, and outstanding loan balance including, for example, an explanation of interest rate or payment limitations, negative amortization, and interest rate carryover.* (Emphasis added.)

70.    The negative amortization disclosure is required and must be made clearly and conspicuously, and done in a manner that does not obscure its significance. The disclosure must state whether the loan and payments established under the terms dictated by the Defendants is a negative amortizing loan.

71.    In 1995, and continuing each time new Official Staff Commentary was issued, the Federal Reserve Board made clear that when the loan was a variable rate loan with payment caps, such as those that are the subject of this lawsuit, that the disclosure requires a definitive statement about negative amortization:12 CFR Part 226

[Regulation Z; Docket No. R-0863]

Monday, April 3, 1995

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

AGENCY: Board of Governors of the Federal Reserve System.

ACTION: Final rule; official staff interpretation.

"For the program that gives the borrower an option to cap monthly payments, the creditor must fully disclose the rules relating to the payment cap option, including the effects of exercising it (such as **negative amortization occurs** and that the principal balance **will increase**)…" (Found at C.F.R. § 226.19)

72.    At all times relevant, statutory and common law in effect make it unlawful for a lender, such as Defendants, to fail to comply with the Federal Reserve Board's Official Staff Commentary as well as Regulation Z and TILA.

73.    Defendants sold Plaintiff and the Class members Option ARM loans which have a variable rate feature with payment caps.  Defendants failed to include any reference in the TILDS or in the Note(s) that negative amortization would occur if Plaintiff and the Class members followed the payment schedule provided by Defendant.

74.    In fact, the only place where Defendants even inferentially reference negative amortization is in the Note.  However, they mention it in such a way as to make a reasonable person believe that negative amortization is only a possibility, rather than a certainty.  And, these loans are, in fact, designed in such a manner so as to make negative amortization an absolute certainty.  And, even when a separate explanation was provided, Defendants omitted the important material fact that these loans and payment schedules would, in fact, guarantee negative amortization.

75.    Defendant's statement in the Note(s): "[i]f the Minimum Payment is not sufficient to cover the amount of the interest due then negative amortization will occur" was a half-truth and did not alert or inform Plaintiff that the payment schedule provided by Defendant would absolutely guarantee that negative amortization was going to occur on these loans.  Rather, Defendants made it appear that as long as the

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 23 -

CLASS ACTION COMPLAINT

1    payments were made according to the schedule listed in the TILDS, that there would

2    be no negative amortization.

3        76.    At all times relevant, Defendant's statement in the Note, TILDS, and any

4    other disclosures they provided, described negative amortization as only a mere

5    possibility, and therefore was misleading and deceptive. In fact, Defendant's Option

6    ARM loan was designed in such a way as to guarantee negative amortization. TILA

7    demands more than a statement that the payment could be less, or "may" be less,

8    when Defendants knew that the payments were less, and would always be less, than

9    the full amount required to pay both principle and interest.

10   **C.    Defendants' Failure to Clearly and Conspicuously Disclose that the**

11   **Initial Interest Rate is Discounted Violates Truth in Lending Laws**

12       77.    As previously stated, the informed use of credit means being able to make

13   decisions, as well as being able to plan an individual's finances. Every month

14   consumers look at their income and budget where their funds must be paid. The

15   biggest investment in one's life is generally that person's home. In fact, it is often

16   referred to as "the American Dream" to own a home.

17       78.    Variable rate loans are based on a "margin" and an "index." The index is

18   often the Prime Rate or the LIBOR exchange rate. The margin is the amount the

19   lender charges over that rate or, basically, the lender's profit on the loan.

20       79.    TILA and Regulation Z require disclosures to be clear and conspicuous so

21   people understand what their obligations are. In particular, when the payment is not

22   based on that index and margin a separate disclosure is required. The disclosure must

23   also inform that interest rate and payment may go up and clearly and conspicuously

24   provide  the circumstances under which the rate and payment will increase. Further,

25   the disclosure must inform the borrower what the true cost of the loan is.

26       80.    The Federal Reserve Board established disclosure requirements for

27   variable rate loans. 26 C.F.R. § 226.19 requires a lender to disclose the frequency of

28   interest rate and payment adjustments to borrowers. If interest rate changes will be

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 24 -

CLASS ACTION COMPLAINT

1  imposed more frequently or at different intervals than payment changes, a creditor

2  must disclose the frequency and timing of both types of changes.

3    81.    The disclosures required pursuant to 12 C.F.R. § 226.19 are extremely

4  important because Plaintiff and other consumers similarly situated need this

5  information in order to budget their money.    They need to know if their house

6  payments are going to go up so that they can plan for it.    If the change comes as a

7  surprise, they face a much greater possibility of defaulting on their loans and losing

8  their homes.

9    82.    Here, Defendants state only that the interest rate *may* increase in the

10  future.    However, an interest rate increase was in fact far more certain than this

11  disclosure led Plaintiff and the Class members to believe.    If Defendants had given the

12  Plaintiff and the Class members the promised low interest rate for any initial period of

13  time, the interest rate was guaranteed to go up even without any change in the index.

14  Thus, the increase in the interest rate on these loans was not just a possibility; it was

15  an absolute certainty and Defendants failed and omitted this material information in

16  their disclosures to Plaintiff and the Class members.

17    83.    Defendant's loan documents state that the interest rate may increase during

18  the term of this transaction if the index increases.    This, however, was not the only

19  circumstance that could cause an increase in the interest rate because the disclosed

20  interest rate was discounted.

21    84.    At all times relevant during the liability period, Defendants failed to

22  disclose, and by omission, failed to inform Plaintiff and the Class members that the

23  initial interest rate was discounted, creating the possibility of an increase even when

24  the index did not rise.    Due to the initial discounted interest rate being listed at 1% to

25  3%, the interest rate would increase because the index and margin were between 5%

26  and 8% higher.    Even when Defendants did provide a disclosure that stated the initial

27  payment was not based on the index, it did so in a manner that was not clear and

28  conspicuous.    Because the loan documents failed to provide this extremely important

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 25 -

CLASS ACTION COMPLAINT

1    material information in a clear and conspicuous manner that did not obscure its

2    importance, Defendants' disclosure failed to meet the standards mandated under

3    TILA.

4         85.    Defendants failed to disclose to Plaintiff and the Class members that their

5    interest rate was, with 100% certainty, going to increase, regardless of whether or not

6    the index upon which their loans are based changed.  As such, Defendants violated

7    TILA and Regulation Z by providing Plaintiff and the Class members with unclear,

8    deceptive and poorly drafted or intentionally misleading disclosures.

9    **D.    Defendants' Failure to Disclose the Composite Interest Rate Violates**

10        **Truth in Lending Laws**

11        86.    Defendants provided Plaintiff and Class members with multiple,

12   conflicting interest rates when describing the costs of this loan.   On the TILDS

13   Defendants set forth one interest rate, while on the Note, Defendants set forth one or

14   two other, different interest rates.

15        87.    The official staff commentary to 226 C.F.R. § 17(C)(8) states:

16             *Basis of disclosures in variable-rate transactions.*  The

17             disclosures for a variable-rate transaction must be given for the

18             full term of the transaction and must be based on the terms in

19             effect at the time of consummation. Creditors should base the

20             disclosures only on the initial rate and should not assume that

21             this rate will increase. For example, in a loan with an initial rate

22             of 10 percent and a 5 percentage points rate cap, creditors

23             should base the disclosures on the initial rate and should not

24             assume that this rate will increase 5 percentage points.

