Edward Y. Lee (SBN 171996)
edlee@leefieldslaw.com
Christopher P. Fields (SBN 174155)
chrisfields@leefieldslaw.com
**LEE & FIELDS, A.P.C.**
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
Phone: (213) 380-5858

Paul R. Kiesel, Esq. (SBN 119854)
kiesel@kbla.com
Patrick DeBlase, Esq. (SBN 167138)
deblase@kbla.com
Michael C. Eyerly, Esq. (SBN 178693)
eyerly@kbla.com
**KIESEL BOUCHER LARSON LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211
Phone: (310) 854-4444
Fax: (310) 854-0812

Jeffrey K. Berns, Esq. (SBN 131351)
jberns@jeffbernslaw.com
**LAW OFFICES OF JEFFREY K. BERNS**
19510 Ventura Boulevard, Suite 200
Tarzana, California 91356
Phone: (818) 961-2000; Fax: (818) 867-4820

Attorneys for Plaintiff and all Others Similarly Situated

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAN C. LYMBURNER, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FINANCIAL FUNDING, INC., a California corporation, and Does 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV08-0325 SBA<br><br>**CLASS ACTION**<br><br>**JOINT RULE 26(F) REPORT**<br><br>Hearing Date : April 23, 2008<br>Time : 3:15 p.m.<br>Place : Courtroom 3<br>Judge : Hon. S. Brown Armstrong<br><br>Complaint Filed: Jan. 17, 2008<br>Trial Date : None yet set |

Following a conference of counsel on March 31, 2008, Plaintiff DIAN C. LYMBURNER and Defendant U.S. FINANCIAL FUNDING, INC., submit this written report pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1.

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION – JOINT RULE 26(F) REPORT - CV08-0325 SBA

- 1 -

## I. INTRODUCTORY STATEMENT

This is a putative state and nationwide class action. Plaintiff filed her Complaint on January 17, 2008. The Complaint asserts seven (7) causes of action and seeks a variety of legal remedies. The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., is the basis for Count 1 and includes six (6) alleged independent violations of TILA. The Unfair Competition Law, Business and Professions Code § 17200 et seq., is the basis for Counts 2 and 7 (unlawful business practices), and Count 3 ("unfair" and "fraudulent" business practices). Count 4 is predicated on the alleged fraudulent omissions. There are two contract causes of action: breach of contract (Count 5) and breach of the implied covenant of good faith and fair dealing (Count 6).

## II. FACTUAL SUMMARY OR ANALYSIS OF THE CASE

### A. PLAINTIFF'S STATEMENT

Plaintiff, individually and on behalf of the proposed classes, alleges that Defendants failed to disclose important material information in connection with the Option ARM home loan Defendant sold to Plaintiff and other consumers. Plaintiff alleges that these Option ARM loans and the documents Defendants used to sell them violate TILA. Plaintiff contends that TILA requires all lenders, including Defendants, to make certain disclosures to borrowers concerning the terms and conditions of their home loans in a clear and conspicuous manner. Plaintiff alleges that Defendants failed to clearly and conspicuously disclose, in their loan documents and in the federally required TILA disclosure statements: (i) the actual interest rate Defendants charged Plaintiff and consumers on their loans; (ii) the payments on the notes at the initial low interest rate absolutely would result in negative amortization and that the principal balance absolutely would increase as a result; and (iii) that the initial interest rate provided was discounted and does not reflect the actual interest that Plaintiff, and others, were paying on the loans. Plaintiff seeks the right of rescission, individually and on behalf of the Class, under TILA, as well as damages.

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION – JOINT RULE 26(F) REPORT - CV08-0325 SBA

- 2 -

Plaintiff further alleges that Defendants alleged misconduct also violated the "unlawful," "unfair" and "fraudulent" prongs of the UCL which is based upon the generally applicable duty of any contracting party to disclose important material facts, and on the duty to refrain from unfair and deceptive business practices.

Lastly, Plaintiff alleges that the Defendants breached the express terms of the written contract entered by and between Plaintiff and Defendants by failing to apply any portion of Plaintiff's loan payments, which were based on the initial low interest rate, to reduce the principal balance on the loan. Defendants also failed to provide the low interest rate to Plaintiff's loan in the manner agreed by the Parties. Plaintiff seeks damages and/or other equitable relief on these causes of action.

B.    DEFENDANT'S STATEMENT.

Defendant contends that it has not violated TILA or any other applicable statutes and regulations. In fact, Defendant contends that it has followed and met all the requirements under TILA. Defendant clearly and conspicuously disclosed the applicable rate of interest in Plaintiff's Adjustable Rate; the possibility of negative amortization; the fact that the initial interest rate was discounted; and the correct APR.

III.    REPORT ON FED. R. CIV. P. 26(F) ISSUES.

A.    INITIAL DISCLOSURES.

The parties have agreed that initial disclosures will be exchanged pursuant to Fed. R. Civ. P. 26(a)(1) within the time prescribed in the Rule.

B.    DISCOVERY NEEDED.

The parties are in agreement that discovery should proceed forthwith. Plaintiff will be seeking discovery related to identifying the subsequent purchasers and assignees of the ARM loans Defendant sold during the Class Period. Plaintiff will also be seeking discovery related to Defendant's loan practices and conduct in connection with the formulation, development, implementation, and marketing of the ARM loans at issue. Defendant will be seeking discovery related to plaintiff's understanding of the terms of the ARM loan and the disclosure documents received by plaintiff. Defendant

will also be seeking discovery related to potential class members. The parties further agree that initial discovery should be directed to class certification issues, but acknowledge the potential for overlap between discovery related to class certification and that related to the merits.

