Edward Y. Lee (SBN 171996)
edlee@leefieldslaw.com
Christopher P. Fields (SBN 174155)
chrisfields@leefieldslaw.com
**LEE & FIELDS, A.P.C.**
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
Phone: (213) 380-5858

Paul R. Kiesel, Esq. (SBN 119854)       Jeffrey K. Berns, Esq. (SBN 131351)
kiesel@kbla.com                         jberns@jeffbernslaw.com
Patrick DeBlase, Esq. (SBN 167138)      **LAW OFFICES OF JEFFREY K.**
deblase@kbla.com                        **BERNS**
Michael C. Eyerly, Esq.(SBN 178693)     19510 Ventura Boulevard, Suite 200
eyerly@kbla.com                         Tarzana, California 91356
**KIESEL BOUCHER LARSON LLP**            Phone: (818) 961-2000; Fax: (818) 867-4820
8648 Wilshire Boulevard
Beverly Hills, California 90211
Phone:  (310) 854-4444
Fax:  (310) 854-0812

Attorneys for Plaintiff and all Others Similarly Situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAN C. LYMBURNER, individually, and on behalf of others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>U.S. FINANCIAL FUNDING, INC., a California corporation, and Does 1 through 10, inclusive,<br><br>      Defendants. | CASE NO.  CV08-0325 SBA<br><br>**PROPOSED STIPULATED PROTECTIVE ORDER**<br><br><br><br>Complaint Filed: Jan. 17, 2008<br><br>Trial Date: Not yet set |

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation

**LEE & FIELDS**
A Professional Corporation
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

PROPOSED STIPULATED PROTECTIVE ORDER - CV08-0325 SBA

- 1 -

1  would be warranted.  Accordingly, the parties hereby stipulate to and petition the court
2  to enter the following Stipulated Protective Order.  The parties acknowledge that this
3  Order does not confer blanket protections on all disclosures or responses to discovery
4  and that the protection it affords extends only to the limited information or items that
5  are entitled under the applicable legal principles to treatment as confidential.  The
6  parties further acknowledge, as set forth in Section 10, below, that this Stipulated
7  Protective Order creates no entitlement to file confidential information under seal; Civil
8  Local Rule 79-5 sets forth the procedures that must be followed and reflects the
9  standards that will be applied when a party seeks permission from the court to file
10  material under seal.

11  **2.    DEFINITIONS**

12      2.1   Party:   any party to this action, including all of its officers, directors,
13  employees, consultants, retained experts, and outside counsel (and their support staff).

14      2.2   Disclosure or Discovery Material:  all items or information, regardless of
15  the medium or manner generated, stored, or maintained (including, among other things,
16  testimony, transcripts, or tangible things) that are produced or generated in disclosures
17  or responses to discovery in this matter.

18      2.3   "Confidential" Information or Items:   information (regardless of how
19  generated, stored or maintained) or tangible things that qualify for protection under
20  standards developed under F.R.Civ.P. 26(c).

21      2.4   "Highly Confidential -- Attorneys' Eyes Only" Information or Items:
22  extremely sensitive "Confidential Information or Items" whose disclosure to another
23  Party or nonparty would create a substantial risk of serious injury that could not be
24  avoided by less restrictive means.

25      2.5   Receiving Party:  a Party that receives Disclosure or Discovery Material
26  from a Producing Party.

27      2.6   Producing Party:   a Party or non-party that produces Disclosure or
28  Discovery Material in this action.

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

PROPOSED STIPULATED PROTECTIVE ORDER - CV08-0325 SBA

- 2 -

2.7. <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9. <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>House Counsel</u>:  attorneys who are employees of a Party.

