Edward Y. Lee (171996)
edlee@leefieldslaw.com
Christopher P. Fields (SBN 174155)
chrisfields@leefieldslaw.com
**LEE & FIELDS, A.P.C.**
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
Phone: (213) 380-5858

Paul R. Kiesel, Esq. (SBN 119854)
kiesel@kbla.com
Patrick DeBlase, Esq. (SBN 167138)
deblase@kbla.com
Michael C. Eyerly, Esq.(SBN 178693)
eyerly@kbla.com
**KIESEL BOUCHER LARSON LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211
Phone:  (310) 854-4444
Fax:  (310) 854-0812

Jeffrey K. Berns, Esq. (SBN 131351)
jberns@jeffbernslaw.com
**LAW OFFICES OF JEFFREY K. BERNS**
19510 Ventura Boulevard, Suite 200
Tarzana, California 91356
Phone: (818) 961-2000; Fax: (818) 867-4820

Attorneys for Plaintiff and all Others Similarly Situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAN C. LYMBURNER, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FINANCIAL FUNDING, INC., a California corporation, INDYMAC BANCORP, INC., and Does 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  CV08-0325 EDL<br><br>**STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT** |

IT IS HEREBY STIPULATED by and between the parties hereto through their respective attorneys of record that Plaintiff may file an Amended Complaint, a copy of which is attached hereto.

**LEE & FIELDS**
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

STIPULATION AND [PROPOSED] ORDER - CASE NO.  CV08-0325 EDL
- 1 -

1      WHEREFORE, Plaintiff, DYAN C. LYMBURNER (hereinafter "Plaintiff") filed

2  her Complaint on January 17, 2008.

3      WHEREFORE, subject to the Court's approval, Plaintiff and Defendant have

4  agreed to allow Plaintiff leave to file her First Amended Complaint, a copy of which is

5  attached hereto as Exhibit A.

6      NOW, THEREFORE, the parties, through their respective attorneys, hereby

7  stipulate as follows:

8      1.    Plaintiff may file an Amended Complaint, a copy of which is attached

9  hereto as Exhibit "A".

10      2.    Defendant waives notice and service of the amended complaint and shall

11  not be required to answer the amendment, and that all denials, responses and

12  affirmative defenses contained in the answer filed by defendant to the original

13  complaint shall be responsive to the amended complaint.

14

15  Dated: ~~June~~ September 8 , 2008        LEE & FIELDS, APC

16

17

18                    By: /s/ Christopher P. Fields

                       Christopher P. Fields

19                    Attorneys for Plaintiffs,

20                    DIAN C. LYMBURNER

                      and all others similarly situated

21

22

23  Dated: ~~June~~ September 8 , 2008        Lewis Brisbois Bisgaard & Smith

24

25

26                    By: /s/ Roger Scott Raphael

27                    Roger Scott Raphael

                      Attorneys for Defendants,

28                    U.S. FINANCIAL FUNDING, INC.

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 330-5818

STIPULATION AND [PROPOSED] ORDER - CASE NO.  CV08-0325 EDL
- 2 -

ECF CERTIFICATION

Pursuant to General Order No. 45, §X.B., the filing attorney attests that he has obtained concurrence regarding the filing of this document from each of the signatories to the document.

[~~PROPOSED~~] ORDER

Pursuant to the Stipulation of counsel and for good cause shown, IT IS HEREBY ORDERED that:

1.  Plaintiff is granted leave to file her First Amended Complaint.

2.  Defendant is not required to answer the amendment, and all denials, responses and affirmative defenses contained in the answer filed by defendant to the original complaint shall be responsive to the amended complaint.

IT IS SO ORDERED

Dated: ___September 18, 2008___



Hon. Elizabeth _____
United States _____ Judge

IT IS SO ORDERED
Judge Elizabeth D. Laporte

LEE & FIELDS
A PROFESSIONAL CORPORATION
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
(213) 380-5858

# EXHIBIT A

Edward Y. Lee (171996)
edlee@leefieldslaw.com
Christopher P. Fields (SBN 174155)
chrisfields@leefieldslaw.com
**LEE & FIELDS, A.P.C.**
3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
Phone: (213) 380-5858

Paul R. Kiesel, Esq. (SBN 119854)
kiesel@kbla.com
Patrick DeBlase, Esq. (SBN 167138)
deblase@kbla.com
Michael C. Eyerly, Esq.(SBN 178693)
eyerly@kbla.com
**KIESEL BOUCHER LARSON LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211
Phone: (310) 854-4444
Fax: (310) 854-0812

Jeffrey K. Berns, Esq. (SBN 131351)
jberns@jeffbernslaw.com
**LAW OFFICES OF JEFFREY K. BERNS**
19510 Ventura Boulevard, Suite 200
Tarzana, California 91356
Phone: (818) 961-2000; Fax: (818) 867-4820

Attorneys for Plaintiff and all Others Similarly Situated

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAN C. LYMBURNER, individually, and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> U.S. FINANCIAL FUNDING, INC., a California corporation; INDYMAC BANCORP, INC., through 10, inclusive, <br><br> Defendants. | CASE NO. : CV 080325 <br><br> **FIRST- AMENDED CLASS ACTION COMPLAINT FOR:** <br><br> **(1)** **Violations of the Truth in Lending Act, 15 U.S.C. §1601, et seq.;** <br><br> **(2)** **Violation of Bus. & Prof. Code §17200, et seq. – "Unlawful" Business Practices (TILA);** <br><br> **(3)** **Violation of Bus. & Prof. Code §17200, et seq. – "Unfair" and "Fraudulent" Business Practices;** |

:E & FIELDS
RESSIONAL CORPORATION
Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

(4)     **Fraudulent Omissions;**

(5)     **Breach of Contract;**

(6)     **Tortious Breach of Covenant of Good Faith Faith and Fair Dealing; and**

(7)     **Omitted**

## JURY TRIAL DEMANDED

Plaintiff, DIAN C. LYMBURNER, individually and on behalf of all others similarly situated alleges as follows:

## I.

## INTRODUCTION

1.     This is an action pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, *et seq.,* California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, *et seq.,* and other statutory and common law in effect.  Plaintiff, DIAN C. LYMBURNER, individually, and on behalf of all others similarly situated, brings this action against U.S. FINANCIAL FUNDING, INC. ("U.S. FINANCIAL"), INDYMAC BANCORP, INC.("INDYMAC"), and DOES 1-10 (hereinafter collectively referred to as "Defendants"), based, in part, on Defendants failure to clearly and conspicuously disclose to Plaintiff and the Class Members, in Defendants Option Adjustable Rate Mortgage ("ARM") loan documents, and in the required disclosure statements, accompanying the loans, (i) the actual interest rate on the note(s) (12 C.F.R. § 226.17); (ii) that payments on the notes at the teaser rate will result in negative amortization and that the principle balance will increase (12 C.F.R. § 226.19); and (iii) that the initial interest rate provided was discounted and does not reflect the actual interest that Plaintiff and the Class members would be paying on the Note(s).

E & FIELDS
PROFESSIONAL CORPORATION
Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

2

## II.

## THE PARTIES

2.      Plaintiff, DIAN C. LYMBURNER ("Plaintiff") is, and at all times relevant to this Complaint was an individual residing in Rohnert, California.   On or about November 15, 2006, Plaintiff refinanced her existing home loan and entered into an Option ARM loan agreement with Defendant.   The Option ARM loan was secured by Plaintiff's primary residence.   Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the Note and Truth and Lending Disclosure Form pertinent to this action.

3.      Defendant, U.S. FINANCIAL is and/or was a California corporation licensed to do, and is and/or was doing business in California.   At all relevant times hereto U.S. FINANCIAL is and/or was engaged in the business of promoting, marketing, distributing and selling the Option Arm loans that are the subject of this Complaint U.S. FINANCIAL transacts business in Sonoma County, California and at all relevant times promoted, marketed, distributed, and sold Option Arm loans throughout the United States, including Sonoma County, California.      U.S. FINANCIAL has significant contacts with Sonoma County, California, and the activities complained of herein occurred, in whole or in part, in Sonoma County, California.

4.      Defendant, INDYMAC is a California corporation licensed to do, and is doing business in California.   Plaintiff is informed, believes and thereon alleges that on November 16, 2006, Defendant sold Plaintiff DYAN C. LYMBURNER'S ARM loan that is the subject of this action to Defendant INDYMAC.   15 U.S.C. §1641 states that "[a]ny person who purchases or is otherwise assigned a mortgage … shall be subject to all claims and defenses with respect to that mortgage that the consumer could assert against the creditor of the mortgage."   Plaintiff is further informed, believes, and thereon alleges that Defendant INDYMAC was the subsequent purchaser who designed and approved the Option Arm loans referred to in this Complaint.

:E & FIELDS
ESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

3

5.    Defendant INDYMAC presently owns and or owned some or all of the Option ARM loans that are the subject of this Complaint, including Option ARM loans originated, recorded and held in Sonoma County, California.

6.    Defendants, U.S. FINANCIAL, INDYMAC, and DOES 1 through 10, shall hereinafter be referred to collectively as "Defendants."

7.    At all times mentioned herein, Defendants, and each of them, were engaged in the business of promoting, marketing, distributing, and selling the Option ARM loans that are the subject of this Complaint, throughout the United States, including Sonoma County, California.

8.    Plaintiff is informed and believes, and thereon alleges that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

9.    Plaintiff is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein, each of the Defendants (both named and DOE defendants) sued herein were the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, assignment, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

10.    At all times herein mentioned, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency,

:E & FIELDS
ESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

4

1   employment, assignment and/or joint venture and with the permission and consent of

2   each of the other Defendants.

3       11.    Plaintiff is informed and believes, and thereon alleges, that Defendants,

4   and each of them, are, and at all material times relevant to this Complaint, performed

5   the acts alleged herein and/or otherwise conducted business in California. Defendants,

6   and each of them, are corporations or other business entities, form unknown, have, and

7   are doing business in this judicial district.

8       12.    Plaintiff is informed and believes, and thereon alleges, that DOES 1

9   through 10, inclusive, are securitized trusts, equity funds, collateralized debt

10  obligations (CDO), CDO underwriters, CDO trustees, hedge funds or other entities

11  that acted as additional lenders, loan originators and/or are assignees to the loans

12  which are the subject of this action. Plaintiff will seek leave of Court to replace the

13  fictitious names of these entities with their true names when they are discovered by

14  Plaintiff herein.

15      13.    The true names and capacities, whether individual, corporate, associate or

16  otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are

17  unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such

18  fictitious names. Plaintiff alleges, on information and belief, that each Doe defendant

19  is responsible for the actions herein alleged. Plaintiff will seek leave of Court to

20  amend this Complaint when the names of said Doe defendants have been ascertained.

21      14.    Plaintiff is informed and believes, and thereon alleges, that at all times

22  mentioned herein, Defendants, and each of them, including without limitation those

23  Defendants herein sued as DOES, were acting in concert or participation with each

24  other, or were joint participants and collaborators in the acts complained of, and were

25  the agents or employees of the others in doing the acts complained of herein, each and

26  all of them acting within the course and scope of said agency and/or employment by

27  the others, each and all of them acting in concert one with the other and all together.

28

:E & FIELDS
ᴇssɪonal Corporation

Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

5

1

## III.

## JURISDICTION AND VENUE

15.   This Court has subject matter jurisdiction pursuant to 15 U.S.C § 1601 *et seq.* and 28 U.S.C. § 1331.

16.   This Court has personal jurisdiction over the parties in this action by the fact that Defendants are either individuals who reside in this District within California or are corporations duly licensed to do business in California.

17.   Venue is proper within this District and Division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this district, and because there is personal jurisdiction in this district over the named Defendant because it regularly conducts business in this judicial district.