25             **However, in a variable-rate transaction with a** seller

26             buydown that is reflected in the credit contract, a consumer

27             buydown, or **a discounted or premium rate, disclosures**

28             **should not be based solely on the initial terms. In those**

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 26 -

CLASS ACTION COMPLAINT

**transactions, the disclosed annual percentage rate should be a composite rate based on the rate in effect during the initial period and the rate that is the basis of the variable-rate feature for the remainder of the term.** (See the commentary to section 226.17(c) for a discussion of buydown, discounted, and premium transactions and the commentary to section 226.19(a)(2) for a discussion of the redisclosure in certain residential mortgage transactions with a variable-rate feature.)

88.    The reason for this requirement is clear.    Consumers cannot make informed decisions when they cannot compare the cost of credit to other proposals.  It is therefore incumbent upon Defendants to show the composite interest rate in effect so that the borrowers can understand exactly what they are paying for the loan.

89.    A lender violates TILA, Reg. Z and the OTS guidelines by failing to list the composite rate in variable rate loans that have a discounted initial rate.  The loan sold to Plaintiff and Class members by Defendants is a discounted variable-rate loan. At all times relevant during the liability period, Defendants listed an interest rate in the Note(s) that, in truth, would only be provided for the first thirty days of a thirty year loan, and would, with one hundred percent certainty, be increased after that first month.    Because Defendants failed to clearly and conspicuously disclose the composite annual percentage rate on these loans, and instead listed different interest rates in different places in the documents provided to consumers, Defendants violated TILA and Regulation Z, and failed to provide disclosures that did not obscure relevant information.

90.    As a direct and proximate result of Defendants' violations of TILA, as alleged herein, Plaintiff and the Class members have suffered injury in an amount to be determined at time of trial.  If Defendants had not violated TILA and had instead clearly and conspicuously disclosed the material terms of Defendant's Option ARM loan, as alleged herein, Plaintiff and the Class members would not have entered into

LEE & FIELDS
A Professional Corporation
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 27 -

the home loan contracts which are the subject of this action.  Because Defendants failed to make the proper disclosures required under TILA, Plaintiff and the Class members now seek redress in an amount and/or type as proven at time of trial.

**D.**    **Defendants' Failure to Clearly and Conspicuously Disclose The Legal Obligation Violates Truth in Lending Laws**

91.    12 C.F.R. § 226.17(c)(1) requires that "[t]he disclosures shall reflect the terms of the legal obligation between the parties."

92.    Official binding staff commentary on 12 C.F.R. § 226.17(c)(1) requires that:  "[t]he disclosures shall reflect the credit terms to which the parties are legally bound as of the outset of the transaction.  In the case of disclosures required under §226.20(c), the disclosures shall reflect the credit terms to which the parties are legally bound when the disclosures are provided."

93.    The Official binding staff commentary further states, at 12 C.F.R. §226.17(c)(1)(2), that "[t]he legal obligation normally is presumed to be contained in the note or contract that evidences the agreement."

94.    Official Staff Commentary to 12 C.F.R. § 226.17(c)(1) states that "[i]f a loan contains a rate or payment cap that would prevent the initial rate or payment, at the time of the first adjustment, from changing to the rate determined by the index or formula at consummation, the effect of that rate or payment cap should be reflected in the disclosures."

95.    At all times relevant during the liability period, Defendant's Option ARM loan violated 12 C.F.R. §226.17(c) in that the Note(s) and the TILDS did not disclose, and by omission, failed to disclose what Plaintiff and the Class members were legally obligated to pay.  In particular, the Note(s) charged these borrowers a much higher monthly amount than what Defendants disclosed.  Defendants accomplished this deception by only listing a partial payment in the TILDS, rather than a payment amount that was sufficient to pay what these borrowers were being charged for their loans, and were legally obligated to pay.

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 28 -

CLASS ACTION COMPLAINT

96.    As a direct and proximate result of Defendants' omissions and failures to clearly and conspicuously disclose Plaintiff's and the Class member's legal obligations under the loans, Defendants took the partial payments and secretly added the deficit, each month, to principle, thereby causing negative amortization to occur.

**E.    Defendants' Failure to Clearly and Conspicuously Disclose the Effect of the Payment Cap on the True Cost of the Loan Violates Truth in Lending Laws**

97.    The Option ARM loans at issue each contained a variable rate feature with an initial teaser rate with payment caps. The payment cap is a limit on how much the payment may be increased annually. Its purpose is to provide borrowers with a limit on how much their payment can increase from year to year. The loans issued by Defendant had a 7.50% payment cap, which means that a borrower would only see their payment rise each year by a maximum of 7.50%. (i.e. a $1,000 monthly payment in year one, could go to a $1,075 payment in year two.)

98.    The Official Staff Commentary to 12 C.F.R. § 226.17(c)(1)(10)(iii) states that "[i]f a loan contains a rate or payment cap that would prevent the initial rate or payment, at the time of the first adjustment, from changing to the rate determined by the index or formula at consummation, the effect of that rate or payment cap should be reflected in the disclosures." Thus, at all times relevant during the liability period, Defendants had a duty to Plaintiff and the Class members to disclose the effect the payment caps would have on the loans in the TILDS.

99.    At all times relevant during the liability period, Defendants failed to disclose, and by omission, failed to inform Plaintiff and the Class members that the payment cap would cause hundreds, if not thousands of dollars, each month, to be secretly added to principal.

100.    As a direct and proximate result, Defendants failed to disclose, and by omission, failed to inform Plaintiff and the Class members of the effect of the payment cap in violation of 12 C.F.R. § 226.17.

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 29 -

CLASS ACTION COMPLAINT

1    101.  WHEREFORE, Plaintiff and the Class members are entitled to an order

2  declaring that Defendants violated TILA, 15 U.S.C. §1601, et seq., that Plaintiff and

3  the Class have the right to rescind pursuant to 15 U.S.C. § 1635 and 12 C.F.R. §

4  226.23, attorneys fees, litigation costs and expenses and costs of suit, and for an order

5  rescinding Plaintiff's individual mortgage and those of any class member desirous of

6  such relief, and for an order awarding other relief as the Court deems just and proper.

7

8                              **VII.**

9                    **SECOND CAUSE OF ACTION**

10  **Violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et.***

11  ***seq.* - "Unlawful" Business Acts or Practices Predicated on Violations of TILA**

12                        **(Against All Defendants)**

13    102.  Plaintiff incorporates all preceding paragraphs as though fully set forth

14  herein.

15    103.  Plaintiff brings this cause of action on behalf of themselves, on behalf of

16  the Class, and in their capacity as a private attorney general against all Defendants for

17  their unlawful business acts and/or practices pursuant to California Business and

18  Professions Code Sections 17200 *et seq.*, which prohibits all unlawful business acts

19  and/or practices.

20    104.  Plaintiff asserts these claims as they are representatives of an aggrieved

21  group and as a private attorney general on behalf of the general public and other

22  persons who have expended funds that the Defendants should be required to pay or

23  reimburse under the equitable and restitutionary remedies provided by California

24  Business and Professions Code Sections 17200 *et seq.*

25    105.  The unlawful acts and practices of Defendants alleged above constitute

26  unlawful business acts and/or practices within the meaning of California Business and

27  Professions Code Sections 17200 *et seq.*

28

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 30 -

CLASS ACTION COMPLAINT

106.   By engaging in the above described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of Business and Professions Code Sections 17200, *et seq.*

107.   Defendants' unlawful business acts and/or practice as alleged herein have violated numerous laws and/or regulations and said predicate acts are therefore *per se* violations of §17200, *et seq.*  These predicate unlawful business acts and/or practices include Defendants failure to comply with the disclosure requirements mandated by TILA, 15 U.S.C. §1601, *et seq.*, Regulation Z and Official Staff Commentary issued by the Federal Reserve Board.  And, as described in more detail above, Defendants also failed in a number of ways to clearly or accurately disclose the terms of the ARM loans to Plaintiff and the Class members as required under TILA.