**C.   COMPLETION OF INITIAL DISCOVERY AND PROPOSED CLASS CERTIFICATION BRIEFING SCHEDULE.**

1. **Plaintiff's Position Regarding the Completion of Initial Discovery.**

Plaintiff's position is that initial discovery should close not earlier than 240 days from the Initial Case Management Conference.

2. **Defendants' Position Regarding the Completion of Initial Discovery into Class Certification Issues.**

Defendant agrees with Plaintiff that the initial discovery should not close earlier than 240 days from the Initial Case Management Conference.

3. **Class Certification Briefing Schedule.**

Plaintiff intends to file a motion for class certification. With respect to the briefing of that motion, the parties are in agreement that Plaintiff shall file her motion, brief in support, class trial plan and all arguments and evidence relied upon by Plaintiff in support of her request for class certification within 30 days of the close of initial discovery. Within 45 days after Plaintiff files her motion for class certification and accompanying submissions, Defendant will file their opposition thereto, together with all arguments and evidence relied upon by Defendants in opposition to Plaintiff's request for class treatment. Within 30 days after Defendants file their opposition to Plaintiff's motion for class certification, Plaintiff will file her reply thereto responding to the arguments and evidence advanced by Defendant in its class certification opposition submissions. Defendant may file a dispositive motion before Plaintiff's Class Certification motion is heard.

//
//

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 520
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION – JOINT RULE 26(F) REPORT - CV08-0325 SBA

- 4 -

D. **DISCOVERY OF ELECTRONICALLY STORED INFORMATION.**

The parties have agreed to meet and confer on a protocol that will govern the production of Electronically Stored Information in accordance with the Federal Rules of Civil Procedure. The parties intend to submit such a protocol in the form of a case management order.

E. **PRIVILEGE OR WORK PRODUCT ISSUES.**

At present, the parties are not aware of any issues relating to claims of privilege or work product. Nevertheless, Plaintiff has provided Defendant with a draft Stipulated Protective Order which is based on the Protective Order that is available on the Court's website. To the extent such issues arise in the future, the parties will confer to address them and, if necessary, bring them to the attention of the Court.

F. **LIMITATIONS ON DISCOVERY.**

Plaintiff requests permission to take a maximum of 25 fact witness depositions pursuant to Fed. R. Civ. P. 30(a)(2). Plaintiff requests that the parties be permitted to serve 50 interrogatories.

Defendants request a maximum of 25 depositions including the deposition of plaintiff, the mortgage brokers involved with plaintiff's loan and other potential witnesses. Defendants request that the parties be permitted to serve (fifty) 50 interrogatories.

G. **OTHER DISCOVERY DEADLINES**

The parties propose the following pre-trial schedule:

| Pretrial or Trial Event | Plaintiff's Requested Deadline | Defendant's Requested Deadline |
| --- | --- | --- |
| Deadline to Amend Pleadings | December 31, 2008 | December 31, 2008 |
| Motion for Class Certification | December 30, 2008 | December 30, 2008 |
| Non-Expert Discovery Cut-Off Date | June 29, 2009 | June 29, 2009 |
| Opening Expert Witness Disclosure | July 31, 2009 | July 31, 2009 |
| Rebuttal Expert Witness Disclosure | August 17, 2009 | August 17, 2009 |

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION – JOINT RULE 26(F) REPORT - CV08-0325 SBA

- 5 -

| | | |
|---|---|---|
| Expert Discovery Cut-Off Date | September 19, 2009 | September 19, 2009 |
| Dispositive Motions Due | October 19, 2009 | October 19, 2009 |
| Parties to meet and confer to prepare joint final pretrial conference statement and proposed order and coordinated submission of trial exhibits and other material | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Filing Joint Pretrial Conference Statement and Proposed Order | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Lodging exhibits and other trial materials | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Last day to serve and file briefs on disputed issues of law, including procedural and evidentiary issues | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Serve and file requested *voir dire*, jury instructions and forms verdict | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Serve and file statements designating deposition excerpts, form interrogatory answers and responses to requests for admission to be offered at trial other than for impeachment or rebuttal | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Last day to meet and confer regarding objections to evidence | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Final Pretrial Conference and Hearing on Motions in Limine | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Trial Date | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |

### H. OTHER ORDERS.

At present, the parties do not propose that this Court enter any other orders under Fed. R. Civ. P. 16 or 26(c). The parties expect that a confidentiality order is appropriate. The parties are currently meeting and conferring over the proposed Stipulated Protective Order and if deemed necessary, the parties will file an appropriate motion seeking its entry.

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION – JOINT RULE 26(F) REPORT - CV08-0325 SBA

- 6 -

DATED: April 14, 2008

Respectfully submitted,

DIAN C. LYMBURNER
By her attorneys,

/s/

Edward Y. Lee, Esq.
Christopher P. Fields, Esq.
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
Phone: (213) 380-5858
Fax:  (213) 380-5860

Paul R. Kiesel, Esq.
Patrick Deblase, Esq.
Michael C. Eyerly, Esq.
KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, California 90210
Phone:  (310) 854-4444
Fax:  (310) 854-0812

Jeffrey K. Berns, Esq.
LAW OFFICES OF JEFFREY K. BERNS
19510 Ventura Blvd, Suite 200
Tarzana, California 91356
Phone: (818) 961-2000
Fax:  (818) 867-4820

Attorneys for Plaintiff and all others
Similarly Situated

DATED: 4/15, 2008

U.S. FINANCIAL FUNDING, INC.

By their attorneys,

/s/
LEWIS BRISBOIS BISGAARD &
SMITH LLP

*Attorneys for Defendant*

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

CLASS ACTION – JOINT RULE 26(F) REPORT - CV08-0325 SBA

- 7 -