2.11 <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

PROPOSED STIPULATED PROTECTIVE ORDER - CV08-0325 SBA

- 3 -

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix

A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-3898

PROPOSED STIPULATED PROTECTIVE ORDER - CV08-0325 SBA

- 4 -

1    the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
2    ATTORNEYS' EYES ONLY" at the top of each page that contains protected
3    material. If only a portion or portions of the material on a page qualifies for
4    protection, the Producing Party also must clearly identify the protected portion(s)
5    (e.g., by making appropriate markings in the margins) and must specify, for each
6    portion, the level of protection being asserted (either "CONFIDENTIAL" or
7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

8        A Party or non-party that makes original documents or materials available
9    for inspection need not designate them for protection until after the inspecting
10    Party has indicated which material it would like copied and produced. During the
11    inspection and before the designation, all of the material made available for
12    inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'
13    EYES ONLY."After the inspecting Party has identified the documents it wants
14    copied and produced, the Producing Party must determine which documents, or
15    portions thereof, qualify for protection under this Order, then, before producing
16    the specified documents, the Producing Party must affix the appropriate legend
17    ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
18    ONLY") at the top of each page that contains Protected Material. If only a portion
19    or portions of the material on a page qualifies for protection, the Producing Party
20    also must clearly identify the protected portion(s) (e.g., by making appropriate
21    markings in the margins) and must specify, for each portion, the level of
22    protection being asserted (either "CONFIDENTIAL" or "HIGHLY
23    CONFIDENTIAL – ATTORNEYS' EYES ONLY").

24        (b)   for testimony given in deposition or in other pretrial or trial
25    proceedings, that the Party or non-party offering or sponsoring the testimony
26    identify on the record, before the close of the deposition, hearing, or other
27    proceeding, all protected testimony, and further specify any portions of the

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

PROPOSED STIPULATED PROTECTIVE ORDER - CV08-0325 SBA

- 5 -

1    testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
2    ONLY." When it is impractical to identify separately each portion of testimony
3    that is entitled to protection, and when it appears that substantial portions of the
4    testimony may qualify for protection, the Party or non-party that sponsors, offers,
5    or gives the testimony may invoke on the record (before the deposition or
6    proceeding is concluded) a right to have up to 20 days to identify the specific
7    portions of the testimony as to which protection is sought and to specify the level
8    of     protection     being     asserted     ("CONFIDENTIAL"     or     "HIGHLY
9    CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the
10   testimony that are appropriately designated for protection within the 20 days shall
11   be covered by the provisions of this Stipulated Protective Order. Transcript pages
12   containing Protected Material must be separately bound by the court reporter,
13   who must affix to the top of each such page the legend "CONFIDENTIAL" or
14   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by
15   the Party or nonparty offering or sponsoring the witness or presenting the
16   testimony.

17           (c)  for information produced in some form other than documentary, and
18   for any other tangible items, that the Producing Party affix in a prominent place
19   on the exterior of the container or containers in which the information or item is
20   stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
21   ATTORNEYS' EYES ONLY." If only portions of the information or item
22   warrant protection, the Producing Party, to the extent practicable, shall identify
23   the protected portions, specifying whether they qualify as "Confidential" or as
24   "Highly Confidential – Attorneys' Eyes Only."

25           5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent
26   failure to designate qualified information or items as "Confidential" or "Highly
27   Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating
28   Party's right to secure protection under this Order for such material. If material is

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 389-5858

PROPOSED STIPULATED PROTECTIVE ORDER - CV08-0325 SBA

- 6 -

1  appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes
2  Only" after the material was initially produced, the Receiving Party, on timely
3  notification of the designation, must make reasonable efforts to assure that the material
4  is treated in accordance with the provisions of this Order.

5  **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6  6.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's
7  confidentiality designation is necessary to avoid foreseeable substantial unfairness,
8  unnecessary economic burdens, or a later significant disruption or delay of the
9  litigation, a Party does not waive its right to challenge a confidentiality designation by
10  electing not to mount a challenge promptly after the original designation is disclosed.