## IV.

## FACTS COMMON TO ALL CAUSES OF ACTION

18.   U.S. FINANCIAL sold a variety of home loans.   The Option ARM or adjustable rate mortgages are the loans that are the subject of this Complaint. Based upon information obtained by U.S. Financial, Plaintiff's loan note was sold to Defendant INDYMAC on November 16, 2006. Defendant INDYMAC designed and approved the loan note in issue.

19.   The instant action arises out of residential mortgage loan transactions in which Defendants failed to disclose pertinent information in a clear and conspicuous manner to Plaintiff and the Class members, in writing, as required by law.

20.   This action also concerns Defendants' unlawful, fraudulent and unfair business acts or practices.   Defendants engaged in a campaign of deceptive conduct and concealment aimed at maximizing the number of consumers who would accept

E & FIELDS
ESSIONAL CORPORATION
Wilshire Blvd., Ste. 510
Angeles, CA. 90010
(213) 380-5858

1  this type of loan in order to maximize Defendants' profits, even as Defendants knew
2  their conduct would cause many of these consumers to lose their homes through
3  foreclosure.

4      21.    Plaintiff, along with thousands of other similarly situated consumers, were
5  sold an Option ARM home loan by Defendants.  The Option ARM loan sold to
6  Plaintiff and the Class is a deceptively devised financial product.  The loan has a
7  variable rate feature with payment caps.  The product was sold based on the promise
8  of a low fixed payment based on a low listed interest rate, when in fact Plaintiff and
9  the Class were charged a different, much greater interest rate than promised.  Further,
10 Defendants failed to disclose, and by omission, failed to inform Plaintiff the fact that
11 Defendants' Option ARM loan was designed to, and did, cause negative amortization
12 to occur.  Further still, once lured into these loans, consumers cannot easily extricate
13 themselves from these loans because Defendants included in these loans a stiff and
14 onerous prepayment penalty making it extremely difficult, if not impossible, for
15 borrowers to extricate themselves from these loans.

16     22.    The Option ARM loan Defendants sold to Plaintiff and the Class violate
17 the Truth In Lending Act (TILA).   TILA is supposed to protect consumers; it
18 mandates certain disclosures be made by lenders to borrowers concerning the terms
19 and conditions of their home loans.  Defendants failed to make these disclosures in
20 connection with the Option ARM loan sold to Plaintiff and the Class.

21     23.    At all times relevant, Defendants sold their Option ARM loan product to
22 consumers, including Plaintiff, in a false or deceptive manner.  Defendants' loan
23 documents indicated that the loan would have a very low fixed interest rate for the first
24 three (3) to five (5) years and no negative amortization.  In furtherance of their
25 scheme, Defendants listed a low "teaser" rate in the Note(s) and a low corresponding
26 payment schedule in the TILA Disclosure Statement (hereafter "TILDS") to lure
27 Plaintiff and the Class members into purchasing Defendants' Option ARM loan

28

E & FIELDS
ESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA. 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

product. However, the low "teaser" rate was illusory, a false promise. Plaintiff and others similarly situated did not receive the benefit of the low rate promised to them. Once signed on to Defendants' loan, the interest rate applied to Plaintiff's and Class members' loans was immediately and significantly increased.

24.     Plaintiff and others similarly situated were consumers who applied for a mortgage loan through Defendants. During the loan application process, in each case, Defendants intended Plaintiff and the Class members to believe that in entering these loan contracts that they would be able to have low mortgage payments. Defendants initiated this scheme in order to maximize the amount of the loans it sold to consumers and to maximize its profits.

25.     Based on the Defendants' representations, and the misconduct alleged herein, Plaintiff and the Class members agreed to finance their primary residence through Defendants' Option ARM loan. Plaintiff and Class members were sold a home loan with a low interest rate of between 1% and 3% interest rate (the "teaser" rate), and a corresponding payment schedule based on that the interest rate for the first three (3) to five (5) years of the loan. Defendants also represented to Plaintiff, and Plaintiff reasonably believed, that if she made payments based on the promised low interest rate, which were the payments reflected in the written payment schedule provided to them by Defendant, that the loan would be a no negative amortization home loan and that Plaintiff's payments would be applied to both their principal loan balances as well as their interest.

26.     After, the purported three (3) to five (5) year fixed interest period, Plaintiff and the Class members reasonably believed, based on the representations contained in the documents Defendant provided to Plaintiff and the Class members, that they would be able to refinance their loan and get a new loan before their scheduled payments increased. However, the payment schedule provided by Defendants failed to disclose, and by omission, failed to inform these consumers that due to the negative

:E & FIELDS
ESSIONAL CORPORATION
Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

8

1   amortization that was purposefully built into these loans, Plaintiff and the Class

2   members would be unable to refinance their homes as there would be little or no

3   equity left to refinance.

4       27.    Plaintiff believed these facts to be true because that is what the Defendants

5   intended consumers to believe.  Defendants aggressively marketed their product as a

6   fixed, low interest home loan.  Defendants knew that if marketed and sold in such a

7   manner, their Option ARM loan product would be a hugely popular and profitable

8   product for them.  Defendants also knew, however, that they were selling their product

9   in a false and deceptive manner.  While Defendants trumpeted their low rate loans to

10   the public, Defendants knew their promise of a low interest was a mirage.

11       28.    In fact, Defendants' Option ARM loan possessed a low, fixed *payment* but

12   not a low, fixed interest rate.  Unbeknownst to Plaintiff and the Class members, the

13   actual interest rate they were charged on their loans was not fixed, was not the low

14   teaser interest rate stated in the loan documentation and was in fact considerably

15   higher than going market rates.  And, after purchasing Defendants' Option ARM loan

16   product, Plaintiff and Class members did not actually receive the benefit of the low

17   teaser rate at all, or in some cases, at best, received that teaser rate for only a single

18   month.  Immediately, thereafter, Defendants in every instance and for every loan,

19   secretly increased the interest rate they charged consumers.  The now-increased

20   interest charges incurred by Plaintiff and the Class members, over and above the fixed

21   interest payment rate, were added to the principal balance on their home loans in ever

22   increasing increments, substantially reducing the equity in these borrowers' homes.

23       29.    In stark contrast to this reality, Defendant, through the standardized loan

24   documents they created and supplied to Plaintiff, stated that negative amortization was

25   only a mere possibility.  Defendants concealed and failed to disclose the fact that the

26   loan, as presented and designed, in fact, guaranteed negative amortization.  Defendants

27   failed to disclose and omitted the objectively material fact that negative amortization

28

:E & FIELDS
ESSIONAL CORPORATION

Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

9

1  was absolutely certain to occur if consumers followed the payment schedule listed by

2  Defendants in the TILDS.  This information was objectively material and necessary

3  for consumers to make an informed decision because this would have revealed that the

4  loan's principal balance would increase if the payment schedule was followed, thereby

5  rendering it impossible to refinance the loan at or around the time the prepayment

6  penalty expired and/or by the time the interest and payment rates re-set.    In this

7  respect, Defendants utterly failed to place any warning on the Truth and Lending

8  Disclosure Form about negative amortization.

9      30.    At all times relevant, once Plaintiff and the Class members accepted

10  Defendants' Option ARM loan contract, they had no viable option by which to

11  extricate themselves because these Option ARM loan agreements included a draconian

12  pre-payment penalty for a period of up to three years.

13      31.    The Option ARM loans sold by Defendants all have the following uniform

14  characteristics:

15       (a)  There is an initial low interest rate or "teaser" rate that was used to

16           entice the Plaintiff into entering into the loan.  The rate offered was

17           typically 1%-3%;

18       (b)  The loan has with it a corresponding low payment schedule.  The

19           documentation  provided  intended  to  misleadingly  portray  to

20           consumers that the low payments for the first three (3) to five (5)

21           years were a direct result of the low interest rate being offered;

22       (c)  The initial payments in the required disclosures were equal to the low

23           interest rate being offered.  The purpose was to assure that if someone

24           were to calculate what the payment would be at the low offered

25           interest rate, it corresponded to the payment schedule.  This portrayal

26           was intended to further mislead consumers into believing that the

27           payments were enough to cover all principal and interest;

28

E & FIELDS
ESSIONAL CORPORATION
Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

    (d)  The payment has a capped annual increase on the payment amount; and

    (e)  The loan includes a prepayment penalty preventing consumers from securing a new loan for a period of up to three (3) years.

32.    Defendants uniformly failed to disclose, and by omission, failed to inform consumers, including Plaintiff and the Class members, in a clear and conspicuous manner that the fixed "teaser" rate offered by Defendants was actually never applied to their loans, or, at best, was only applied for thirty (30) days.  Thereafter, the true interest charged on the loans was significantly higher than the promised, advertised rate.

33.    Defendants uniformly failed to disclose and by omission failed to inform consumers, including Plaintiff and the Class members, that the payments set forth in Defendants' schedule of payments were insufficient to cover the actual amount they were being charged for the loan, and that this was, in fact, a loan that would cause the Plaintiff and the Class members to lose the equity they have in their home.

34.    Defendants uniformly failed to disclose and by omission failed to inform consumers, including Plaintiff and the Class members, that when the principal balance increased to a certain level, they would no longer have the option of making the fixed interest payment amount.

35.    Disclosing whether a payment will result in negative amortization is of critical importance to consumers.  If the disclosed payment rate is insufficient to pay both principal and interest, one of the consequences of negative amortization is a loss of equity.  Defendants are and at all times relevant hereto have been aware that clear and conspicuous disclosure of the actual interest rate and a payment rate sufficient to avoid negative amortization and the concomitant loss of equity is extremely important material information.

E & FIELDS
ESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

36.     At all times relevant, Defendants, and each of them, knew or should have known, or were reckless in not knowing, that: (i) the payment rate provided to Plaintiff and the Class members were insufficient to pay both interest and principal; (ii) that negative amortization was certain to occur if Plaintiff and the Class members made payments according to the payment schedule provided by Defendants; and (iii) that loss of equity and/or loss of Plaintiff's and the Class members' residence was substantially certain to occur if Plaintiff and the Class members made payments according to the payment schedule provided by Defendants.

37.     In spite of its knowledge, Defendant sold its Option ARM loans as a product that would provide Plaintiff and the Class members with a low payment and interest rate for the first three (3) to five (5) years of the loan, and at all times relevant, failed to disclose and/or concealed by making partial representations of material facts when Defendants had exclusive knowledge of material facts that negative amortization was certain to occur.  This concealed and omitted information was not known to Plaintiff and the Class members and which, at all times relevant, Defendants failed to disclose and/or actively concealed by making such statements and partial, misleading representations to Plaintiff and all others similarly situated.  Because the ARM loans did not provide a low interest rate for the first three (3) to five (5) years of the Note and the payment disclosed by Defendants was insufficient to pay both principal and interest, negative amortization occurred.

38.     The true facts about Defendants' ARM loans is that they do not provide the low interest rate promised, and are certain to result in negative amortization.

39.     Disclosure of a payment rate that is sufficient to pay both principal and interest on the loans is of critical importance to consumers.  If the disclosed payment rate is insufficient to pay both principal and interest, one of the consequences is that negative amortization or loss of equity will occur.  Defendants are and at all times relevant hereto have been aware that the ability of the disclosed payment rate to pay

:E & FIELDS
ʃESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

12

both principal and interest so as to avoid negative amortization is one of the most important terms of a loan.

40.    To this day, Defendants continue to conceal material information from consumers, and the public, that: (i) the payment provided to Plaintiff and the Class members is and was insufficient to pay both principal and interest; (ii) if the disclosed payment schedule is followed, Plaintiff and the Class members will suffer negative amortization; and (ii) loss of equity and/or possession of the property is substantially certain to occur if the disclosed payment schedule is followed.    Nevertheless, Defendants have refused to clearly and conspicuously disclose to Plaintiff and the Class members the existence of this important material information and the injury caused thereby, including but not limited to the loss of equity.