108.   Defendants' misconduct as alleged herein gave Defendants an unfair competitive advantage over their competitors.

109.   As a direct and proximate result of the aforementioned acts, Defendants received monies and continues to hold the monies expended by Plaintiff and others similarly situated who purchased the ARM loans as described herein.

110.   In addition to the relief requested in the Prayer below, Plaintiff seeks the imposition of a constructive trust over, and restitution of, the monies collected and realized by Defendants.

111.   The unlawful acts and practices, as fully described herein, present a continuing threat to members of the public to be misled and/or deceived by Defendants as described herein.  Plaintiff and other members of the general public have no other remedy of law that will prevent Defendants' misconduct, as alleged herein, from occurring and/or reoccurring in the future.

112.   As a direct and proximate result of Defendants' unlawful conduct alleged herein, Plaintiff and Class Members have lost thousands if not millions of dollars of equity in their homes.  Plaintiff and the Class members are direct victims of the

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 31 -

1    Defendants' unlawful conduct, as herein alleged, and each has suffered injury in fact,

2    and have lost money or property as a result of Defendants' unfair competition.

3        113.    WHEREFORE, Plaintiff and members of the Class are entitled to

4    equitable relief, including restitution, restitutionary disgorgement of all profits

5    accruing to Defendants because of its unlawful and deceptive acts and practices,

6    attorney's fees and costs, declaratory relief, and a permanent injunction enjoining

7    Defendants from their unlawful activity.

8

9                             **VIII.**

10                   **THIRD CAUSE OF ACTION**

11    **(Violation of California's Unfair Competition Law, Bus. & Prof. Code §17200 *et***

12          ***seq.*, "Unfair" and "Fraudulent" Business Acts or Practices,**

13                  **(Against All Defendants)**

14        114.    Plaintiff incorporates all preceding paragraphs as though fully set forth

15    herein.

16        115.    Plaintiff brings this cause of action on behalf of themselves, on behalf of

17    the Class, and in their capacity as private attorney generals against all Defendants for

18    their unfair, fraudulent and/or deceptive business acts and/or practices pursuant to

19    California Business and Professions Code Sections 17200 *et seq.*, which prohibits all

20    unfair and/or fraudulent business acts and/or practices.

21        116.    Plaintiff asserts these claims as they are representative of an aggrieved

22    group and as private attorney generals on behalf of the general public and other

23    persons who have expended funds that the Defendants should be required to pay or

24    reimburse under the equitable and restitutionary remedies provided by California

25    Business and Professions Code Sections 17200 *et seq.*

26        117.    The instant claim is predicated on the generally applicable duty of any

27    contracting party to not misrepresent material facts, and on the duty to refrain from

28    unfair and deceptive business practices. The Plaintiff and the Class members hereby

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 32 -

CLASS ACTION COMPLAINT

1    seek to enforce a general proscription of unfair business practices and the requirement

2    to refrain from deceptive conduct.    The instant claim is predicated on duties that

3    govern anyone engaged in any business and anyone contracting with anyone else.

4        118.    At all times relevant during the liability period, Defendants engaged in a

5    pattern of deceptive conduct and concealment aimed at maximizing the number of

6    borrowers who would accept their Option ARM loan.    Defendants, and each of them,

7    marketed and sold Plaintiff and the Class members a deceptively devised financial

8    product.    Defendants marketed and sold their Option ARM loan product to consumers,

9    including Plaintiff, in a false or deceptive manner.    Defendants sold a loan which

10   appeared to have a very low, fixed payment and interest rate for a period of three (3)

11   to five (5) years and no negative amortization.    However, at all times relevant during

12   the liability period, Defendants failed to disclose, and by omission, failed to inform

13   Plaintiff and the Class members the true fact that Defendant's Option ARM loan was

14   designed to, and did, cause negative amortization to occur.

15       119.    Defendants lured Plaintiff and the Class members into the Option ARM

16   loan with promises of low payment and low interest.    Once Plaintiff and the Class

17   members entered into these loans, Defendants switched the interest rate charged on

18   the loans to a much higher rate than the one they advertised and promised to Plaintiff

19   and the Class members.    After entering these loans, Class members could not escape

20   because Defendants purposefully placed into these loans an extremely onerous

21   prepayment penalty that made it prohibitively expensive for consumers to extricate

22   themselves from these loans.    Thus, once on the hook, consumers could not escape

23   from Defendants' loans.

24       120.    Plaintiff and Class members were consumers who applied for a mortgage

25   loan through Defendants.    During the loan application process, in each case,

26   Defendants uniformly promoted, advertised, and informed Plaintiff and Class

27   members that in accepting these loan terms, Plaintiff and Class members would be

28   able to lower their mortgage payment and save money.

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 33 -

121.    Defendants promoted their Option ARM loan as having a low fixed interest rate, i.e., typically between 1% and 3%.    However, Defendants did not disclose that this was just a "teaser" rate, the purpose of which was to get consumers to enter into loan agreements with Defendants.    Defendants did not disclose to Plaintiff and the Class members that the "teaser" rate was not the fixed rate that Defendants would actually charge Plaintiff and the Class members on their outstanding loan balances after the first thirty days.    Nor did Defendants disclose that the corresponding payment schedule was not the true payment required, but was rather only a partial payment of the interest accruing on the loans.

122.    Based on the Defendants' representations and misconduct as alleged herein, Plaintiff and the Class members agreed to finance their primary residence through Defendant's Option ARM loan product.    Plaintiff and the Class members were told they were being sold a home loan with a low payment and interest rate. Plaintiff and the Class members were also led to believe that if they made payments based on this interest rate, and the payment schedule provided to them by Defendants, the loan would be a no negative amortization home loan.    After, the fixed interest period, the loan documents stated that the interest rate "may" change.    Plaintiff and the Class members believed these facts to be true because that is what the Defendants wanted consumers to believe.

123.    Defendants aggressively sold their product as a fixed low interest home loan.    Defendants knew that if marketed in such a manner, their Option ARM loan product would be a hugely popular and profitable product for them.    Defendants also knew, however, that they were marketing their product in a false and deceptive manner.    While Defendants trumpeted their low payment loans with a "teaser" rate to the public, Defendants knew, that this was not entirely true.

124.    In fact, Defendant's Option ARM loan possessed a low, fixed *payment* but not a low interest rate.    Unbeknownst to Plaintiff and Class members, the actual interest rate they were charged on their loans was not fixed.    After purchasing

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 34 -

1  Defendant's Option ARM loan product, Plaintiff and class members never actually

2  received the benefit of the low advertised interest rate, or, in some cases, consumers

3  received the low rate for just a single month.  Immediately, thereafter, Defendants in

4  every instance and for every loan increased the interest rate they charged Plaintiff and

5  the Class members.  Once Plaintiff and Class members accepted Defendant's Option

6  ARM loan, they had no viable option to extricate themselves because of these loan

7  agreements included a draconian pre-payment penalty.