11  6.2   <u>Meet and Confer</u>.   A Party that elects to initiate a challenge to a
12  Designating Party's confidentiality designation must do so in good faith and must begin
13  the process by conferring directly (in voice to voice dialogue; other forms of
14  communication are not sufficient) with counsel for the Designating Party.   In
15  conferring, the challenging Party must explain the basis for its belief that the
16  confidentiality designation was not proper and must give the Designating Party an
17  opportunity to review the designated material, to reconsider the circumstances, and, if
18  no change in designation is offered, to explain the basis for the chosen designation.  A
19  challenging Party may proceed to the next stage of the challenge process only if it has
20  engaged in this meet and confer process first.

21  6.3   <u>Judicial Intervention</u>.   A Party that elects to press a challenge to a
22  confidentiality designation after considering the justification offered by the Designating
23  Party may file and serve a motion under Civil Local Rule 7 (and in compliance with
24  Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets
25  forth in detail the basis for the challenge.  Each such motion must be accompanied by a
26  competent declaration that affirms that the movant has complied with the meet and
27  confer requirements imposed in the preceding paragraph and that sets forth with

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

PROPOSED STIPULATED PROTECTIVE ORDER - CV08-0325 SBA
- 7 -

1   specificity the justification for the confidentiality designation that was given by the
2   Designating Party in the meet and confer dialogue.

3       The burden of persuasion in any such challenge proceeding shall be on the
4   Designating Party. Until the court rules on the challenge, all parties shall continue to
5   afford the material in question the level of protection to which it is entitled under the
6   Producing Party's designation.

7   **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

8       7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is
9   disclosed or produced by another Party or by a non-party in connection with this case
10  only for prosecuting, defending, or attempting to settle this litigation. Such Protected
11  Material may be disclosed only to the categories of persons and under the conditions
12  described in this Order.  When the litigation has been terminated, a Receiving Party
13  must comply with the provisions of section 11, below (FINAL DISPOSITION).
14  Protected Material must be stored and maintained by a Receiving Party at a location
15  and in a secure manner that ensures that access is limited to the persons authorized
16  under this Order.

17      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise
18  ordered by the court or permitted in writing by the Designating Party, a Receiving
19  Party may disclose any information or item designated CONFIDENTIAL only to:

20          (a) the Receiving Party's Outside Counsel of record in this action, as well
21      as employees of said Counsel to whom it is reasonably necessary to disclose the
22      information for this litigation and who have signed the "Agreement to Be Bound
23      by Protective Order" that is attached hereto as Exhibit A;

24          (b) the officers, directors, and employees (including House Counsel) of the
25      Receiving Party to whom disclosure is reasonably necessary for this litigation and
26      who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

27

28

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

1    (c)  experts (as defined in this Order) of the Receiving Party to whom
2    disclosure is reasonably necessary for this litigation and who have signed the
3    "Agreement to Be Bound by Protective Order" (Exhibit A);

4    (d)  the Court and its personnel;

5    (e)   court reporters, their staffs, and professional vendors to whom
6    disclosure is reasonably necessary for this litigation and who have signed the
7    "Agreement to Be Bound by Protective Order" (Exhibit A);

8    (f)  during their depositions, witnesses in the action to whom disclosure is
9    reasonably necessary and who have signed the "Agreement to Be Bound by
10   Protective Order" (Exhibit A). Pages of transcribed deposition testimony or
11   exhibits to depositions that reveal Protected Material must be separately bound by
12   the court reporter and may not be disclosed to anyone except as permitted under
13   this Stipulated Protective Order.

14   (g)  the author of the document or the original source of the information.

15   7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
16   ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in
17   writing by the Designating Party, a Receiving Party may disclose any information or
18   item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only
19   to:

20   (a)  the Receiving Party's Outside Counsel of record in this action, as well
21   as employees of said Counsel to whom it is reasonably necessary to disclose the
22   information for this litigation and who have signed the "Agreement to Be Bound
23   by Protective Order" that is attached hereto as Exhibit A;

24   (b)  Experts (as defined in this Order) (1) to whom disclosure is reasonably
25   necessary for this litigation, (2) who have signed the "Agreement to Be Bound by
26   Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in
27   paragraph 7.4, below, have been followed; and

28   (c)  the Court and its personnel;

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

PROPOSED STIPULATED PROTECTIVE ORDER - CV08-0325 SBA
- 9 -

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) the author of the document or the original source of the information.