41.    In the end, the harm caused by Defendants' failures to disclose and omissions, as alleged herein, grossly outweighs any benefit that could be attributed to them.

42.    Knowing the truth and motivated by profit and market share, Defendants has knowingly and willfully engaged in the acts and/or omissions to mislead and/or deceive Plaintiff and others similarly situated.

43.    The Option ARM loans have resulted and will continue to result in significant loss and damage to the Class Members, including but not limited to the loss of equity these consumers have or had in their homes.

44.    The facts which Defendants misrepresented and concealed, as alleged in the preceding paragraphs, were material to the decisions about whether to purchase the Option ARM loans in that Plaintiff and others similarly situated would not have purchased these loans but for Defendants' unlawful, unfair, fraudulent and/or deceptive acts and/or practices as alleged herein.

45.    Defendants engaged in the unlawful, unfair, fraudulent, untrue and/or deceptive marketing scheme to induce consumers to purchase their ARM loans.

E & FIELDS
ESSIONAL CORPORATION
Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

13

46.     Defendants' unlawful, unfair, fraudulent, untrue and/or deceptive acts and/or practices were committed with willful and wanton disregard for whether or not Plaintiff or others similarly situated would receive a home loan that would actually provide the low interest and payment rate for the first three (3) to five (5) years of the loan sufficient to pay both principal and interest.

47.     Upon information and belief, and at all times relevant during the liability period, Defendants possessed full knowledge and information concerning the above facts about the ARM loans, and otherwise marketed and sold these ARM loans throughout the United States, including the State of California.

## V.

## CLASS ACTION ALLEGATIONS

48.     Plaintiff brings this action on behalf of herself, and on behalf of all others similarly situated (the "Class") pursuant to Federal Rule of Civil Procedure, Rules 23(a), and 23(b), and the case law thereunder.  The classes Plaintiff seeks to represent are defined as follows:

**The California Class**:  All individuals who, within the four year period preceding the filing of Plaintiff's Complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendant on their primary residence located in the State of California.  Excluded from the California Class are Defendant's employees, officers, directors, agents, representatives, and their family members; and

**The National Class**: All individuals in the United States of America who, within the four year period preceding the filing of Plaintiff's complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendant on their primary residence located in the United States of America.  Excluded from the National Class are Defendant's employees, officers, directors, agents, representatives, and their family members.

An appropriate sub-Class exists for the following Class Members:

All individuals in the United States of America who, within the three year period preceding the filing of Plaintiff's complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendant on their primary residence located in the United States of America.  Excluded

:E & FIELDS
ESSIONAL CORPORATION
Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

from the National sub-Class are Defendant's employees, officers, directors, agents, representatives, and their family members.

Plaintiff reserves the right to amend or otherwise alter the Class definitions presented to the Court at the appropriate time, or propose or eliminate sub-Classes, in response to facts learned through discovery, legal arguments advanced by Defendants or otherwise.

49.    Numerosity:  The Class is so numerous that the individual joinder of all members is impracticable under the circumstances of this case.   While the exact number of Class members is unknown at this time, Plaintiff is informed and believes that the entire Class or Classes consist of approximately tens of thousands of members.

50.    Commonality: Common questions of law or fact are shared by the Class members.  This action is suitable for class treatment because these common questions of fact and law predominate over any individual issues.   Such common questions include, but are not limited to, the following:

(1)    Whether Defendants' acts and practices violate the Truth in Lending Act, 15 U.S.C. §1601, et seq;

(2)    Whether Defendants' conduct violated 12 C.F.R. § 226.17;

(3)    Whether Defendants' conduct violated 12 C.F.R. § 226.19;

(4)    Whether Defendants engaged in unfair business practices aimed at deceiving Plaintiff and the Class members before and during the loan application process;

(5)    Whether Defendants, by and through their officers, employees, and agents failed to disclose that the interest rate actually charged on these loans was higher than the rate represented and promised to Plaintiff and the Class members;

E & FIELDS
ESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

15

(6)   Whether Defendants, by and through their officers, employees and agents concealed, omitted and/or otherwise failed to disclose information they were mandated to disclose under TILA;

(7)   Whether Defendants failed to disclose the true variable nature of interest rates on adjustable rate mortgage loans and adjustable rate home equity loans;

(8)   Whether Defendants failed to properly disclose the process by which negative amortization occurs, ultimately resulting in the recasting of the payment structure over the remaining lifetime of the loans;

(9)   Whether Defendants' failure to apply Plaintiff and the Class members' payments to principal as promised in the form Notes constitutes a breach of contract, including a breach of the covenant of good faith and fair dealing;

(10)   Whether Defendants' conduct in immediately raising the interest rate on consumers' loans so that no payments were applied to the principal balance constitutes breach of the covenant of good faith and fair dealing;

(11)   Whether Defendants' marketing plan and scheme misleadingly portrayed or implied that these loans were fixed rate loans, when Defendants knew that only the periodic payments were fixed (for a time) but that interest rates were not, in fact, "fixed;"

(12)   Whether the terms and conditions of Defendants' Option ARM home   loan are unconscionable;

(13)   Whether Plaintiff and the Class are entitled to damages;

(14)   Whether Plaintiff and the Class members are entitled to punitive damages; and

(15)   Whether Plaintiff and the Class members are entitled to rescission.

:E & FIELDS
ESIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

16

1    51.   <u>Typicality</u>:   Plaintiff's claims are typical of the claims of the Class

2    members.  Plaintiff and the other Class members were subjected to the same kind of

3    unlawful conduct and the claims of Plaintiff and the other Class members are based on

4    the same legal theories.

5    52.   <u>Adequacy</u>: Plaintiff is an adequate representative of the Class because her

6    interests do not conflict with the interests of the other members of the Class Plaintiff

7    seeks to represent.   Plaintiff has retained counsel competent and experienced in

8    complex class action litigation and Plaintiff intends on prosecuting this action

9    vigorously.   The interests of members of the Class will be fairly and adequately

10   protected by Plaintiff and her counsel.

11   53.   <u>Ascertainable Class</u>:   The proposed Classes are ascertainable in that the

12   members can be identified and located using information contained in Defendants'

13   mortgage lending records.

14   54.   This case is brought and can be maintained as a class action under Rule

15   23(b)(1), 23(b)(2), and 23(b)(3):

16   (a)   <u>Risk of Inconsistent Judgments</u>: The unlawful acts and practices of

17         Defendants, as alleged herein, constitute a course of conduct common

18         to Plaintiff and each Class member.  Prosecution of separate actions

19         by individual Class members would create a risk of inconsistent or

20         varying adjudications which would establish incompatible standards

21         of conduct for Defendants and/or substantially impair or impede the

22         ability of individual Class members to protect their interests;

23   (b)   <u>Injunctive and/or Declaratory Relief to the Class is Appropriate</u>:

24         Defendants, and each of them, have acted or refused to act on grounds

25         generally applicable to the Class, thereby making final injunctive

26         relief or corresponding declaratory relief with respect to the Class as a

27         whole appropriate; and

28

E & FIELDS
ESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

17

(c) <u>Predominant Questions of Law or Fact</u>:  Questions of law or fact common to the Class members, including those identified above, predominate over questions affecting only individual Class members (if any), and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Class action treatment will allow a large number of similarly situated consumers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  Further, an important public interest will be served by addressing the matter as a class action.  The cost to the court system of adjudicating each such individual lawsuit would be substantial.

## VI.

## FIRST CAUSE OF ACTION

**(Violations of Truth in Lending Laws, 15 U.S.C. §1601, *et seq.*,**

**(Against All Defendants)**

A.  <u>Defendants' Failure to Clearly and Conspicuously Disclose a Single APR Violates the Truth in Lending Laws</u>

55.  Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

56.  15 U.S.C. §1638(a)(4) requires lenders to disclose only one annual percentage rate ("APR") and not an additional APR that is only applicable for the first 30 days of a loan.

57.  The Federal Reserve Board's ("FRB") Commentary to 12 C.F.R § 226.(17)(C)-6 requires that the APR must "reflect a composite annual percentage rate based on the initial rate for as long as it is charged and, for the remainder of the term,

:E & FIELDS
.ESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

1  the rate that would have been applied using the index or formula at the time of
2  consummation."

3      58.    15 U.S.C. § 1638(a)(8) and 12 C.F.R § 226.18(e) also requires lenders to
4  provide a descriptive explanation of the APR.

5      59.    12 C.F.R .§ 226.18 (e) defines " APR" as the cost of credit
6  expressed as a yearly rate.

7      60.    12 C.F.R. § 226.17 and 12 C.F.R. § 226.19 requires lenders to make
8  disclosures concerning the APR in a clear and conspicuous manner and a misleading
9  disclosure is as much a violation of TILA as a failure to disclose at all.

10     61.    In addition, the FRB's Commentary § 226.17(a)(1)-1 provides that TILA's
11 clear and conspicuous requirement applies to the disclosure and explanation of the cost
12 of the loan as an APR, and where there is a contradiction between the TILDS and other
13 information provided to the borrower, the disclosure is unclear.

14     62.    At all times relevant during the liability period, Defendants provided
15 Plaintiff and the Class members with Notes that state, at ¶ 2 (A), "I will pay interest at
16 a *yearly rate* of 2.400%." However, in the TILDS, in the box entitled "ANNUAL
17 PERCENTAGE RATE" it describes the APR as "[t]he cost of your credit as a *yearly*
18 *rate*" and then lists an APR of "8.578%."

19     63.    At all times relevant during the liability period, Defendants violated §
20 226.17(a)(1)-1 by listing two completely different APRs in the loan documents.   In
21 particular, for Ms. Lymburner, the TILDS lists an APR of 8.578%. However, the Note
22 lists an APR of "2.400%." Thus, the "2.400%" APR stated in the Note contradicts
23 the "8.578%" APR Defendants stated in the TILDS.

24     64.    At all times relevant during the liability period, Defendants failed to clearly
25 and conspicuously explain in the Note or TILDS that the low APR (the same APR

E & FIELDS
ESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

1  upon which Defendants base the written payment schedule provided to Plaintiff) was

2  only offered for the first thirty (30) days of the loan.

3      65.   At all times relevant during the liability period, Defendants also failed to

4  clearly, conspicuously and accurately disclose the APR that it charged Plaintiff and the

5  Class members' on their loans.  Defendants also failed to disclose, and by omission,

6  failed to inform Plaintiff and the Class members that the APR listed in the TILDS was

7  not the APR used to determine the first five years of payments listed in the very same

8  TILDS; rather, Defendants listed payment amounts for the first five years of the loan

9  based on the APR listed in the Note which was correct for *only* thirty days.

10      66.   At all times relevant during the liability period, Defendants created and

11  caused the contradiction in the loan documents by purposefully disclosing two

12  different APR's in the loan documents it provided to Plaintiff and the Class members.

14     **B.**    **Defendants' Failure to Clearly and Conspicuously Disclose That the**

15  **Payment Schedules Are Not Bases on the APR Stated in the TILDS Violates TILA**

16      67.   12 C.F.R. § 226.17 and 12 C.F.R. § 226.19 require the lender to make

17  disclosures concerning the interest rate in a clear and conspicuous manner.  Further, a

18  misleading disclosure is as much a violation of TILA as a failure to disclose at all.

19      68.   As for Plaintiff and the Class members Option ARM loans, Defendants

20  violated 12 C.F.R. § 226.17 and 12 C.F.R. § 226.19 in that they failed to clearly and

21  conspicuously disclose the annual interest rate upon which the payments listed in the

22  TILDS are based.

23      69.   The scheduled payment amounts and APR listed in the Note and TILDS

24  for each of the subject loans are unclear and inconspicuous.  In fact, the payment

25  amounts for the first three to five years are not based on the APR listed in the TILDS

:E & FIELDS
ESSIONAL CORPORATION
Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

20

but instead, were based upon an APR listed in the Note that existed for only thirty (30) days.