8      125.  Defendants perpetrated this bait and switch scheme on Plaintiff and Class

9  members in a common and uniform manner.  Defendants' misconduct and failures to

10  disclose the truth about the actual interest rate charged on the loans and describing the

11  loans as having a low payment that corresponded to a listed "teaser" rate was, at all

12  times relevant, deceptive and unfair.  Defendants initiated this scheme in order to

13  maximize the amount of the loans issued to consumers and to maximize Defendants'

14  profits.

15      126.  The acts, misrepresentations, omissions, and practices of Defendants

16  alleged above constitute unfair, and/or fraudulent business acts and/or practices within

17  the meaning of California Business and Professions Code Sections 17200 *et seq.*

18      127.  By engaging in the above described acts and practices, Defendants have

19  committed one or more acts of unfair competition within the meaning of Business and

20  Professions Code Sections 17200, *et seq.*

21      128.  Defendants' conduct, as alleged herein, was likely to deceive members of

22  the consuming public, and at all times relevant during the liability period, Defendants'

23  failures to disclose and omission of material facts have been and continue to be unfair,

24  fraudulent, untrue and/or deceptive.

25      129.  Defendants' misconduct as alleged herein gave Defendants an unfair

26  competitive advantage over their competitors.

27      130.  As a direct and proximate result of the aforementioned acts, Defendants,

28  and each of them, received monies and continue to hold the monies expended by

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

Plaintiff and others similarly situated who purchased the Option ARM loans as described herein.

131.  In addition to the relief requested in the Prayer below, Plaintiff seeks the imposition of a constructive trust over, and restitution of, the monies collected and realized by Defendants.

132.  The harm to Plaintiff, members of the general public and others similarly situated outweighs the utility of Defendants' policies, acts and/or practices and, consequently Defendants' conduct herein constitutes an unlawful business act or practice within the meaning of California Business & Professions Code Sections 17200 *et seq.*

133.  The unfair, deceptive and/or fraudulent business practices of Defendants, as fully described herein, present a continuing threat to members of the public to be misled and/or deceived by Defendant's ARM loans as described herein.  Plaintiff and other members of the general public have no other remedy of law that will prevent Defendants' misconduct as alleged herein from occurring and/or reoccurring in the future.

134.  As a direct and proximate result of Defendants' unfair and/or fraudulent conduct alleged herein, Plaintiff and Class Members have lost thousands if not millions of dollars of equity in their homes.  Plaintiff and Class members are direct victims of the Defendants' unlawful conduct, and each has suffered injury in fact, and have lost money or property as a result of Defendants' unfair competition.

135.  WHEREFORE, Plaintiff and members of the Classes are entitled to equitable relief, including restitution, restitutionary disgorgement of all profits accruing to Defendants because of their unfair, fraudulent, and deceptive acts and/or practices, attorneys fees and costs, declaratory relief, and a permanent injunction enjoining Defendants from their unfair, fraudulent and deceitful activity.

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-3858

CLASS ACTION COMPLAINT

- 36 -

## IX.

## FOURTH CAUSE OF ACTION

## FRAUDULENT OMISSIONS

### (Against All Defendants)

136. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

137. As alleged herein, pursuant to TILA, 15 U.S.C. §1601, *et seq.*, Regulation Z (12 C.F.R. §226) and the Federal Reserve Board's Official Staff Commentary, Defendants had a duty to disclose to Plaintiff, and each Class member, (i) the actual interest rate being charged on the Note(s), (ii) that negative amortization would occur and that the "principal balance *will* increase"; and (iii) that the initial interest rate on the note was discounted.

138. Defendants further had a duty to disclose to Plaintiff, and each Class member (i) the actual interest rate being charged on the Note(s), (ii) that negative amortization would occur and that the "principal balance *will* increase"; and (iii) that the initial interest rate on the note was discounted, based upon Defendants partial representations of material facts when Defendants had exclusive knowledge of material facts that negative amortization was certain to occur.

139. The Note(s) state at ¶ 3 (A) "Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal." However, the true facts are that the payment rate provided by Defendants was insufficient to pay both interest and principal. In fact, the payment rate was not even sufficient to pay enough interest to avoid negative amortization which, under the terms of the Note(s) was certain to occur.

140. The Note(s) further state, at ¶ 3(C) "If the Minimum Payment is not sufficient to cover the amount of the interest due then negative amortization will occur." However, the payment schedule provided by Defendants in the TILDS were

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 37 -

1  absolutely incapable of covering the amount of interest due and therefore this
2  statement was false in that it omitted this material fact.

3      141.  The Note(s) state an interest rate and an initial payment amount based on
4  that interest rate.  The TILDS Defendant gave to Plaintiff and the Class members
5  include the schedule of payments (including that initial payment rate) but yet disclose
6  a different interest rate.  The payment schedule, however, is wholly unrelated to the
7  true interest rate being charged on the loan and, at all times relevant during the
8  liability period, Defendants failed to disclose, and by omission, failed to inform
9  Plaintiff and the Class members of this important material information.

10     142.  The aforementioned omitted information was not known to Plaintiff and
11 the Class members and which, at all times relevant, Defendants failed to disclose
12 and/or actively concealed by making such statements and partial, misleading
13 representations to Plaintiff and all others similarly situated.  Because the Option ARM
14 loans did not provide a low interest rate for the first three (3) to five (5) years of the
15 Note, and the payment rate disclosed by Defendants was insufficient to pay both
16 principle and interest, negative amortization occurred.

17     143.  Defendants, and each of them, failed to disclose, and by omission failed to
18 inform Plaintiff and each Class member that (i) the payment rate provided to Plaintiff
19 and the Class members on the TILD was insufficient to pay both principle and
20 interest; (ii) that negative amortization was absolutely certain to occur if Plaintiff and
21 the Class members made payments according to the payment schedule provided by
22 Defendant; and (iii) that loss of equity and/or loss of Plaintiff and the Class members'
23 residence was substantially certain to occur if Plaintiff and the Class members made
24 payments according to the payment schedule provided by Defendant.

25     144.  As alleged herein, Defendants had a duty to disclose to Plaintiff, and each
26 Class member and at all times relevant, failed to disclose and/or concealed material
27 facts by making partial representations of some material facts when Defendants had
28 exclusive knowledge of material facts, including but not limited to, (i) the disclosed

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 38 -

CLASS ACTION COMPLAINT

1    interest was not the actual interest rate charged on the Note(s), (ii) that negative

2    amortization was certain to occur, and (iii) that the initial rate was discounted. The

3    concealed and omitted information was not known to Plaintiff and the Class members

4    and which, at all times relevant, Defendants failed to disclose and/or actively

5    concealed by making such statements and partial, misleading representations to

6    Plaintiff and all others similarly situated. Because the ARM loans did not provide a

7    low interest rate for the first three (3) to five (5) years of the Note and the payment

8    rate disclosed by Defendants was insufficient to pay both principal and interest,

9    negative amortization occurred.

10       145.    From the inception of Option ARM loan scheme, until the present,

11   Defendants have engaged in a purposeful and fraudulent scheme to omit material facts

12   known solely to them, and not reasonably discoverable by Plaintiff and the Class

13   members, regarding the true facts concerning the actual interest rate charged on the

14   loans, the negative amortization that was certain to occur, and that the initial interest

15   rate, in fact, was discounted, all of which Defendants were duty bound to clearly and

16   conspicuously disclose in the TILDS.

17       146.    Defendants, and each of them, have known from the inception of their

18   Option ARM loan scheme that these loans, (i) do not provide the promised initial

19   interest rate for the first three (3) to five (5) years of the Note, (ii) that negative

20   amortization would occur and that Plaintiff and the Class members' principal balances

21   would increase, and (iii) that the initial interest rate was discounted and did not

22   accurately reflect the interest that consumers were being charged on the loans.