7.4     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts":

(a)     Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to

LEE & FIELDS
A Professional Corporation
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

PROPOSED STIPULATED PROTECTIVE ORDER - CV08-0325 SBA

- 10 -

1  make the disclosure to the Expert may file a motion as provided in Civil Local

2  Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking

3  permission from the court to do so. Any such motion must describe the

4  circumstances with specificity, set forth in detail the reasons for which the

5  disclosure to the Expert is reasonably necessary, assess the risk of harm that the

6  disclosure would entail and suggest any additional means that might be used to

7  reduce that risk. In addition, any such motion must be accompanied by a

8  competent declaration in which the movant describes the parties' efforts to

9  resolve the matter by agreement (i.e., the extent and the content of the meet and

10  confer discussions) and sets forth the reasons advanced by the Designating Party

11  for its refusal to approve the disclosure.

12      In any such proceeding the Party opposing disclosure to the Expert shall

13  bear the burden of proving that the risk of harm that the disclosure would entail

14  (under the safeguards proposed) outweighs the Receiving Party's need to disclose

15  the Protected Material to its Expert.

16      7.5    "Use of Private Consumer Information"    All documents or materials

17  designated as Private Consumer Information on the ground that said documents or

18  materials pertain to private and personal information of any putative Class member

19  shall remain Confidential information until such time that each such putative Class

20  members become a represented party to this action.  Private Consumer Information

21  shall not be disclosed or disseminated to the general public or used for any commercial,

22  business or competitive purpose.

23  **8.    PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED**

24      **PRODUCED IN OTHER LITIGATION.**

25      If a Receiving Party is served with a subpoena or an order issued in other

26  litigation that would compel disclosure of any information or items designated in this

27  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

28  EYES ONLY," the Receiving Party must so notify the Designating Party, in writing

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

PROPOSED STIPULATED PROTECTIVE ORDER - CV08-0325 SBA

- 11 -

1   (by fax, if possible) immediately and in no event more than three court days after
2   receiving the subpoena or order. Such notification must include a copy of the subpoena
3   or court order.

4       The Receiving Party also must immediately inform in writing the Party who
5   caused the subpoena or order to issue in the other litigation that some or all the material
6   covered by the subpoena or order is the subject of this Protective Order. In addition,
7   the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to
8   the Party in the other action that caused the subpoena or order to issue.

9       The purpose of imposing these duties is to alert the interested parties to the
10  existence of this Protective Order and to afford the Designating Party in this case an
11  opportunity to try to protect its confidentiality interests in the court from which the
12  subpoena or order issued. The Designating Party shall bear the burdens and the
13  expenses of seeking protection in that court of its confidential material – and nothing in
14  these provisions should be construed as authorizing or encouraging a Receiving Party
15  in this action to disobey a lawful directive from another court.

16      **9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

17      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
18  Protected Material to any person or in any circumstance not authorized under this
19  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing
20  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve
21  all copies of the Protected Material, (c) inform the person or persons to whom
22  unauthorized disclosures were made of all the terms of this Order, and (d) request such
23  person or persons to execute the "Acknowledgment and Agreement to Be Bound" that
24  is attached hereto as Exhibit A.

25      **10.    FILING PROTECTED MATERIAL.**

26      Without written permission from the Designating Party or a court order secured
27  after appropriate notice to all interested persons, a Party may not file in the public
28

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

PROPOSED STIPULATED PROTECTIVE ORDER - CV08-0325 SBA

- 12 -

1  record in this action any Protected Material. A Party that seeks to file under seal any
2  Protected Material must comply with Civil Local Rule 79-5.