70.     At all times relevant, Defendants knowingly and intentionally included in each of the TILDS a schedule of payments which was not based upon the interest rate listed in these same documents.   Defendants' failure to clearly and conspicuously disclose the payment amounts due based on the listed APR was, and is, deceptive.

71.     Further, in addition to Defendants' failure to disclose in the Note and the TILDS that the payments listed were not based upon the APR listed, Defendants knowingly and intentionally expressly and/or impliedly represented in the loan documents that the payments would be applied to both principal and interest. However, in truth, if Plaintiff followed the payment schedule provided by Defendants, the payments were guaranteed to be insufficient to pay the principal and interest on the loan.

72.     At all times relevant, Defendants failed to clearly and conspicuously disclose to Plaintiff and the Class members that if they made payments according to the payment schedule set forth in the TILDS, that negative amortization was not just a mere possibility, it was an absolute certainty.

73.     At all times relevant, Defendants purposefully and intentionally failed to disclose to Plaintiff, and all others similarly situated, the annual interest rate upon which the payment schedule was based in order to mislead and deceive Plaintiff and Class members into believing that they would be getting a loan with a low fixed payment rate that would be sufficient to pay both interest and principal.

74.     At all times relevant, the payment amount provided by Defendants was intended to and did deceive consumers into falsely believing they would, in fact, receive the low interest rate upon which the payment schedule is based.   While the Note states the amount of Plaintiff's initial monthly payment, however, the initial

FIRST-AMENDED CLASS ACTION COMPLAINT

monthly payment amounts stated in the Note and TILDS are not, in anyway related to the interest rate listed in the Note(s) and TILDS.

75.    Defendants employed the aforementioned bait-and-switch tactics in a common and uniform class-wide basis.  In particular, had Defendants clearly and conspicuously disclosed a payment amount sufficient to cover both principle and interest, the payment amounts would have to have been almost double the payment amounts listed.

76.    The TILDS are also deceptive for much the same reason.  The TILDS list a schedule of payments, yet for up to the five years the listed payment amounts have no relation to, and are also not based on the annual interest rate listed in the TILDS.

77.    At all times relevant, Defendants failed to clearly, conspicuously, and accurately disclose a payment amount that corresponds to the APR being charged on the loan and that was sufficient to pay the true costs of the loan.  Plaintiff and the Class members reasonably believed that if they made the payments according to Defendants' payment schedule, the payments would, in fact, be paying off the loan.   However, the true fact is that the payment amounts stated in Defendants' payment schedule did not include any principal on the loans at all and only covered a portion of the interest Defendants were charging on these loans.

78.    Official Staff Commentary to 12 C.F.R. § 226.17(a)(1) states that "this standard requires that disclosures be in a reasonably understandable form.   For example, while the regulation requires no mathematical progression or format, *the disclosures must be presented in a way that does not obscure the relationship of the terms to each other…*"

79.    At all times relevant, Defendants' Option ARM loans violated 12 C.F.R. § 226.17(a)(1) in that the relationship between the payments, for up to the first five years of the loans, bear no relationship to the APR listed in the TILDS.   Therefore, as a

E & FIELDS
ESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

22

1 | direct and proximate result, the form of disclosure used by Defendants obscured the
2 | relationship between the APR listed in the Note(s) and the APR listed in the TILDS
3 | and the payment schedule.

4

5 | **C.   Defendants' Failure to Clearly and Conspicuously Disclose Negative**
6 | **Amortization Violates the Truth in Lending Laws**

7 | 80.    12 C.F.R. § 226.19 set forth additional specific disclosure requirements for
8 | residential home loans:

9 | **§ 226.19.  Certain residential mortgage and variable-rate transactions. . . .**

10 | (b) Certain variable-rate transactions. If the annual percentage rate may increase
11 | after consummation in a transaction secured by the consumer's principal dwelling with
12 | a term greater than one year, the following disclosures must be provided at the time an
13 | application form is provided or before the consumer pays a non-refundable fee,
14 | whichever is earlier. . . (vii) *Any rules relating to changes in the index, interest rate,*
15 | *payment amount, and outstanding loan balance including, for example, an explanation*
16 | *of interest rate or payment limitations, negative amortization, and interest rate*
17 | *carryover.* (Emphasis added.)

18 | 81.    The negative amortization disclosure is required and must be made clearly
19 | and conspicuously, and done in a manner that does not obscure its significance.  The
20 | disclosure must state whether the loan and payments established under the terms
21 | dictated by the Defendants is a negative amortizing loan.

22 | 82.    In 1995, and continuing each time new Official Staff Commentary was
23 | issued, the Federal Reserve Board made clear that when the loan was a variable rate
24 | loan with payment caps, such as those that are the subject of this lawsuit, that the
25 | disclosure requires a definitive statement about negative amortization:

26 | 12 CFR Part 226

27 | [Regulation Z; Docket No. R-0863]

28

:E & FIELDS
ESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

23

Monday, April 3, 1995

AGENCY: Board of Governors of the Federal Reserve System.

ACTION: Final rule; official staff interpretation.

"For the program that gives the borrower an option to cap monthly payments, the creditor must fully disclose the rules relating to the payment cap option, including the effects of exercising it (such as **negative amortization occurs** and that the principal balance **will increase**)..."

(Found at

C.F.R. § 226.19)

83.   At all times relevant, statutory and common law in effect make it unlawful for a lender, such as Defendants, to fail to comply with the Federal Reserve Board's Official Staff Commentary as well as Regulation Z and TILA.

84.   Defendants sold Plaintiff and the Class members Option ARM loans which have a variable rate feature with payment caps.  Defendants failed to include any reference in the TILDS or in the Note(s) that negative amortization would occur if Plaintiff and the Class members followed the payment schedule provided by Defendant.

85.   In fact, the only place where Defendants even inferentially reference negative amortization is in the Note.  However, they mention it in such a way as to make a reasonable person believe that negative amortization is only a possibility, rather than a certainty.  And, these loans are, in fact, designed in such a manner so as to make negative amortization an absolute certainty.  And, even when a separate explanation was provided, Defendants omitted the important material fact that these loans and payment schedules would, in fact, guarantee negative amortization.

86.   Defendants' statement in the Note(s): "[i]f the Minimum Payment is not sufficient to cover the amount of the interest due then negative amortization will occur" was a half-truth and did not alert or inform Plaintiff that the payment schedule

:E & FIELDS
ᴇssɪᴏɴᴀʟ Cᴏʀᴘᴏʀᴀᴛɪᴏɴ

ᴠilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

24

provided by Defendant would absolutely guarantee that negative amortization was going to occur on these loans. Rather, Defendants made it appear that as long as the payments were made according to the schedule listed in the TILDS, that there would be no negative amortization.

87.    At all times relevant, Defendants' statement in the Note, TILDS, and any other disclosures they provided, described negative amortization as only a mere possibility, and therefore was misleading and deceptive. In fact, Defendants' Option ARM loan was designed in such a way as to guarantee negative amortization. TILA demands more than a statement that the payment could be less, or "may" be less, when Defendants knew that the payments were less, and would always be less, than the full amount required to pay both principle and interest.

### D.    Defendants' Failure to Clearly and Conspicuously Disclose the Legal Obligation Violates Truth in Lending Laws

88.    As previously stated, the informed use of credit means being able to make decisions, as well as being able to plan an individual's finances. Every month consumers look at their income and budget where their funds must be paid. The biggest investment in one's life is generally that person's home. In fact, it is often referred to as "the American Dream" to own a home.

89.    Variable rate loans are based on a "margin" and an "index." The index is often the Prime Rate or the LIBOR exchange rate. The margin is the amount the lender charges over that rate or, basically, the lender's profit on the loan.

90.    TILA and Regulation Z require disclosures to be clear and conspicuous so people understand what their obligations are. In particular, when the payment is not based on that index and margin a separate disclosure is required. The disclosure must also inform that interest rate and payment may go up and clearly and conspicuously

:E & FIELDS
:ESSIONAL CORPORATION

Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

25

1  provide the circumstances under which the rate and payment will increase.  Further,
2  the disclosure must inform the borrower what the true cost of the loan is.

3      91.    The Federal Reserve Board established disclosure requirements for
4  variable rate loans.  26 C.F.R. § 226.19 requires a lender to disclose the frequency of
5  interest rate and payment adjustments to borrowers.  If interest rate changes will be
6  imposed more frequently or at different intervals than payment changes, a creditor
7  must disclose the frequency and timing of both types of changes.

8      92.    The disclosures required pursuant to 12 C.F.R. § 226.19 are extremely
9  important because Plaintiff and other consumers similarly situated need this
10  information in order to budget their money.  They need to know if their house
11  payments are going to go up so that they can plan for it.  If the change comes as a
12  surprise, they face a much greater possibility of defaulting on their loans and losing
13  their homes.

14      93.    Here, Defendants state only that the interest rate *may* increase in the future.
15  However, an interest rate increase was in fact far more certain than this disclosure led
16  Plaintiff and the Class members to believe.  If Defendants had given the Plaintiff and
17  the Class members the promised low interest rate for any initial period of time, the
18  interest rate was guaranteed to go up even without any change in the index.  Thus, the
19  increase in the interest rate on these loans was not just a possibility; it was an absolute
20  certainty and Defendants failed and omitted this material information in their
21  disclosures to Plaintiff and the Class members.

22      94.    Defendants' loan documents state that the interest rate may increase during
23  the term of this transaction if the index increases.  This, however, was not the only
24  circumstance that could cause an increase in the interest rate because the disclosed
25  interest rate was discounted.

26      95.    At all times relevant during the liability period, Defendants failed to
27  disclose, and by omission, failed to inform Plaintiff and the Class members that the

28

E & FIELDS
ESSIONAL CORPORATION

Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

1  initial interest rate was discounted, creating the possibility of an increase even when
2  the index did not rise.  Due to the initial discounted interest rate being listed at 1% to
3  3%, the interest rate would increase because the index and margin were between 5%
4  and 8% higher.  Even when Defendants did provide a disclosure that stated the initial
5  payment was not based on the index, it did so in a manner that was not clear and
6  conspicuous.  Because the loan documents failed to provide this extremely important
7  material information in a clear and conspicuous manner that did not obscure its
8  importance, Defendants' disclosure failed to meet the standards mandated under
9  TILA.

10      96.     Defendants failed to disclose to Plaintiff and the Class members that their
11  interest rate was, with 100% certainty, going to increase, regardless of whether or not
12  the index upon which their loans are based changed.  As such, Defendants violated
13  TILA and Regulation Z by providing Plaintiff and the Class members with unclear,
14  deceptive and poorly drafted or intentionally misleading disclosures.

16  **E.    Defendants' Failure to Disclose the Composite Interest Rate Violates**
17          **Truth in Lending Laws**

18      97.     Defendants provided Plaintiff and the Class members with multiple,
19  conflicting annual interest rates when describing the costs of this loan.  On the TILDS,
20  Defendants set forth one annual interest rate, while on the Note, Defendants set forth a
21  different annual interest rate.

22      98.     The FRB's Commentary to 12 C.F.R § 226.(17)(C)-6 requires that the
23  APR must "reflect a composite annual percentage rate based on the initial rate for as
24  long as it is charged and, for the remainder of the term, the rate that would have been
25  applied using the index or formula at the time of consummation."
26  //
27  //
28

:E & FIELDS
ESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

"in a variable-rate transaction with a...discounted or premium rate, *disclosures should not be based solely on the initial terms*. In those transactions, *the disclosed annual percentage rate should be a composite rate* based on the rate in effect during the initial period and the rate that is the basis of the variable-rate feature for the remainder of the term."

99.   The reason for this requirement is clear.   Consumers cannot make an informed decision when they cannot compare the cost of credit to other proposals.   It is therefore incumbent upon Defendant to show the composite interest rate in effect so that the borrowers can understand exactly what they will be paying for the loan.