23       147.    Defendants, and each of them, purposefully and intentionally devised this

24   Option ARM loan scheme to defraud and/or mislead consumers into believing that

25   these loans would provide a low-interest rate loan, for the first three to five years of

26   the note and that if they made their payments according to the payment schedule

27   provided by Defendants that it would be sufficient to pay both principal and interest.

28

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 39 -

CLASS ACTION COMPLAINT

1  148. The omitted information, as alleged herein, was material to Plaintiff and
2  each Class member in that had the information been disclosed, Plaintiff and each
3  Class member would not have entered into the loans.

4  149. As a direct and proximate result of Defendants' failures to disclose and
5  omission of material facts, as alleged herein, Plaintiff and each Class member has
6  suffered damages, which include, but are not limited to the loss of equity Plaintiff and
7  each Class member had in their homes prior to entering these loans.

8  150. The wrongful conduct of Defendants, as set forth herein, was willful,
9  oppressive, immoral, unethical, unscrupulous, substantially injurious, malicious and in
10 conscious disregard for the well being of Plaintiff, and others similarly situated.
11 Accordingly, Plaintiff, and the others similarly situated seek punitive damages against
12 Defendants in an amount to deter Defendants from similar conduct in the future.

13 151. WHEREFORE, Plaintiff and members of the Classes are entitled to all
14 legal and equitable remedies provided by law, including but not limited to actual
15 damages, exemplary damages, prejudgment interest and costs.

16

17                              **X.**

18                    **FIFTH CAUSE OF ACTION**

19                      **Breach of Contract**

20                    **(Against All Defendants)**

21 152. Plaintiff incorporates all preceding paragraphs as though fully set forth
22 herein.

23 153. Plaintiff and Class members entered into a written home loan agreement –
24 the contract or Note – with Defendants. The Note was drafted by Defendants and
25 could not be modified by Plaintiff or Class members. The Note describes terms and
26 respective obligations applicable to the parties herein.

27

28

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Sta. 510
Los Angeles, CA 90010
(213) 380-5858

- 40 -

CLASS ACTION COMPLAINT

154. The Note states the interest rate on the loan at 1% to 3% and indicates that it "may" change. The payment schedule in the TILDS, for the first three (3) to five (5) years of the Note, are based on that low 1% to 3% "teaser" interest rate.

155. Defendants drafted the Note and did not allow Plaintiff or the Class members any opportunity to make changes to the Note and due to Defendants' superior bargaining position, the Note was offered on a take it or leave it basis. As such, the Notes at issue are contracts of adhesion.

156. Defendants expressly and/or through their conduct and actions agreed that Plaintiff's and the Class members' monthly payment obligations would be sufficient to pay both the principal and interest owed on the loans.

157. At all times relevant during the liability period, Defendants breached this agreement and never applied any of Plaintiff and the Class members' payments to principal.

158. The written payment schedules prepared by Defendants, and applicable to Plaintiff's and Class members' loans, show that the payment amounts owed by Plaintiff and Class members to Defendants in year one are exactly equal to the amount required to pay off the loan if, indeed, the interest actually charged on the loan was the low interest rate promised. If the Defendants did as promised, the payments would have been sufficient to pay both principal and interest amounts.

159. Instead, Defendants immediately raised Plaintiff's and Class members' interest rates and applied *no part* of Plaintiff's and Class members' payments to the principal balances on their loans. In fact, because Defendants charged more interest than was agreed to and payments, as disclosed by Defendants, were, at all times relevant, insufficient to cover the interest charge and thus principal balances increased (which is the negative amortization built into the loan).

160. Defendants breached the written contractual agreement by failing to apply any portion of Plaintiff's and the Class members' monthly payments toward their principal loan balances.

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 41 -

1    161.  Plaintiff and the Class members, on the other hand, did all of those things

2    the contract required of them.    Plaintiff and the Class members made monthly

3    payments in the amount required by the terms of the Note and reflected in the

4    payment schedule prepared by Defendants.

5    162.  As a result of Defendants' breach of the agreement, Plaintiff and the Class

6    members have suffered harm.   Plaintiff and Class members have incurred additional

7    charges to their principal loan balance.  Plaintiff and Class members have incurred and

8    will continue to incur additional interest charges on the principal loan balance and

9    surplus interest added to Plaintiff's and Class members' principal loan balance.

10   Furthermore, Defendants' breach has placed Plaintiff and Class members in danger of

11   losing their homes through foreclosure, as Defendants have caused Plaintiff's and

12   Class members' principal loan balances to increase and limited these consumers'

13   ability to make their future house payments or obtain alternative home loan financing.

14   163.  At all times relevant, there existed a gross inequality of bargaining power

15   between the parties to the ARM loan contracts.   At all times relevant, Defendants

16   unreasonably and unconscionably exploited their superior bargaining position and

17   foisted upon Plaintiff and the Class members extremely harsh, one-sided provisions in

18   the loan contract, which Plaintiff and Class members were not made aware of and did

19   not comprehend (e.g., Defendants' fraud and failures to clearly and conspicuously

20   disclose as alleged herein), and which attempt to severely limit Defendants obligations

21   under the contracts at the expense of Plaintiff and Class members, as alleged herein.

22   As a direct and proximate result of these extremely harsh, one-sided provisions,

23   including but not limited to the provisions which seek to limit the "teaser" interest rate

24   for one month or less, these provisions are unconscionable and therefore

25   unenforceable.

26   164.  WHEREFORE, Plaintiff and members of the Class are entitled to

27   declaratory relief, compensatory damages proximately caused by Defendants breach

28

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 42 -

CLASS ACTION COMPLAINT

1  of contract as alleged herein, pre-judgment interest, costs of suit and other relief as the
2  Court deems just and proper.

3

4                                              **XI.**

5                              **SIXTH CAUSE OF ACTION**

6               **Breach of Implied Covenant of Good Faith and Fair Dealing**

7                                   **(Against All Defendants)**

8         165.  Plaintiff incorporates all preceding paragraphs as though fully set forth
9  herein.

10        166.  Defendants entered into written agreements with Plaintiff and Class
11  members based on representations Defendants made directly and indirectly to Plaintiff
12  and the Class members about the terms of their loans.

13        167.  Defendants expressly and impliedly represented to Plaintiff and the Class
14  members that they would provide loans secured by Plaintiff's and Class members'
15  homes, and that the loans would have a fixed interest rate at promised low interest rate
16  for a period of three (3) to five (5) years.

17        168.  Defendants also represented that if Plaintiff and the Class members made
18  the monthly payments in the amount prescribed by Defendants that no negative
19  amortization would occur.  The Note expressly states and/or implies that Plaintiff's
20  and Class members' monthly payment obligation **will** be applied to pay both principal
21  and interest owed on the loan.  The Note further states that for each monthly payment
22  Plaintiff and the Class members interest shall be paid before principal.

23        169.  The written payment schedules prepared by Defendants, and applicable to
24  Plaintiff's and Class members' loans, show that the payment amounts owed by
25  Plaintiff and Class members to Defendants in year one are exactly equal to the amount
26  required to pay off the loan if, indeed, the interest actually charged on the loan was the
27  low interest rate promised.  If the Defendants acted as it promised, the payments
28  would have been sufficient to pay both principal and interest.

LEE & FIELDS
A PROFESSIONAL CORPORATION
3700 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

1    170. Instead, Defendants immediately raised Plaintiff's and Class members'

2    interest rate and applied *no part* of Plaintiff's and Class members' payment to

3    principal. In fact, because Defendants charged more interest than was disclosed and

4    agreed to in the loan contracts, Plaintiff's and the Class members' payments were

5    insufficient to cover the interest that Defendants charged resulting in an increase in the

6    amount of principal Plaintiff and the Class members owed on their homes.