3  **11.  FINAL DISPOSITION.**

4  Unless otherwise ordered or agreed in writing by the Producing Party, within
5  sixty days after the final termination of this action, each Receiving Party must return all
6  Protected Material to the Producing Party. As used in this subdivision, "all Protected
7  Material" includes all copies, abstracts, compilations, summaries or any other form of
8  reproducing or capturing any of the Protected Material. With permission in writing
9  from the Designating Party, the Receiving Party may destroy some or all of the
10  Protected Material instead of returning it. Whether the Protected Material is returned
11  or destroyed, the Receiving Party must submit a written certification to the Producing
12  Party (and, if not the same person or entity, to the Designating Party) by the sixty day
13  deadline that identifies (by category, where appropriate) all the Protected Material that
14  was returned or destroyed and that affirms that the Receiving Party has not retained any
15  copies, abstracts, compilations, summaries or other forms of reproducing or capturing
16  any of the Protected Material. Notwithstanding this provision, Counsel are entitled to
17  retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,
18  correspondence or attorney work product, even if such materials contain Protected
19  Material. Any such archival copies that contain or constitute Protected Material remain
20  subject to this Protective Order as set forth in Section 4 (DURATION), above.

21  **12.  MISCELLANEOUS**

22  12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any
23  person to seek its modification by the Court in the future.

24  ////
25  ////
26  ////
27  ////
28  ////

LEE & FIELDS
A PROFESSIONAL CORPORATION

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

PROPOSED STIPULATED PROTECTIVE ORDER - CV08-0325 SBA

- 13 -

1        12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

2    Protective Order no Party waives any right it otherwise would have to object to

3    disclosing or producing any information or item on any ground not addressed in this

4    Stipulated Protective Order.  Similarly, no Party waives any right to object on any

5    ground to use in evidence of any of the material covered by this Protective Order.

6    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7

8

    DATED: April 15, 2008        **LEE & FIELDS**
9                                **A Professional Corporation**

10                                  By:

11                                  Christopher P. Fields, Esq.

12

13                                  Attorneys for Plaintiff and all others

                                  Similarly Situated

14

15    DATED: April 17 2008        **LEWIS BRISBOIS BISGAARD SMITH LLP**

16

17                                  By:

                                  Roger S. Raphael, Esq.

18                                  Shahram Nassi, Esq.

19                                  Attorneys for Defendant,

                                  U.S. FINANCIAL FUNDING, INC.

20

21

22    PURSUANT TO STIPULATION, IT IS SO ORDERED.

23

24    DATED:_____, 2008        _____

                                  Hon. Saundra B. Armstrong
25                                  United States District Judge

26

27

28

LEE & FIELDS
A Professional Corporation

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

PROPOSED STIPULATED PROTECTIVE ORDER - CV08-0325 SBA

- 14 -

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, Christopher P. Fields, of Lee & Fields, A.P.C., 3701 Wilshire Blvd., Ste. 510, Los Angeles, CA 90010, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of Dian C. Lymburner, et. al. v. U.S. Financial Funding, Inc., et al, Case No. CV-08-04485-CW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint Ingrid Farino of Lee & Fields, A.P.C., 3701 Wilshire Blvd., Ste. 510, Los Angeles, CA 90010 as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: April 15, 2008

City and State where sworn and signed: Los Angeles, CA

Printed name: _____ Christopher P. Fields _____

Signature: _____

-14-

STIPULATED PROTECTIVE ORDER - C 07 04485 - CW

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, Shahram Nassi, Esq., of Lewis Brisbois Bisgaard & Smith, LLP, One Sansome Street, Suite 1400, San Francisco, CA, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of Dian C. Lymburner, et. al.  v. U.S. FINANCIAL FUNDING, INC., et al, Case No. C-08-00325-SBA (Oakland).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint the Law Offices of Lewis Brisbois Bisgaard & Smith, LLP, One Sansome Street, Suite 1400, San Francisco, CA as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: April 17, 2008

City and State where sworn and signed:  San Francisco , CA

Printed name:  _Shahram Nassi_____

Signature: _____

C:\DOCUME~1\nassi\LOCALS~1\Temp\XPGRPWISE\Prop. Stipulated Protective

Order(1).doc[]_____

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

PROPOSED STIPULATED PROTECTIVE ORDER - CV08-0325 SBA

- 15 -