100.   A lender violates TILA, and Reg. Z, by failing to list the composite annual interest rate in variable rate loans that have a discounted initial rate.   The loan sold to Plaintiff and Class members by Defendant is a variable-rate loan.   At all times relevant during the liability period, Defendant listed an annual interest rate in the Note(s) that, in truth, would only be provided for the first thirty (30) to forty-five (45) days of a thirty year loan, and would, with one hundred percent certainty, be increased after that first month.   Because Defendant failed to clearly and conspicuously disclose the composite annual percentage rate on these loans, and instead listed a different interest rate in the documents provided to consumers, Defendant violated TILA and Regulation Z, and failed to provide disclosures that did not obscure relevant information.

## F.   Defendants' Failure to Clearly and Conspicuously Disclose That the Initial Interest Rate is Discounted Violates TILA

101.   Variable rate loans are based on a "margin" and an "index."   The index is often the Prime Rate or the LIBOR exchange rate.   The margin is the amount the lender charges over and above that indexed rate.

102.   TILA and Regulation Z require that when the interest rate on a loan is a "discounted rate" ( i.e., not based on the index and margin) a separate disclosure is required.   The disclosure must also inform borrowers that, after the discounted rate

:E & FIELDS
ⱯSIONAL CORPORATION
Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

28

1  falls away, the interest rate will increase and it must conspicuously describe all of the
2  circumstances under which the interest rate will increase.  Further, the disclosure must
3  inform the borrower what the true cost of the loan is.

4      103.  The Federal Reserve Board established disclosure requirements for
5  variable rate loans.  26 C.F.R. § 226.19 requires lenders to disclose the frequency of
6  interest rate and payment adjustments to borrowers.  If interest rate changes will be
7  imposed more frequently or at different intervals than payment changes, a creditor
8  must disclose the frequency and timing of both types of changes.

9      104.  The Notes at issue only stated that the interest rate "may" increase in the
10  future.  However, it was absolutely certain, and not merely possible, that the interest
11  rate would increase above the discounted annual interest rate after thirty (30) days.  At
12  all times relevant, Defendant failed to clearly, conspicuously and unambiguously
13  disclose this critical fact as required by law.

14      105.  Further violating TILA's disclosure requirements, Defendants' loan
15  documents state that the interest rate *may* increase during the term of this transaction if
16  the index increases.  That statement is incomplete and misleading, as an increase in the
17  index was not the only thing that could cause an increase in the interest rate.  Because
18  the disclosed interest rate was discounted, it was absolutely certain to increase even
19  without any change in the index.   Thus, Defendants' disclosures were unclear,
20  inconspicuous, ambiguous and misleading in violation of TILA.

21      106.  In stark contrast to the incomplete, misleading, contradictory and false
22  statements that Defendant made to Plaintiff and the Class regarding the interest rate
23  applicable to the loans here at issue, Defendants unambiguously told their investors
24  (but not Plaintiff or the Class) that the APR listed in the Note would apply for just one
25  month, after which time it would be replaced by a monthly adjustable interest rate
26  based on the margin and index:

:E & FIELDS
ESIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

29

107.   Defendant failed to disclose, and by omission, failed to inform Plaintiff and the Class members that the initial interest rate was discounted, and that it was absolutely certain to increase even when the index did not rise.   Due to the initial discounted interest rate being listed at 1.000%, the interest rate would increase because the index and margin were several points higher.   Even when Defendant did provide a disclosure that stated the initial payment was not based on the index, they did so in a manner that was not clear and conspicuous.   Because the loan documents failed to provide this extremely important material information in a clear and conspicuous manner that did not obscure its importance, Defendants' disclosure failed to satisfy the requirements of TILA.

108.   Defendant failed to disclose to Plaintiff and the Class members that their interest rate was, with 100% certainty, going to increase, regardless of whether the index upon which their loans are based changed.   As such, Defendants violated TILA and Regulation Z by providing Plaintiff and the Class members with unclear, deceptive and poorly drafted or intentionally misleading disclosures.

109.   Defendant also failed to disclose all of the ways by which the interest rate applicable to Plaintiff's and Class members' loans could increase, in violation of TILA.

**E.**   **Defendants' Failure to Clearly and Conspicuously Disclose the Effect of the Payment Cap on the True Cost of the Loan Violates Truth in Lending Laws**

110.   The Option ARM loans at issue each contained a variable rate feature with an initial teaser rate with payment caps.   The payment cap is a limit on how much the payment may be increased annually.   Its purpose is to provide borrowers with a limit on how much their payment can increase from year to year.   The loans issued by

Defendant had a 7.50% payment cap, which means that a borrower would only see their payment rise each year by a maximum of 7.50%. (i.e. a $1,000 monthly payment in year one, could go to a $1,075 payment in year two.)

111.  The Official Staff Commentary to 12 C.F.R. § 226.17(c)(1)(10)(iii)  states that "[i]f a loan contains a rate or payment cap that would prevent the initial rate or payment, at the time of the first adjustment, from changing to the rate determined by the index or formula at consummation, the effect of that rate or payment cap should be reflected in the disclosures."  Thus, at all times relevant during the liability period, Defendants had a duty to Plaintiff and the Class members to disclose the effect the payment caps would have on the loans.

112.  At all times relevant during the liability period, Defendants failed to disclose, and by omission, failed to inform Plaintiff and the Class members that the payment cap would cause hundreds, if not thousands of dollars, each month, to be secretly added to principal.

113.  As a direct and proximate result, Defendants failed to disclose, and by omission, failed to inform Plaintiff and the Class members of the effect of the payment cap in violation of 12 C.F.R. § 226.17.

114.  WHEREFORE, Plaintiff and the Class members are entitled to an order declaring that Defendants violated TILA, 15 U.S.C. §1601, et seq., that Plaintiff and the Class have the right to rescind pursuant to 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, attorneys fees, litigation costs and expenses and costs of suit, and for an order rescinding Plaintiff's individual mortgage and those of any class member desirous of such relief, and for an order awarding other relief as the Court deems just and proper.

//

//

//

## VII.

:E & FIELDS
ESSIONAL CORPORATION

Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

**SECOND CAUSE OF ACTION**

**Violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et.***
***seq*. - "Unlawful" Business Acts or Practices Predicated on Violations of TILA**
**(Against All Defendants)**

115.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

116.   Plaintiff brings this cause of action on behalf of themselves, on behalf of the Class, and in their capacity as a private attorney general against all Defendants for their unlawful business acts and/or practices pursuant to California Business and Professions Code Sections 17200 *et seq*., which prohibits all unlawful business acts and/or practices.

117.   Plaintiff asserts these claims as they are representatives of an aggrieved group and as a private attorney general on behalf of the general public and other persons who have expended funds that the Defendants should be required to pay or reimburse under the equitable and restitutionary remedies provided by California Business and Professions Code Sections 17200 *et seq*.

118.   The unlawful acts and practices of Defendants alleged above constitute unlawful business acts and/or practices within the meaning of California Business and Professions Code Sections 17200 *et seq*.

119.   By engaging in the above described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of Business and Professions Code Sections 17200, *et seq*.

120.   Defendants' unlawful business acts and/or practice as alleged herein have violated numerous laws and/or regulations and said predicate acts are therefore *per se* violations of §17200, *et seq*.   These predicate unlawful business acts and/or practices include Defendants failure to comply with the disclosure requirements mandated by TILA, 15 U.S.C. §1601, *et seq*., Regulation Z and Official Staff Commentary issued

E & FIELDS
ESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

32

1   by the Federal Reserve Board.  And, as described in more detail above, Defendants
2   also failed in a number of ways to clearly or accurately disclose the terms of the ARM
3   loans to Plaintiff and the Class members as required under TILA.

4       121.  Defendants' misconduct as alleged herein gave Defendants an unfair
5   competitive advantage over their competitors.

6       122.  As a direct and proximate result of the aforementioned acts, Defendants
7   received monies and continues to hold the monies expended by Plaintiff and others
8   similarly situated who purchased the ARM loans as described herein.

9       123.  In addition to the relief requested in the Prayer below, Plaintiff seeks the
10  imposition of a constructive trust over, and restitution of, the monies collected and
11  realized by Defendants.

12      124.  The unlawful acts and practices, as fully described herein, present a
13  continuing threat to members of the public to be misled and/or deceived by
14  Defendants as described herein.  Plaintiff and other members of the general public
15  have no other remedy of law that will prevent Defendants' misconduct, as alleged
16  herein, from occurring and/or reoccurring in the future.

17      125.  As a direct and proximate result of Defendants' unlawful conduct alleged
18  herein, Plaintiff and Class Members have lost thousands if not millions of dollars of
19  equity in their homes.  Plaintiff and the Class members are direct victims of the
20  Defendants' unlawful conduct, as herein alleged, and each has suffered injury in fact,
21  and have lost money or property as a result of Defendants' unfair competition.

22      126.  WHEREFORE, Plaintiff and members of the Class are entitled to equitable
23  relief, including restitution, restitutionary disgorgement of all profits accruing to
24  Defendants because of its unlawful and deceptive acts and practices, attorney's fees
25  and costs, declaratory relief, and a permanent injunction enjoining Defendants from
26  their unlawful activity.

27

28

E & FIELDS
ESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

# VIII.

## THIRD CAUSE OF ACTION

**(Violation of California's Unfair Competition Law, Bus. & Prof. Code §17200 *et seq.*, "Unfair" and "Fraudulent" Business Acts or Practices,**

**(Against All Defendants)**

127.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

128.   Plaintiff brings this cause of action on behalf of themselves, on behalf of the Class, and in their capacity as private attorney generals against all Defendants for their unfair, fraudulent and/or deceptive business acts and/or practices pursuant to California Business and Professions Code Sections 17200 *et seq.*, which prohibits all unfair and/or fraudulent business acts and/or practices.

129.   Plaintiff asserts these claims as they are representative of an aggrieved group and as private attorney generals on behalf of the general public and other persons who have expended funds that the Defendants should be required to pay or reimburse under the equitable and restitutionary remedies provided by California Business and Professions Code Sections 17200 *et seq.*

130.   The instant claim is predicated on the generally applicable duty of any contracting party to not misrepresent material facts, and on the duty to refrain from unfair and deceptive business practices.   The Plaintiff and the Class members hereby seek to enforce a general proscription of unfair business practices and the requirement to refrain from deceptive conduct.   The instant claim is predicated on duties that govern anyone engaged in any business and anyone contracting with anyone else.

131.   At all times relevant during the liability period, Defendants engaged in a pattern of deceptive conduct and concealment aimed at maximizing the number of borrowers who would accept their Option ARM loan.   Defendants, and each of them, marketed and sold Plaintiff and the Class members a deceptively devised financial

:E & FIELDS
ESSIONAL CORPORATION
Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

34

product.  Defendants marketed and sold their Option ARM loan product to consumers, including Plaintiff, in a false or deceptive manner.  Defendants sold a loan which appeared to have a very low, fixed payment and interest rate for a period of three (3) to five (5) years and no negative amortization.  However, at all times relevant during the liability period, Defendants failed to disclose, and by omission, failed to inform Plaintiff and the Class members the true fact that Defendants' Option ARM loan was designed to, and did, cause negative amortization to occur.

132.  Defendants lured Plaintiff and the Class members into the Option ARM loan with promises of low payment and low interest.  Once Plaintiff and the Class members entered into these loans, Defendants switched the interest rate charged on the loans to a much higher rate than the one they advertised and promised to Plaintiff and the Class members.  After entering these loans, Class members could not escape because Defendants purposefully placed into these loans an extremely onerous prepayment penalty that made it prohibitively expensive for consumers to extricate themselves from these loans.  Thus, once on the hook, consumers could not escape from Defendants' loans.