7    171. Defendants unfairly interfered with Plaintiff's and Class members' rights

8    to receive the benefits of the contract. These loans will cost Plaintiff and Class

9    members thousands of dollars more than represented by Defendants. Plaintiff and

10    Class members did not receive the fixed low interest rate home loan promised them by

11    Defendants. Defendants have caused Plaintiff and Class members to lose equity in

12    their homes and therefore have denied Plaintiff and Class members the enjoyment and

13    security of one of their most important investments.

14    172. Plaintiff and Class members, on the other hand, did all of those things the

15    contract required of them. Plaintiff and Class members made monthly payments in

16    the amount required by the terms of the Note and reflected in the payment schedule

17    prepared by Defendants.

18    173. At all times relevant, Defendants unreasonably denied Plaintiff and

19    members of the Class the benefits promised to them under the terms of the Note,

20    including but not limited to: (i) the promised low interest rate for the first three (3) to

21    five (5) years of the loan as reflected in the payment schedule, (ii) payments to both

22    principle and interest during the first three (3) to five (5) years of the loan; and (iii)

23    secretly added negative amortization to the principle balance, and charged interest on

24    that unpaid interest.

25    174. Knowing the truth and motivated by profit and market share, Defendants

26    have knowingly and willfully breached the implied covenant of good faith and fair

27    dealing by engaging in the acts and/or omissions to mislead and/or deceive Plaintiff

28    and others similarly situated as alleged herein.

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 44 -

CLASS ACTION COMPLAINT

175.  Defendants breaches, as alleged herein were committed with willful and wanton disregard for whether or not Plaintiff or others similarly situated would actually receive a home loan that would provide the promised low interest and payment rate for the first three (3) to five (5) years of the loan sufficient to pay both principal and interest.

176.  Upon information and belief and at all times relevant during the liability period, Defendants possessed full knowledge and information concerning the above facts about the Option ARM loans, and otherwise marketed and sold these loans throughout the United States, including the State of California.

177.  Defendants' placing of their corporate and/or individual profits over the rights of others is particularly vile, base, contemptible, and wretched and said acts and/or omissions were performed on the part of officers, directors, and/or managing agents of each corporate Defendant and/or taken with the advance knowledge of the officers, directors, and/or managing agents who authorized and/or ratified said acts and/or omissions.  Defendants thereby acted with malice and complete indifference to and/or in conscious disregard for the rights and safety of others, including Plaintiff and the General Public.

178.  At all times relevant during the liability period, Defendants' conduct, as alleged herein, was malicious, oppressive, and/or fraudulent.

179.  As a direct and proximate result of Defendants' misconduct, as alleged herein, Plaintiff and the Class members have suffered harm.  Plaintiff and the Class members have incurred additional charges to their principal loan balances.  Plaintiff and the Class members have incurred and will continue to incur additional interest charges on their principal loan balances which Defendants have secretly added to their principal loan balances.   Furthermore, Defendants' breach has caused and/or otherwise placed Plaintiff and the Class members in danger of losing their homes through foreclosure and, as a direct and proximate result of said misconduct, caused Plaintiff and the Class members' principal loan balances to increase limiting these

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

- 45 -

CLASS ACTION COMPLAINT

1  consumers' ability to make their future house payments or obtain alternative home
2  loan financing.

3      180.  WHEREFORE, Plaintiff and members of the Class are entitled to
4  declaratory relief, all damages proximately caused by Defendants' breach of the
5  implied covenant of good faith and fair dealing as alleged herein, punitive damages,
6  pre-judgment interest, costs of suit and other relief as the Court deems just and proper.

7

8                              **XII.**
9                     **SEVENTH CAUSE OF ACTION**
10  **Violation of California's Unfair Competition Law, Bus. & Prof. Code §17200, *et***
11        ***seq.*, – "Unlawful" Business Acts or Practices Predicated on**
12                  **Violations of Cal. Financial Code § 22302**
13                      **(Against All Defendants)**

14      181.  Plaintiff incorporates all preceding paragraphs as though fully set forth
15  herein.

16      182.  Plaintiff brings this cause of action on behalf of themselves, on behalf of
17  the Class, and in her capacity as a private attorney general against all Defendants for
18  their unlawful business acts and/or practices pursuant to California Business and
19  Professions Code Sections 17200 *et seq.*, which prohibits all unlawful business acts
20  and/or practices.

21      183.  Plaintiff asserts these claims as they are representatives of an aggrieved
22  group and as a private attorney general on behalf of the general public and other
23  persons who have expended funds that the Defendants should be required to pay or
24  reimburse under the equitable and restitutionary remedies provided by California
25  Business and Professions Code Sections 17200 *et seq.*

26      184.  The unlawful acts and practices of Defendants alleged above constitute
27  unlawful business acts and/or practices within the meaning of California Business and
28  Professions Code Sections 17200 *et seq.*

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

185.  By engaging in the above described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of Business and Professions Code Sections 17200, *et seq.*

186.  Defendants' unlawful business acts and/or practice as alleged herein have violated numerous laws and/or regulations and said predicate acts are therefore *per se* violations of §17200, *et seq.*  These predicate unlawful business acts and/or practices include Defendants' violation of California Financial Code § 22302.

187.  California Financial Code § 22302 applies to consumer loan contracts.  It states that a loan found to be unconscionable pursuant to Section 1670.5 of the California Civil Code shall be deemed to be a violation of Financial Code § 22302.

188.  The loan contracts prepared by Defendants and entered into between Plaintiff and Class members and Defendants were, and are, unconscionable pursuant to Section 1670.5 of the Civil Code.

189.  The relative bargaining power between Plaintiff and Class members and Defendants was unequal.  Plaintiff and Class members could not negotiate or change any of the particular terms related to the loan contracts drafted by Defendants.  To secure the loan, Plaintiff and Class members were given no choice but to make payments as described in the payment schedule and to accept and sign all the associating documents numbering over a hundred pages.

190.  The period of time in which Defendant actually provided the promised low interest rate was for only one month.  Because Defendant packaged the documents in such a manner as to lead Plaintiff and the Class members to believe that they had a low interest rate loan for the first three (3) to five (5) years of the Note, and therefore low payments for three to five years, this resulted in Plaintiff and the Class members owing significantly more on their homes than before they entered into these loan contracts.

191.  Defendants drafted these loan documents for use on tens of thousands of individuals in a common and uniform manner.  The loan process was such that

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 47 -

1  individual terms could not be modified.  The documents evidencing the loan were
2  delivered to Plaintiff and Class members at the time of signature.  The loan process
3  offered by Defendants did not permit for any meaningful negotiation of terms or even
4  allow sufficient time to conduct an adequate review of the loan documents at the time
5  of execution.  And, even when sufficient time was allowed, the documents contained
6  inconsistent and conflicting information, as alleged herein, which therefore made it
7  difficult, if not impossible, for consumers to decipher what legal obligations the loans
8  would entail.

9      192.  In furtherance of their scheme, Defendants inserted into the loan contracts
10  a prepayment penalty provision that has, as it sole purpose, to cause Plaintiff and
11  Class members to continue under the terms of their loans or lose thousands of dollars
12  if Plaintiff tries to refinance the loans.