133.  Plaintiff and Class members were consumers who applied for a mortgage loan through Defendants.  During the loan application process, in each case, Defendants uniformly promoted, advertised, and informed Plaintiff and Class members that in accepting these loan terms, Plaintiff and Class members would be able to lower their mortgage payment and save money.

134.  Defendants promoted their Option ARM loan as having a low fixed interest rate, i.e., typically between 1% and 3%.  However, Defendants did not disclose that this was just a "teaser" rate, the purpose of which was to get consumers to enter into loan agreements with Defendants. Defendants did not disclose to Plaintiff and the Class members that the "teaser" rate was not the fixed rate that Defendants

:E & FIELDS
ESSIONAL CORPORATION

Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

35

1  would actually charge Plaintiff and the Class members on their outstanding loan
2  balances after the first thirty days.

3      135. Based on the Defendants' representations and misconduct as alleged
4  herein, Plaintiff and the Class members agreed to finance their primary residence
5  through Defendants' Option ARM loan product. Plaintiff and the Class members were
6  told they were being sold a home loan with a low payment and interest rate. Plaintiff
7  and the Class members were also led to believe that if they made payments based on
8  this interest rate, and the payment schedule provided to them by Defendants, the loan
9  would be a no negative amortization home loan. After, the fixed interest period, the
10 loan documents stated that the interest rate "may" change. And, Plaintiff believed
11 they would then be able to re-finance to another home loan. Plaintiff and the Class
12 members believed these facts to be true because that is what the Defendants wanted
13 consumers to believe.

14     136. Defendants aggressively sold their product as a fixed low interest home
15 loan. Defendants knew that if marketed in such a manner, their Option ARM loan
16 product would be a hugely popular and profitable product for them. Defendants also
17 knew, however, that they were marketing their product in a false and deceptive
18 manner. While Defendants trumpeted their low payment loans with a "teaser" rate to
19 the public, Defendants knew, that this was not entirely true.

20     137. In fact, Defendants' Option ARM loan possessed a low, fixed *payment* but
21 not a low interest rate. Unbeknownst to Plaintiff and Class members, the actual
22 interest rate they were charged on their loans was not fixed. After purchasing
23 Defendants' Option ARM loan product, Plaintiff and class members never actually
24 received the benefit of the low advertised interest rate, or, in some cases, consumers
25 received the low rate for just a single month. Immediately, thereafter, Defendants in
26 every instance and for every loan increased the interest rate they charged Plaintiff and
27 the Class members. Once Plaintiff and Class members accepted Defendants' Option

28

:E & FIELDS
ESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

36

1   ARM loan, they had no viable option to extricate themselves because of these loan

2   agreements included a draconian pre-payment penalty.

3       138.   Defendants perpetrated this bait and switch scheme on Plaintiff and Class

4   members in a common and uniform manner.  Defendants' misconduct and failures to

5   disclose the truth about the actual interest rate charged on the loans and describing the

6   loans as having a low payment that corresponded to a listed "teaser" rate was, at all

7   times relevant, deceptive and unfair.  Defendants initiated this scheme in order to

8   maximize the amount of the loans issued to consumers and to maximize Defendants'

9   profits.

10       139.   The acts, misrepresentations, omissions, and practices of Defendants

11   alleged above constitute unfair, and/or fraudulent business acts and/or practices within

12   the meaning of California Business and Professions Code Sections 17200 *et seq.*

13       140.   By engaging in the above described acts and practices, Defendants have

14   committed one or more acts of unfair competition within the meaning of Business and

15   Professions Code Sections 17200, *et seq.*

16       141.   Defendants' conduct, as alleged herein, was likely to deceive members of

17   the consuming public, and at all times relevant during the liability period, Defendants'

18   failures to disclose and omission of material facts have been and continue to be unfair,

19   fraudulent, untrue and/or deceptive.

20       142.   Defendants' misconduct as alleged herein gave Defendants an unfair

21   competitive advantage over their competitors.

22       143.   As a direct and proximate result of the aforementioned acts, Defendants,

23   and each of them, received monies and continue to hold the monies expended by

24   Plaintiff and others similarly situated who purchased the Option ARM loans as

25   described herein.

26   //

27   //

28

E & FIELDS
ESSIONAL CORPORATION

Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

144.  In addition to the relief requested in the Prayer below, Plaintiff seeks the imposition of a constructive trust over, and restitution of, the monies collected and realized by Defendants.

145.  The harm to Plaintiff, members of the general public and others similarly situated outweighs the utility of Defendants' policies, acts and/or practices and, consequently Defendants' conduct herein constitutes an unlawful business act or practice within the meaning of California Business & Professions Code Sections 17200 *et seq.*

146.  The unfair, deceptive and/or fraudulent business practices of Defendants, as fully described herein, present a continuing threat to members of the public to be misled and/or deceived by Defendants' ARM loans as described herein.  Plaintiff and other members of the general public have no other remedy of law that will prevent Defendants' misconduct as alleged herein from occurring and/or reoccurring in the future.

147.  As a direct and proximate result of Defendants' unfair and/or fraudulent conduct alleged herein, Plaintiff and Class Members have lost thousands if not millions of dollars of equity in their homes.  Plaintiff and Class members are direct victims of the Defendants' unlawful conduct, and each has suffered injury in fact, and have lost money or property as a result of Defendants' unfair competition.

148.  WHEREFORE, Plaintiff and members of the Classes are entitled to equitable relief, including restitution, restitutionary disgorgement of all profits accruing to Defendants because of their unfair, fraudulent, and deceptive acts and/or practices, attorneys fees and costs, declaratory relief, and a permanent injunction enjoining Defendants from their unfair, fraudulent and deceitful activity.

//

//

//

:E & FIELDS
ESSIONAL CORPORATION
Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

38

# IX.

## FOURTH CAUSE OF ACTION

### FRAUDULENT OMISSIONS

#### (Against All Defendants)

149.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

150.   As alleged herein, pursuant to TILA, 15 U.S.C. §1601, *et seq*., Regulation Z (12 C.F.R. §226) and the Federal Reserve Board's Official Staff Commentary, Defendants had a duty to disclose to Plaintiff, and each Class member, (i) the actual interest rate being charged on the Note(s), (ii) that negative amortization would occur and that the "principal balance *will* increase"; and (iii) that the initial interest rate on the note was discounted.

151.   Defendants further had a duty to disclose to Plaintiff, and each Class member (i) the actual interest rate being charged on the Note(s), (ii) that negative amortization would occur and that the "principal balance *will* increase"; and (iii) that the initial interest rate on the note was discounted, based upon Defendants partial representations of material facts when Defendants had exclusive knowledge of material facts that negative amortization was certain to occur.

152.   The Note(s) state at ¶ 3 (A) "Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal."   The Note(s) then state, at ¶ 7(A), under the heading "BORROWERS FAILURE TO PAY AS REQUIRED," that "[t]he amount of the charge will be 5.000% of *my overdue payment of Principal and Interest*."   However, the true facts are that the payments schedules provided by Defendants were completely insufficient to pay both principal and interest. In fact, the payment amounts provided in the TILDS were not even sufficient to pay enough interest to avoid negative amortization which, under the terms of the Note(s) was absolutely certain to occur.

:E & FIELDS
ESSIONAL CORPORATION
Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

39

153.   The Note(s) further state, at ¶ 3(E) that "my Minimum Payment *could be less* than the amount of the interest portion of the monthly payment that would be sufficient to repay the unpaid principal..."   And, for "each month that my monthly payment is less than the interest portion, the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion and will add the difference to my unpaid principal."   It goes on to state that "[t]he Note Holder will also add interest on the amount of this difference to my unpaid principal."   However, the payment schedules provided by Defendants in the TILDS were absolutely incapable of covering the amount of interest due and therefore these statements were false in that it omitted this material fact.

154.   The Note(s) list an interest rate and a payment amount based on that initial interest rate.   However, the TILDS Defendants gave to Plaintiff and the Class members include the schedule of payments (including that initial payment rate) but yet disclose a different interest rate.   In truth, the payment schedule stated in the TILDS is wholly unrelated to the true interest rate being charged on the loans and, at all times relevant during the liability period, Defendants failed to disclose, and by omission, failed to inform Plaintiff and the Class members of this important material information.

155.   The aforementioned omitted information was not known to Plaintiff and the Class members and which, at all times relevant, Defendants failed to disclose and/or actively concealed by making such statements and partial, misleading representations to Plaintiff and all others similarly situated.   Because the Option ARM loans did not provide a low interest rate for the first three (3) to five (5) years of the Note, and the payment rate disclosed by Defendants was insufficient to pay both principle and interest, negative amortization occurred.

156.   Defendants, and each of them, failed to disclose, and by omission failed to inform Plaintiff and each Class member that (i) the payment rate provided to Plaintiff

E & FIELDS
ESSIONAL CORPORATION

Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

1    and the Class members on the TILDS was insufficient to pay both principle and

2    interest; (ii) that negative amortization was absolutely certain to occur if Plaintiff and

3    the Class members made payments according to the payment schedule provided by

4    Defendants; and (iii) that loss of equity and/or loss of Plaintiff's and the Class

5    members' residence was substantially certain to occur if Plaintiff and the Class

6    members made payments according to the payment schedule provided by Defendants.

7        157.    As alleged herein, Defendants had a duty to disclose to Plaintiff, and each

8    Class member and at all times relevant, failed to disclose and/or concealed material

9    facts by making partial representations of some material facts when Defendants had

10   exclusive knowledge of material facts, including but not limited to, (i) the disclosed

11   interest was not the actual interest rate charged on the Note(s), (ii) that negative

12   amortization was certain to occur, and (iii) that the initial rate was discounted.  The

13   concealed and omitted information was not known to Plaintiff and the Class members

14   and which, at all times relevant, Defendants failed to disclose and/or actively

15   concealed by making such statements and partial, misleading representations to

16   Plaintiff and all others similarly situated.  Because the Option ARM loans did not

17   provide a low interest rate for the first three (3) to five (5) years of the Note, and the

18   payment rate disclosed by Defendants was insufficient to pay both principle and

19   interest, negative amortization occurred.

20       157.    As alleged herein, Defendants had a duty to disclose to Plaintiff, and each

21   Class member and at all times relevant, failed to disclose and/or concealed material

22   facts by making partial representations of some material facts when Defendants had

23   exclusive knowledge of material facts, including but not limited to, (i) the disclosed

24   interest was not the actual interest rate charged on the Note(s), (ii) that negative

25   amortization was certain to occur, and (iii) that the initial rate was discounted.  The

26   concealed and omitted information was not known to Plaintiff and the Class members

27

28

:E & FIELDS
ESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

41

1    and which, at all times relevant, Defendants failed to disclose and/or actively
2    concealed by making such statements and partial, misleading representations to
3    Plaintiff and all others similarly situated. Because the Option ARM loans did not
4    provide a low interest rate for the first three (3) to five (5) years of the Note, and the
5    payment rate disclosed by Defendants was insufficient to pay both principle and
6    interest, negative amortization occurred.

7        158. From the inception of the Option ARM loan scheme, until the present,
8    Defendants have engaged in a purposeful and fraudulent scheme to omit material facts
9    known solely to them, and not reasonably discoverable by Plaintiff and the Class
10    members, regarding the true facts concerning the actual interest rate charged on the
11    loans, that negative amortization that was certain to occur, and that the initial interest
12    rate, in fact, was discounted, all of which Defendants were duty bound to clearly and
13    conspicuously disclose to Plaintiff and the Class members in the TILDS.

14        159. Defendants have known from the inception of their Option ARM loan
15    scheme that these loans, (i) do not provide the promised annual interest rate for the first
16    three (3) to five (5) years of the Note, (ii) that negative amortization would occur and
17    that Plaintiff's and the Class members' principle balances would increase, and (iii) that
18    the initial interest rate was discounted and did not accurately reflect the interest that
19    consumers were being charged on the loans.
20
21        160. Defendants purposefully and intentionally devised this Option ARM loan
22    scheme to defraud and/or mislead consumers into believing that these loans would
23    provide a low-interest rate loan, for the first three (3) to five (5) years of the note and
24    that if they made their payments according to the payment schedule provided by
25    Defendants that it would be sufficient to pay both principle and interest.