13      193.  The loans, as drafted and presented by Defendants, were so "one-sided"
14  that they could only lead Plaintiff and Class members to one result, which was a
15  significant loss of money.   As a direct and proximate result of Defendants'
16  unconscionable conduct, as alleged herein, Plaintiff and the Class members have
17  suffered direct and actual injury.

18      194.  Because Defendant's Option ARM loan contract is unconscionable
19  pursuant to Section 1670.5 of the Civil Code, Defendant's Option ARM loan violates
20  Financial Code § 22302 and constitutes a violation of the UCL.

21      195.  As a direct and proximate result of the aforementioned acts, Defendants,
22  and each of them, received monies and continue to hold the monies expended by
23  Plaintiff and others similarly situated who purchased the ARM loans as described
24  herein.

25      196.  In addition to the relief requested in the Prayer below, Plaintiff seeks the
26  imposition of a constructive trust over, and restitution of, the monies collected and
27  realized by Defendants.

28

LEE & FIELDS
A Professional Corporation

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

197.    The unlawful acts and practices, as fully described herein, present a continuing threat to members of the public to be misled and/or deceived by Defendants as described herein.  Plaintiff and other members of the general public have no other remedy of law that will prevent Defendants' misconduct, as alleged herein, from occurring and/or reoccurring in the future.

198.    As a direct and proximate result of Defendants' unlawful conduct alleged herein, Plaintiff and Class Members have lost thousands if not millions of dollars of equity in their homes.  Plaintiff and Class members are direct victims of the Defendants' unlawful conduct, as herein alleged, and each has suffered injury in fact, and has lost money or property as a result of Defendants' unfair competition.

199.    WHEREFORE, Plaintiff and members of the Classes are entitled to equitable relief, including restitution, restitutionary disgorgement of all profits accruing to Defendants because of their unlawful, unfair and fraudulent, and deceptive practices, attorney's fees and costs, declaratory relief, and a permanent injunction enjoining Defendants from their unlawful activity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all Class members pray for judgment against each Defendant, jointly and severally, as follows:

A.    An order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class;

B.    For actual damages according to proof;

C.    For compensatory damages as permitted by law;

D.    For consequential damages as permitted by law;

E.    For statutory damages as permitted by law;

F.    For punitive damages as permitted by law;

G.    For rescission;

H.    For equitable relief, including restitution;

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 49 -

1    I.    For restitutionary disgorgement of all profits Defendants obtained as a result of their unfair competition;

3    J.    For interest as permitted by law;

4    K.    For Declaratory Relief;

5    L.    For a mandatory injunction requiring Defendants to permanently include in every Option ARM loan and disclosure statement: (i) clear and conspicuous disclosure of the actual interest rate on the Note(s) and disclosure statement(s) as required under 12 C.F.R. § 226.17 by; (ii) clear and conspicuous disclosure in the Note(s) and the disclosure statement(s) that payments on the variable interest rate loan during the initial period at the teaser rate will result in negative amortization and that the principal balance will increase as required under 12 C.F.R. § 226.19; and (iii) clear and conspicuous disclosure that the initial interest rate provided is discounted and does not reflect the actual interest that Plaintiff and Class members would be paying on the Note(s).

16    M.    For reasonable attorneys' fees and costs; and

17    N.    For such other relief as is just and proper.

18    DATED: January 14, 2008          LEE & FIELDS
                                        A Professional Corporation

20                                      By:

                                        Edward Y. Lee, Esq.
21                                      Christopher P. Fields, Esq.
22                                      3701 Wilshire Blvd., Ste. 510
                                        Los Angeles, CA 90010
23                                      Phone: (213) 380-5858
                                        Fax:  (213) 380-5860

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 50 -

1
2
3
4
5
6

Paul R. Kiesel, Esq.
Patrick Deblase, Esq.
Michael C. Eyerly, Esq.
KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, California 90210
Phone: (310) 854-4444
Fax: (310) 854-0812

7
8
9
10
11

Jeffrey K. Berns, Esq.
LAW OFFICES OF JEFFREY K. BERNS
19510 Ventura Blvd, Suite 200
Tarzana, California 91356
Phone: (818) 961-2000
Fax: (818) 867-4820

12
13

Attorneys for Plaintiff and all
others Similarly Situated

14

15    **DEMAND FOR JURY TRIAL**

16    Plaintiff hereby demands a trial by jury to the full extent permitted by law.

17

18    DATED: January 14, 2008          LEE & FIELDS,

19                                     A Professional Corporation

20

21    By:

22                                     Edward Y. Lee, Esq.
23                                     Christopher P. Fields, Esq.
24                                     3701 Wilshire Blvd., Ste. 510
                                       Los Angeles, CA 90010
25                                     Phone: (213) 380-5858
                                       Fax:  (213) 380-5860

26
27
28

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

Paul R. Kiesel, Esq.
Patrick Deblase, Esq.
Michael C. Eyerly, Esq.
KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, California 90210
Phone:  (310) 854-4444
Fax:  (310) 854-0812

Jeffrey K. Berns, Esq.
LAW OFFICES OF JEFFREY K. BERNS
19510 Ventura Blvd, Suite 200
Tarzana, California 91356
Phone: (818) 961-2000
Fax:  (818) 867-4820

Attorneys   for   Plaintiff   and   all   others
    Similarly Situated

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION COMPLAINT

- 52 -

# EXHIBIT 1

# ADJUSTABLE RATE NOTE
(12 MAT Payment and Rate Caps)

MIN: 1004246-0611010100-3
Loan # 0611010100

. THIS NOTE CONTAINS PROVISIONS THAT WILL CHANGE THE INTEREST RATE AND THE
MONTHLY PAYMENT. THERE MAY BE A LIMIT ON THE AMOUNT THAT THE MONTHLY
PAYMENT CAN INCREASE OR DECREASE. THE PRINCIPAL AMOUNT TO REPAY COULD BE
GREATER THAN THE AMOUNT ORIGINALLY BORROWED, BUT NOT MORE THAN THE LIMIT
STATED IN THIS NOTE.

NOVEMBER 15, 2006                    ORANGE                    ,    CALIFORNIA
[Date]                              [City]                        [State]

8201 CAMINO COLEGIO UNIT 75, ROHNERT PARK, CALIFORNIA 94928
[Property Address]

1.   BORROWER'S PROMISE TO PAY
     In return for a loan that I have received, I promise to pay U.S. $ 210,000.00          (this amount is called
"principal"), plus interest, to the order of the Lender. The Lender is   U.S FINANCIAL FUNDING INC., A
CALIFORNIA CORPORATION

I will make all payments under this Note in the form of cash, check or money order. I understand that the Lender may transfer
this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is
called the "Note Holder."

2.   INTEREST
     (A) Interest Rate
     Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly
rate of        2.400 %. This is my initial interest rate. The interest rate I will pay may change.
     The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B)
of this Note.
     (B) Interest Rate Change Dates
     The interest rate I will pay may change on the first day of          JANUARY , 2007    , and on that day
every month thereafter. Each date on which my interest rate could change is called an "Interest Rate Change Date." The new
rate of interest will become effective on each Interest Rate Change Date.
     (C) Interest Rate Limit
     My interest rate will never be greater than        9.950 %.
     (D) Index
     Beginning with the first Interest Rate Change Date, my interest rate will be based on an Index. The "Index" is the
Twelve-Month Average, determined as set forth below, of the monthly yields on actively traded United States Treasury
Securities adjusted to a constant maturity of one year as published by the Federal Reserve Board in the Federal Reserve
Statistical Release entitled "Selected Interest Rate (H.15)" ("the Monthly Yields"). The Twelve-Month Average is determined
by adding together the Monthly Yields for the most recently available twelve months and dividing by 12. The most recent Index
figure available as of 15 days before each Interest Rate Change Date is called the "Current Index".
     If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information.
The Note Holder will give me notice of this choice.
     (E) Calculation of Interest Rate Changes
     Before each Interest Rate Change Date, the Note Holder will calculate my new interest rate by adding
THREE AND 550/1000               percentage point(s) (      3.550 %) to the Current Index.
Subject to the limit stated in Section 2(C) above, the result of this addition will be my new interest rate until the next Interest
Rate Change Date.