26
27
28

E & FIELDS
ESSIONAL CORPORATION

Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

42

161.   The omitted information, as alleged herein, was material to Plaintiff and each Class member in that had the information be disclosed, Plaintiff and each Class member would not have entered into the loans.

162.   As a direct and proximate result of Defendants' failures to disclose and omission of material facts, as alleged herein, Plaintiff and each Class member has suffered damages, which include, but are not limited to the loss of equity Plaintiff and each Class member had in their homes prior to entering these loans.

163.   The wrongful conduct of Defendants, as alleged herein, was willful, oppressive, immoral, unethical, unscrupulous, substantially injurious, malicious and in conscious disregard for the well being of Plaintiff, and others similarly situated. Accordingly, Plaintiff, and the others similarly situated seek punitive damages against Defendants in an amount to deter Defendants from similar conduct in the future.

164.   WHEREFORE, Plaintiff and members of the Class are entitled to all legal and equitable remedies provided by law, including but not limited to actual damages, exemplary damages, prejudgment interest and costs.

## X.

## FIFTH CAUSE OF ACTION

### Breach of Contract

### (Against All Defendants)

165.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

166.   Plaintiff and Class members entered into a written home loan agreement – the contract or Note – with Defendants.   The Note was drafted by Defendants and could not be modified by Plaintiff or Class members.   The Note describes terms and respective obligations applicable to the parties herein.

:E & FIELDS
ESSIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

43

167.   The Note describes Plaintiff's and Class members' interest rate on the loan as a low interest rate, typically between 1% and 3%.  In addition, as required by federal law, the Defendants provided a Truth In Lending Disclosure concerning the home loan agreement that shows a payment schedule based on that low 1% to 3% interest rate. For the first three (3) to five (5) years the payment schedule shows that Plaintiff's and Class members' monthly payment obligations to Defendants are the exact payments necessary to pay off all principal and interest during the terms of the loans if, indeed, the interest rate actually charged by Defendants on the loans was the low interest rate promised.

168.   Defendants drafted the Note and did not allow Plaintiff or the Class members any opportunity to make changes to the Note and due to Defendants' superior bargaining position, the Note was offered on a take it or leave it basis.  As such, the Notes at issue are contracts of adhesion.

169.   Defendants expressly and/or through their conduct and actions agreed that Plaintiff's and the Class members' monthly payment obligations would be sufficient to pay both the principal and interest owed on the loans.   Defendants breached this agreement and never applied any of Plaintiff's and the Class members' payments to principal.

170.   The written payment schedules prepared by Defendants, and applicable to Plaintiff's and Class members' loans, show that the payment amounts owed by Plaintiff and Class members to Defendants in year one are exactly equal to the amount required to pay off the loan if, indeed, the interest actually charged on the loan was the low interest rate promised.  If the Defendants did as promised, the payments would have been sufficient to pay both principal and interest amounts.

171.   Instead, Defendants immediately raised Plaintiff's and Class members' interest rates and applied *no part* of Plaintiff's and Class members' payments were

:E & FIELDS
ESSIONAL CORPORATION
Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

1  applied to the principal balances on their loans.  In fact, because Defendants charged
2  more interest than was agreed to and payments, as disclosed by Defendants, were, at all
3  times relevant, insufficient to cover the interest charge and thus principal balances
4  increased (which is the negative amortization built into the loan).

5       171.  Defendants breached the written contractual agreement by failing to apply
6  any portion of Plaintiff's and the Class members' monthly payments towards their
7  principal loan balances.

8       173.  Plaintiff and the Class members, on the other hand, did all of those things
9  the contract required of them.   Plaintiff and the Class members made monthly
10 payments in the amount required by the terms of the Note and reflected in the payment
11 schedule prepared by Defendants.

12      174.  As a result of Defendants' breach of the agreement, Plaintiff and the Class
13 members have suffered harm.  Plaintiff and Class members have incurred additional
14 charges to their principal loan balance.  Plaintiff and Class members have incurred and
15 will continue to incur additional interest charges on the principal loan balance and
16 surplus interest added to Plaintiff's and Class members' principal loan balance.
17 Furthermore, Defendants' breach has placed Plaintiff and Class members in danger of
18 losing their homes through foreclosure, as Defendants have caused Plaintiff's and
19 Class members' principal loan balances to increase and limited these consumers'
20 ability to make their future house payments or obtain alternative home loan financing.

21      175.  At all times relevant, there existed a gross inequality of bargaining power
22 between the parties to the ARM loan contracts.  At all times relevant, Defendants
23 unreasonably and unconscionably exploited their superior bargaining position and
24 foisted upon Plaintiff and the Class members extremely harsh, one-sided provisions in
25 the contract, which Plaintiff and Class members were not made aware of and did not
26 comprehend (*e.g.*, Defendants' fraud and failures to clearly and conspicuously disclose

28

:E & FIELDS
RESSIONAL CORPORATION

Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

45

as alleged herein), and which attempt to severely limit Defendants' obligations under the contracts at the expense of Plaintiff and Class members, as alleged herein.  As a result of these extremely harsh, one-sided provisions, including but not limited to the provisions which seek to limit the "teaser" interest rate for one month or less, these provisions are unconscionable and therefore unenforceable.

176.   WHEREFORE, Plaintiff and members of the Classes are entitled to declaratory relief, compensatory damages proximately caused by Defendants' breach of contract as alleged herein, pre-judgment interest, costs of suit and other relief as the Court deems just and proper.

# XI.
## SIXTH CAUSE OF ACTION
### TORTIOUS Breach of Implied Covenant of Good Faith and Fair Dealing
### (Against All Defendants)

177.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

178.   Defendants entered into written agreements with Plaintiff and Class members based on representations Defendants made directly and indirectly to Plaintiff and the Class members about the terms of their loans.

179.   Defendants expressly and impliedly represented to Plaintiff and the Class members that they would provide loans secured by Plaintiff's and Class members' homes, and that the loans would have a fixed interest rate at promised low interest rate for a period of three (3) to five (5) years.

180.   Defendants also represented that if Plaintiff and the Class members made the monthly payments in the amount prescribed by Defendants that no negative amortization would occur.  The Note expressly states and/or implies that Plaintiff's and Class members' monthly payment obligation **will** be applied to pay both principal

:E & FIELDS
REGIONAL CORPORATION

Vilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

1  and interest owed on the loan.  The Note further states that for each monthly payment

2  Plaintiff and the Class members interest shall be paid before principal.

3      181.   The written payment schedules prepared by Defendants, and applicable to

4  Plaintiff's and Class members' loans, show that the payment amounts owed by

5  Plaintiff and Class members to Defendants in year one are exactly equal to the amount

6  required to pay off the loan if, indeed, the interest actually charged on the loan was the

7  low interest rate promised.  If the Defendants acted as it promised, the payments

8  would have been sufficient to pay both principal and interest.

9      182.   Instead, Defendants immediately raised Plaintiff's and Class members'

10  interest rate and applied *no part* of Plaintiff's and Class members' payment to

11  principal.  In fact, because Defendants charged more interest than was disclosed and

12  agreed to in the loan contracts, Plaintiff's and the Class members' payments were

13  insufficient to cover the interest that Defendants charged resulting in an increase in the

14  amount of principal Plaintiff and the Class members owed on their homes.

15      183.   Defendants unfairly interfered with Plaintiff's and Class members' rights

16  to receive the benefits of the contract.  These loans will cost Plaintiff and Class

17  members thousands of dollars more than represented by Defendants.  Plaintiff and

18  Class members did not receive the fixed low interest rate home loan promised them by

19  Defendants.  Defendants have caused Plaintiff and Class members to lose equity in

20  their homes and therefore have denied Plaintiff and Class members the enjoyment and

21  security of one of their most important investments.

22      184.   Plaintiff and Class members, on the other hand, did all of those things the

23  contract required of them.  Plaintiff and Class members made monthly payments in the

24  amount required by the terms of the Note and reflected in the payment schedule

25  prepared by Defendants.

26      185.   At all times relevant, Defendants unreasonably denied Plaintiff and

27  members of the Class the benefits promised to them under the terms of the Note,

28

:E & FIELDS
ESSIONAL CORPORATION

Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

47

including but not limited to a low interest rate for the first three (3) to five (5) years of the loan, and clear and conspicuous disclosure of a payment amount sufficient to pay both principle and interest so as to avoid negative amortization and the other failures to comply with the disclosure requirements mandated by TILA, 15 U.S.C. §1601, et seq., Regulation Z and Official Staff Commentary issued by the Federal Reserve Board as alleged herein

186.   Knowing the truth and motivated by profit and market share, Defendants have knowingly and willfully breached the implied covenant of good faith and fair dealing by engaging in the acts and/or omissions to mislead and/or deceive Plaintiff and others similarly situated as alleged herein.

187.   Defendants breaches, as alleged herein were committed with willful and wanton disregard for whether or not Plaintiff or others similarly situated would actually receive a home loan that would provide the promised low interest and payment rate for the first three (3) to five (5) years of the loan sufficient to pay both principal and interest.

188.   Upon information and belief and at all times relevant during the liability period, Defendants possessed full knowledge and information concerning the above facts about the Option ARM loans, and otherwise marketed and sold these loans throughout the United States, including the State of California.

189.   Defendants' placing of their corporate and/or individual profits over the rights of others is particularly vile, base, contemptible, and wretched and said acts and/or omissions were performed on the part of officers, directors, and/or managing agents of each corporate Defendant and/or taken with the advance knowledge of the officers, directors, and/or managing agents who authorized and/or ratified said acts and/or omissions.   Defendants thereby acted with malice and complete indifference to and/or in conscious disregard for the rights and safety of others, including Plaintiff and the General Public.

:E & FIELDS
ssIONAL CORPORATION

Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

190.   At all times relevant during the liability period, Defendants' conduct, as alleged herein, was malicious, oppressive, and/or fraudulent.

191.   As a direct and proximate result of Defendants' misconduct, as alleged herein, Plaintiff and the Class members have suffered harm.  Plaintiff and the Class members have incurred additional charges to their principal loan balances.  Plaintiff and the Class members have incurred and will continue to incur additional interest charges on their principal loan balances which Defendants have secretly added to their principal loan balances.  Furthermore, Defendants' breach has caused and/or otherwise placed Plaintiff and the Class members in danger of losing their homes through foreclosure and, as a direct and proximate result of said misconduct, caused Plaintiff and the Class members' principal loan balances to increase limiting these consumers' ability to make their future house payments or obtain alternative home loan financing.

192.   WHEREFORE, Plaintiff and members of the Class are entitled to declaratory relief, all damages proximately caused by Defendants' breach of the implied covenant of good faith and fair dealing as alleged herein, punitive damages, pre-judgment interest, costs of suit and other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all Class members pray for judgment against each Defendant, jointly and severally, as follows:

A.   An order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class;

B.   For actual damages according to proof;

C.   For compensatory damages as permitted by law;

D.   For consequential damages as permitted by law;

E.   For statutory damages as permitted by law;

F.   For punitive damages as permitted by law;

E & FIELDS
ESSIONAL CORPORATION

Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

49

1    G.    For rescission;

2    H.    For equitable relief, including restitution;

3    I.    For restitutionary disgorgement of all profits Defendants obtained as a

4          result of their unfair competition;

5    J.    For interest as permitted by law;

6    K.    For Declaratory Relief;

7    L.    For a mandatory injunction requiring Defendants to permanently include

8          in every Option ARM loan and disclosure statement: (i) clear and

9          conspicuous disclosure of the actual interest rate on the Note(s) and

10         disclosure statement(s) as required under 12 C.F.R. § 226.17 by; (ii) clear

11         and conspicuous disclosure in the Note(s) and the disclosure statement(s)

12         that payments on the variable interest rate loan during the initial period

13         at the teaser rate will result in negative amortization and that the principal

14         balance will increase as required under 12 C.F.R. § 226.19; and (iii) clear

15         and conspicuous disclosure that the initial interest rate provided is

16         discounted and does not reflect the actual interest that Plaintiff and Class

17         members would be paying on the Note(s).