FMB 12 MAT Fixed Minimum Payment Adjustable Rate Note – Multistate
Page 1 of 4                                                              Form 3005
8490774 (0610)                VMP Mortgage Solutions, Inc. (800)521-7291              10/06

3. **PAYMENTS**

   **(A) Time and Place of Payments**

   I will pay principal and interest by making payments every month.

   I will make my monthly payments on the first day of each month beginning on     JANUARY 1   2007   . I will make these payments every month until I have paid all the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before principal. If, on DECEMBER 1, 2046     , I still owe amounts under this Note, I will pay these amounts in full on that date, which is called the "Maturity Date."

   I will make my monthly payments at    2100 W. ORANGEWOOD AVE., SUITE 200, ORANGE,
   CALIFORNIA 92868                                                                or at a different place
   required by the Note Holder.

   **(B) Amount of My Initial Monthly Payments**

   Each of my initial monthly payments will be in the amount of U.S. $ 681.00     . This amount may change. My initial monthly payment may be an amount that is less than the amount that would be required to repay my unpaid principal on the Maturity Date in full in substantially equal installments.

   **(C) Payment Change Dates**

   My monthly payment may change as required by Section 3(D) below beginning on the        1st         day of
   JANUARY     , 2012   , and on that day every 12th month thereafter. Each of these dates is called a "Payment Change Date." My monthly payment also will change at any time Section 3(F) or 3(G) below requires me to pay a different monthly payment.

   I will pay the amount of my new monthly payment each month beginning on each Payment Change Date or as provided in Section 3(F) or 3(G) below.

   **(D) Calculation of Monthly Payment Changes**

   Before each Payment Change Date, the Note Holder will calculate the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Payment Change Date in full on the Maturity Date in substantially equal installments at the interest rate effective during the month preceding the Payment Change Date. The result of this calculation is called the "Full Payment." My new monthly payment will be in the amount of the Full Payment unless the Full Payment is more than 7.5% greater or less than the amount of my last monthly payment due before the Payment Change Date, in which case my new monthly payment will be limited to an amount that will not be more than 7.5% greater or less than the amount of my last monthly payment due before the Payment Change Date, but this limitation will not apply under the circumstances described in Section 3(F) or 3(G).

   **(E) Additions to My Unpaid Principal**

   My monthly payment could be less than the amount of the interest portion of the monthly payment that would be sufficient to repay the unpaid principal I owe at the monthly payment date in full on the Maturity Date in substantially equal payments. If so, each month that my monthly payment is less than the interest portion, the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion and will add the difference to my unpaid principal. The Note Holder also will add interest on the amount of this difference to my unpaid principal each month. The interest rate on the interest added to principal will be the rate required by Section 2 above.

   **(F) Limit on My Unpaid Principal; Increased Monthly Payment**

   My unpaid principal can never exceed a maximum amount equal to one hundred   ONE HUNDRED FIFTEEN
   AND 000/1000 percent (         115.000   %) of the principal amount I originally borrowed. Because of my paying only limited monthly payments, the addition of unpaid interest to my unpaid principal under Section 3(E) above could cause my unpaid principal to exceed that maximum amount when interest rates increase. In that event, on the date that my paying my monthly payment would cause me to exceed that limit, I will instead pay a new monthly payment. The new monthly payment will be in an amount that would be sufficient to repay my then unpaid principal in full on the Maturity Date in substantially equal installments at the interest rate effective during the preceding month.

   **(G) Required Full Payment**

   On the 1st Payment Change Date and on each succeeding 5th Payment Change Date thereafter, I will begin paying the Full Payment as my monthly payment until my monthly payment changes again. I also will begin paying the Full Payment as my monthly payment on the final Payment Change Date.

4. **NOTICE OF CHANGES**

   The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

Form 3005
10/05

B4B0774 (08/10)                                      Page 2 of 4

3005.lms



**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
DIAN C LYMBURNER                -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                            -Borrower                                          -Borrower

*[Sign Original Only]*

8480774 (0610)                          Page 4 of 4                          Form 3005
                                                                             10/06

3005.imo

**FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT**
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Date: NOVEMBER 15, 2006

n Number: 0611010100
ditor: U.S FINANCIAL FUNDING INC.
lress: 2100 W. ORANGEWOOD AVE., SUITE 200, ORANGE, CALIFORNIA 92868

rower(s): DIAN C LYMBURNER

lress: 8201 CAMINO COLEGIO UNIT 75, ROHNERT PARK, CALIFORNIA 94928

s containing an "x" are applicable:

| ANNUAL PERCENTAGE RATE *e cost of your credit as a early rate | FINANCE CHARGE The dollar amount this credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments This amount you will have paid after you have made all payments as scheduled. | ☐ Total Sale Price The total cost of your purchase on credit including your down-payment of $ |
|---|---|---|---|---|
| 8.578 % | $602,041.00 | $204,026.00 | $806,067.00 | $ |

| AYMENTS: Your payment schedule will be: | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| mber of ments | Amount of Payment ** | When Payments Are Due | Number of Payments | Amount of Payment ** | When Payments Are Due | Number of Payments | Amount of Payment ** | When Payments Are Due |
| | | Monthly Beginning | | | Monthly Beginning | | | Monthly Beginning |
| 36 | 681.00 | 01/01/07 | | | | | | |
| 44 | 1,760.25 | 01/01/10 | | | | | | |

___ DEMAND FEATURE: This obligation has a demand feature.

X_ VARIABLE RATE FEATURE: Your loan contains a variable rate feature. Disclosures about the variable rate feature have been provided to you earlier.

ISURANCE: The following insurance is required to obtain credit:
      Credit life insurance and credit disability ___ X_ Property Insurance ___ Flood Insurance ___ Mortgage Insurance
      You may obtain property insurance from any insurer that is acceptable to the Lender.

CURITY: You are giving a security interest in: 8201 CAMINO COLEGIO UNIT 75, ROHNERT PARK, CALIFORNIA
      ___ The goods or property being purchased ___ X_ Real property you already own.  94928

LING FEES: $

TE CHARGE: If payment is more than ___ 15 ___ days late, you will be charged ___ 5.000 ___ % of the payment.

EPAYMENT: If you pay off early, you
X_ may ___ will not  have to pay a penalty.
___ may ___ X_ will not  be entitled to a refund of part of the finance charge.

SSUMPTION: Someone buying your property
___ may ___ X_ may, subject to conditions ___ may not  assume the remainder of your loan on the original terms.

e your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds
d penalties.

X_ "e" means an estimate ___ all dates and numerical disclosures except the late payment disclosures are estimates.

      Each of the undersigned acknowledge receipt of a complete copy of this disclosure. The disclosure does not constitute a contract or a commitment to lend.

| licant DIAN C LYMBURNER | Date | Applicant | Date |
|---|---|---|---|
| licant | Date | Applicant | Date |
| pplicant | Date | Applicant | Date |

NOTE: Payments shown above do not include reserve deposits for taxes, assessments, and property or flood insurance.