18   M.    For reasonable attorneys' fees and costs; and

19   N.    For such other relief as is just and proper.

21                          **DEMAND FOR JURY TRIAL**

22   Plaintiff hereby demands a trial by jury to the full extent permitted by law.

23   DATED:    September 8, 2008          LEE & FIELDS
24                                        A Professional Corporation

25

26                                        By

27                                        Christopher P. Fields, Esq.

28

E & FIELDS
ESSIONAL CORPORATION

Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

3701 Wilshire Blvd., Ste. 510
Los Angeles, CA 90010
Phone: (213) 380-5858
Fax:  (213) 380-5860

Paul R. Kiesel, Esq.
Patrick Deblase, Esq.
Michael C. Eyerly, Esq.
KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, California 90210
Phone:  (310) 854-4444
Fax:  (310) 854-0812

Jeffrey K. Berns, Esq.
LAW OFFICES OF JEFFREY K. BERNS
19510 Ventura Blvd, Suite 200
Tarzana, California 91356
Phone: (818) 961-2000
Fax:  (818) 867-4820

Attorneys for Plaintiff and all
others Similarly Situated

E & FIELDS
ESSIONAL CORPORATION

Wilshire Blvd., Ste. 510
Angeles, CA 90010
(213) 380-5858

FIRST-AMENDED CLASS ACTION COMPLAINT

51

# Exhibit 1

# ADJUSTABLE RATE NOTE
### (12 MAT Payment and Rate Caps)

MIN: 1004246-0611010100-3
Loan # 0611010100

THIS NOTE CONTAINS PROVISIONS THAT WILL CHANGE THE INTEREST RATE AND THE MONTHLY PAYMENT. THERE MAY BE A LIMIT ON THE AMOUNT THAT THE MONTHLY PAYMENT CAN INCREASE OR DECREASE. THE PRINCIPAL AMOUNT TO REPAY COULD BE GREATER THAN THE AMOUNT ORIGINALLY BORROWED, BUT NOT MORE THAN THE LIMIT STATED IN THIS NOTE.

NOVEMBER 15, 2006                    ORANGE                    , CALIFORNIA
      [Date]                          [City]                        [State]

     8201 CAMINO COLEGIO UNIT 75, ROHNERT PARK, CALIFORNIA 94928
                              [Property Address]

## 1.  BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $ 210,000.00          (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is  U.S FINANCIAL FUNDING INC., A CALIFORNIA CORPORATION

I will make all payments under this Note in the form of cash, check or money order. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.  INTEREST
### (A) Interest Rate
Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of          2.400 %. This is my initial interest rate. The interest rate I will pay may change.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### (B) Interest Rate Change Dates
The interest rate I will pay may change on the first day of          JANUARY , 2007      , and on that day every month thereafter. Each date on which my interest rate could change is called an "Interest Rate Change Date." The new rate of interest will become effective on each Interest Rate Change Date.

### (C) Interest Rate Limit
My interest rate will never be greater than          9.950 %.

### (D) Index
Beginning with the first Interest Rate Change Date, my interest rate will be based on an Index. The "Index" is the Twelve-Month Average, determined as set forth below, of the monthly yields on actively traded United States Treasury Securities adjusted to a constant maturity of one year as published by the Federal Reserve Board in the Federal Reserve Statistical Release entitled "Selected Interest Rate (H.15)" ("the Monthly Yields"). The Twelve-Month Average is determined by adding together the Monthly Yields for the most recently available twelve months and dividing by 12. The most recent Index figure available as of 15 days before each Interest Rate Change Date is called the "Current Index".

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

### (E) Calculation of Interest Rate Changes
Before each Interest Rate Change Date, the Note Holder will calculate my new interest rate by adding THREE AND 550/1000          percentage point(s) (          3.550 %) to the Current Index. Subject to the limit stated in Section 2(C) above, the result of this addition will be my new interest rate until the next Interest Rate Change Date.

3.   PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on   JANUARY 1 2007   . I will make these payments every month until I have paid all the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before principal. If, on   DECEMBER 1, 2046   , I still owe amounts under this Note, I will pay these amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at   2100 W. ORANGEWOOD AVE., SUITE 200, ORANGE, CALIFORNIA 92868   or at a different place required by the Note Holder.

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ 681.00   . This amount may change. My initial monthly payment may be an amount that is less than the amount that would be required to repay my unpaid principal on the Maturity Date in full in substantially equal installments.

(C) Payment Change Dates

My monthly payment may change as required by Section 3(D) below beginning on the   1st   day of JANUARY   , 2012   , and on that day every 12th month thereafter. Each of these dates is called a "Payment Change Date." My monthly payment also will change at any time Section 3(F) or 3(G) below requires me to pay a different monthly payment.

I will pay the amount of my new monthly payment each month beginning on each Payment Change Date or as provided in Section 3(F) or 3(G) below.

(D) Calculation of Monthly Payment Changes

Before each Payment Change Date, the Note Holder will calculate the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Payment Change Date in full on the Maturity Date in substantially equal installments at the interest rate effective during the month preceding the Payment Change Date. The result of this calculation is called the "Full Payment." My new monthly payment will be in the amount of the Full Payment unless the Full Payment is more than 7.5% greater or less than the amount of my last monthly payment due before the Payment Change Date, in which case my new monthly payment will be limited to an amount that will not be more than 7.5% greater or less than the amount of my last monthly payment due before the Payment Change Date, but this limitation will not apply under the circumstances described in Section 3(F) or 3(G).

(E) Additions to My Unpaid Principal

My monthly payment could be less than the amount of the interest portion of the monthly payment that would be sufficient to repay the unpaid principal I owe at the monthly payment date in full on the Maturity Date in substantially equal payments. If so, each month that my monthly payment is less than the interest portion, the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion and will add the difference to my unpaid principal. The Note Holder also will add interest on the amount of this difference to my unpaid principal each month. The interest rate on the interest added to principal will be the rate required by Section 2 above.

(F) Limit on My Unpaid Principal; Increased Monthly Payment

My unpaid principal can never exceed a maximum amount equal to one hundred   ONE HUNDRED FIFTEEN AND 000/1000 percent (   115.000   %) of the principal amount I originally borrowed. Because of my paying only limited monthly payments, the addition of unpaid interest to my unpaid principal under Section 3(E) above could cause my unpaid principal to exceed that maximum amount when interest rates increase. In that event, on the date that my paying my monthly payment would cause me to exceed that limit, I will instead pay a new monthly payment. The new monthly payment will be in an amount that would be sufficient to repay my then unpaid principal in full on the Maturity Date in substantially equal installments at the interest rate effective during the preceding month.

(G) Required Full Payment

On the 1st Payment Change Date and on each succeeding 5th Payment Change Date thereafter, I will begin paying the Full Payment as my monthly payment until my monthly payment changes again. I also will begin paying the Full Payment as my monthly payment on the final Payment Change Date.

4.   NOTICE OF CHANGES

The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5.   BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due.  A payment of principal only is known as a "prepayment."   When I make a prepayment, I will tell the Note Holder in writing that I am doing so.  I may not designate a payment as a prepayment if I have not made all the monthly payments due under this Note.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use my prepayments to reduce the amount of principal that I owe under this Note. However, the Note Holder may apply my prepayment to the accrued and unpaid interest on the prepayment before applying my prepayment to reduce the principal amount of this Note. If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to these changes.  My partial prepayment may reduce the amount of my monthly payments after the first Payment Change Date following my partial prepayment.  However, any reduction due to my partial prepayment may be offset by an interest rate increase.

**6.   LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me that exceeded permitted limits will be refunded to me.  The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me.  If a refund reduces principal, the reduction will be treated as a partial prepayment.

**7.   BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of my monthly payment by the end of          15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be          5.000   % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal that has not been paid and all the interest that I owe on that amount.  That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law.  These expenses include, for example, reasonable attorneys' fees.

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given notice of that different address.

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all the promises made in this Note, including the promise to pay the full amount owed.  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.  The Note Holder may enforce its rights under this Note against each person individually or against all of us together.  This means that any one of us may be required to pay all the amounts owed under this Note.

Form 3005
10/06

## 10.  WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due.  "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11.  UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.  Some of these conditions are described as follows:

> Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if exercise is prohibited by federal law.  Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

> To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption.  Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument.  Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

> If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)        _____ (Seal)
DIAN  C  LYMBURNER                 -Borrower                                          -Borrower

_____ (Seal)        _____ (Seal)
                                   -Borrower                                          -Borrower

*[Sign Original Only]*

Form 3005
10/06

FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Date: NOVEMBER 15, 2006

n Number: 0611010100
ditor: U.S FINANCIAL FUNDING INC.
dress: 2100 W. ORANGEWOOD AVE., SUITE 200, ORANGE, CALIFORNIA 92868

rrower(s): DIAN C LYMBURNER

dress: 8201 CAMINO COLEGIO UNIT 75, ROHNERT PARK, CALIFORNIA 94928

es containing an "x" are applicable:

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | ☐ Total Sale Price This total cost of your purchase on credit, including your down payment of $ |
|---|---|---|---|---|
| 8.578 % | $602,041.00 | $204,026.00 | $806,067.00 | $ |

PAYMENTS: Your payment schedule will be:

| Number of Payments | Amount of Payment ** | When Payments Are Due Monthly Beginning | Number of Payments | Amount of Payment ** | When Payments Are Due Monthly Beginning | Number of Payments | Amount of Payment ** | When Payments Are Due Monthly Beginning |
|---|---|---|---|---|---|---|---|---|
| 36 | 681.00 | 01/01/07 | | | | | | |
| 44 | 1,760.25 | 01/01/10 | | | | | | |

____ DEMAND FEATURE: This obligation has a demand feature.

X VARIABLE RATE FEATURE: Your loan contains a variable rate feature. Disclosures about the variable rate feature have been provided to you earlier.

INSURANCE: The following insurance is required to obtain credit:
         ____ Credit life insurance and credit disability   X   Property Insurance   ____ Flood Insurance   ____ Mortgage Insurance
         You may obtain property insurance from any insurer that is acceptable to the Lender.
SECURITY: You are giving a security interest in 8201 CAMINO COLEGIO UNIT 75, ROHNERT PARK, CALIFORNIA 94928
         ____ The goods or property being purchased   X   Real property you already own.
FILING FEES: $
LATE CHARGE: If payment is more than _____ 15 _____ days late, you will be charged _____ 5.000 _% of the payment.
PREPAYMENT: If you pay off early, you
X may _____ will not   have to pay a penalty.
____ may   X   will not   be entitled to a refund of part of the finance charge.
ASSUMPTION: Someone buying your property
____ may   X   may, subject to conditions   ____ may not   assume the remainder of your loan on the original terms.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.
X "e" means an estimate _____ all dates and numerical disclosures except the late payment disclosures are estimates.
         Each of the undersigned acknowledge receipt of a complete copy of this disclosure. The disclosure does not constitute a contract or a commitment to lend.

| Applicant DIAN C LYMBURNER | Date | Applicant | Date |
|---|---|---|---|
| Applicant | Date | Applicant | Date |
| Applicant | Date | Applicant | Date |

NOTE: Payments shown above do not include reserve deposits for taxes, assessments, and property or flood insurance.

DocMagic eReserve 800-649-1362
www.docmagic.com